IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:19-cv-249-FL

|  |  |  |
|---|---|---|
| MATTHEW BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| v. | ) | **AND COUNTERCLAIMS** |
| | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Defendant Analytical Grammar, Inc. ("Analytical") hereby answers and states affirmative defenses to the Complaint, ECF No. 1, brought by Plaintiff Matthew Bradley ("Bradley" or "Plaintiff"), and asserts its counterclaims against Bradley.

Analytical denies each allegation in the Complaint not expressly admitted herein, and otherwise responds to each numbered Paragraph of the Complaint as follows.

## NATURE OF THE ACTION

1. Analytical admits that Bradley purports to assert claims under the Copyright Act and Digital Millennium Copyright Act and requests monetary relief. Analytical denies that he is entitled to any relief thereunder. Analytical lacks enough information to admit or deny the remaining allegations of Paragraph 1 and therefore denies the allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 contains a legal conclusion for which no response is required. Analytical admits that Bradley purports to state a claim under the Copyright Act, and that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331
PPAB 5117769v3

1

Case 5:19-cv-00249-FL   Document 12   Filed 09/13/19   Page 1 of 19

and 1338. Except as expressly admitted herein, Analytical denies the allegations in Paragraph 2.

3. Paragraph 3 contains a legal conclusion for which no response is required. Analytical admits that it is a corporation organized and existing under the laws of North Carolina and transacts business in North Carolina, and states that it does not object to the Court's exercise of personal jurisdiction over Analytical in this action. Except as expressly admitted herein, Analytical denies the allegations in Paragraph 3.

4. Paragraph 4 contains a legal conclusion for which no response is required. Analytical denies its allegations, asserts that venue is proper under 28 U.S.C. § 1400, and states that it does not object to adjudication of this matter in this district.

## PARTIES

5. Analytical lacks enough information to admit or deny the allegations of Paragraph 5 and therefore denies the allegations.

6. Analytical admits that it is a corporation organized and existing under the laws of the State of North Carolina and authorized to conduct business in the State; that it maintains a place of business at 7615 Vista Del Rey Lane, Raleigh, NC 27613; and that it operates and manages a Facebook page at https://www.facebook.com/analyticalgrammar/. Except as expressly admitted herein, Analytical denies the allegations in Paragraph 6.

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**[1]

7. Analytical lacks enough information to admit or deny the allegations of Paragraph 7 and therefore denies the allegations.

8. Analytical lacks enough information to admit or deny the allegations of Paragraph 8 and therefore denies the allegations.

9. Analytical lacks enough information to admit or deny the allegations of Paragraph 9 and therefore denies the allegations.

B. **Defendant's Infringing Activities**

10. Analytical admits that it posted a photograph on its Facebook page at https://www.facebook.com/analyticalgrammar/posts/10154982827941891/. Except as expressly admitted herein, Analytical denies the allegations in Paragraph 10.

11. Analytical states that its website is https://www.analyticalgrammar.com. To the extent that the allegations in Paragraph 11 refer to its website, Analytical admits that it did not license the photograph from Bradley for its website, states that it did not publish the photograph on its website, and denies the remaining allegations. Analytical denies the allegations in Paragraph 11 to the extent that they refer to Analytical's Facebook page at https://www.facebook.com/analyticalgrammar/. Except as expressly admitted herein, Analytical denies the allegations in Paragraph 11.

---

[1] For ease of reference, Analytical adopts in this Answer certain headings and certain of the capitalized terms used by Plaintiff in his Complaint. The use of these headings and terms is not an admission of any of the allegations or characterizations in the Complaint, all of which are denied except as expressly admitted herein.

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

12. Analytical incorporates its responses to Paragraphs 1-11 as if fully set forth herein.

13. Analytical denies the allegations in Paragraph 13.

14. Analytical denies the allegations in Paragraph 14.

15. Analytical denies the allegations in Paragraph 15.

16. Analytical denies the allegations in Paragraph 16.

## SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
### (17 U.S.C. § 1202)

17. Analytical incorporates its responses to Paragraphs 1-16 as if fully set forth herein.

18. Analytical denies the allegations in Paragraph 18.

19. Analytical denies the allegations in Paragraph 19.

20. Analytical denies the allegations in Paragraph 20.

21. Analytical denies the allegations in Paragraph 21.

22. Analytical denies the allegations in Paragraph 22.

23. Analytical denies the allegations in Paragraph 23.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without altering the burden of proof, Analytical asserts the defenses set forth below based upon its investigation of Bradley's allegations, which is ongoing and will remain so pending discovery in this matter. Analytical therefore reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense
PPAB 5117769v3

at law or equity that may now exist or in the future be available based on discovery and further investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

1. For the reasons set forth in the second through twelfth affirmative defenses and counterclaims, all of which are fully incorporated herein by reference, Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (License)

2. Any use by Analytical of any copyrightable material owned by Plaintiff was licensed. Bradley posted a photograph to Facebook on December 8, 2017 using the "Public" setting. Under Facebook's Terms of Service effective at that time, he thereby granted an unconditional public license to access and use the photograph. Analytical reposted the photograph on Facebook on December 16, 2017 subject to that license.

### THIRD AFFIRMATIVE DEFENSE
### (Acquiescence)

3. Plaintiff acquiesced in Analytical's use. Bradley posted a photograph to Facebook on December 8, 2017 using the "Public" setting, allowing and intending it to be copied and shared by others. He manifested his approval of other Facebook users circulating the photograph on December 14, 2017 when he edited the text of the post to add, in pertinent part, "Wow! I am stunned! Over 10K shares. Time for a shameless plug for my blog…" Bradley manifested his intent that Facebook users continue to share and repost the photograph later that day when he again edited the text to apologize for the earlier edit, stating in pertinent part: "I added the stuff below after I went over 10K shares. Didn't realize it would change what people shared on their pages. I apologize to those

who didn't like that." Analytical reasonably relied on the publicly posted and widely circulated photograph, which bore no indication of a claim to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE
### (Standing)

4. Bradley lacks standing to bring this action and/or his claims are barred in whole or in part due to the absence of a proper copyright registration covering the allegedly infringed work, or because it is a derivative work based on an earlier work.

## FIFTH AFFIRMATIVE DEFENSE
### (Justification)

5. Analytical's actions were justified and/or taken in good faith and were not willful, intentional, or purposeful.

## SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

6. Any use by Analytical of any copyrightable material owned by Plaintiff was a fair use. Analytical used the photograph in the same manner and for the same purpose that Bradley used it and intended it to be used: as a viral meme on Facebook, which is freely distributed by its nature. Upon information and belief, Bradley has not marketed or sought to market the photograph and Analytical's distribution had no negative effect on any actual or potential market for it, and can only have added to its cultural value.

## SEVENTH AFFIRMATIVE DEFENSE
### (De Minimis Use)

7. Any use by Analytical of any copyrightable material owned by Plaintiff was *de minimis*.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. Bradley alleges that he has a copyright in a photograph that, upon information and belief, is an unlicensed derivative work based on an earlier photograph by a third party. Bradley may not enforce the copyright in an infringing work.

## NINTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

9. Bradley engaged in abusive and improper conduct in enforcing his copyright and he is estopped from any relief by the doctrine of copyright misuse. After authorizing viral distribution of an online meme he posted to Facebook, he obtained a copyright registration for the meme and sued Analytical, one of thousands of viral distributors of the unmarketed photograph.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Copyright Management Information)

10. Upon information and belief, Bradley posted a photograph to Facebook on December 8, 2017, and edited the text of the post twice on December 14, 2017, without any copyright management information identifying him as the photographer. No copyright management information was conveyed in connection with the photograph when Analytical first saw it. Analytical reposted the photograph on Facebook on December 16, 2017. Analytical did not remove or alter, or know of the removal or alteration of, any copyright management information. Upon information and belief, Bradley did not include copyright management information with his December 8, 2017 Facebook post until the following year. On December 14, 2018, Bradley removed the unattributed photograph from his Facebook post, replaced it with a copy with new text overlaid (including "copyright 2018 Matthew J Bradley"), and again edited the post's text

to add:

> Please note that this picture is copyrighted. I appreciate all of you who shared it (very unexpectedly). Some people, however, are passing it off as their own work. I took the picture with my phone. This is the original photo (meme added). If you see anyone violating this copyright, please let me know. Thanks.

Analytical never passed the photograph off as its own work. It had no knowledge of Bradley or his relationship to the photograph until it received service of process.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Not Available)

11. Punitive damages are not available for claims of copyright infringement brought under the Copyright Act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

12. Bradley failed to mitigate any damages. He made the photograph available on Facebook unconditionally without attempting to limit distribution for more than a year, and never requested that Analytical take the photograph down off its Facebook page.

WHEREFORE, Defendant Analytical Grammar, Inc. respectfully requests that the Court enter judgment against Plaintiff Matthew Bradley:

1. Denying all relief prayed for in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice;

3. Awarding Defendant its full costs, including all reasonable attorney's fees, pursuant to 17 U.S.C. §§ 505, 1203(b)(4), and 1203(b)(5); and

4. Awarding Defendant such further relief as the Court deems just and proper.

# COUNTERCLAIMS

Counterclaimant Analytical Grammar, Inc. ("Analytical") hereby alleges against Counterdefendant Matthew Bradley ("Bradley") as follows.

## NATURE OF THE ACTION

1. These counterclaims are for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

2. Bradley posted a photograph on his Facebook page on December 8, 2017. It is a visual pun on the phrase "wrong on so many levels." The photograph became a viral meme, rapidly distributed online by thousands of third parties on and off Facebook. For more than a year, Bradley allowed, encouraged, and celebrated the free distribution of the meme photograph, without reservation and without attribution. Analytical was not aware of Bradley when it posted the unattributed meme photograph on its Facebook page on December 16, 2017. Bradley initiated a lawsuit against Analytical in this Court on June 18, 2019.

3. Bradley's lawsuit is wrong on so many levels. He levels claims against Analytical for sharing his joke. He does his level best to take Analytical down a level. But his claims are not on the level. Analytical raises these counterclaims to level the field.

4. Analytical and Bradley ("the parties") dispute whether Analytical infringed Bradley's copyright in the meme photograph. Bradley's complaint, filed in this Court on June 18, 2019, alleges copyright infringement. Analytical contends that its use was permissible or not actionable based on Bradley's license or acquiescence in the distribution of the meme; the doctrines of fair use, de minimis use, or misuse of copyright; or because Bradley's copyright is unenforceable, or his copyright registration

is invalid.

5.  The parties also dispute whether Analytical violated the integrity of Bradley's "copyright management information" as defined in 17 U.S.C. § 1202. In his complaint Bradley further alleges that Analytical "intentionally and knowingly removed copyright management information identifying [Bradley] as the photographer of the Photograph," and engaged in the "falsification, removal and/or alteration of the aforementioned copyright management information." Analytical contends that Bradley did not identify himself as the photographer or supply any other copyright management information with the photograph online at any time before Analytical reposted it on Facebook. The photograph did not bear any copyright management information when Analytical first saw it and posted it on Facebook.

## JURISDICTION AND VENUE

6.  Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 101 (Copyright Act) and 17 U.S.C. § 1201 (Digital Millennium Copyright Act). This Court has supplemental jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims Bradley asserts in this action that they are part of the same case or controversy. This Court also has jurisdiction over the counterclaims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyrights), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

7.  Bradley is subject to the Court's personal jurisdiction because the counterclaims arise out of the same action or occurrence that is the subject of his claims, and because he consented to personal jurisdiction in this Court by filing this action.

8.  Venue for this action is proper in this district under 28 U.S.C. § 1400(a).

Venue for the counterclaims is proper because Bradley consented to litigating in this district by filing this action, and under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a).

9. An actual case or controversy exists between the parties. Bradley filed suit against Analytical, asserting that its Facebook post constitutes copyright infringement and the knowing removal of copyright management information. His allegations threaten injury to Analytical, and it therefore seeks relief from the Court.

## PARTIES

10. Analytical is a corporation organized and existing under the laws of the state of North Carolina. Its principal place of business is in Raleigh, North Carolina. Analytical offers language arts curricula and instructional materials for English grammar, punctuation, and usage.

11. According to his Complaint, Bradley is an individual who maintains a place of business at 10008 Elsbree Lane, Windsor, CA 95492. According to his Civil Cover Sheet, Bradley resides in Sonoma County, California.

## FACTUAL ALLEGATIONS

12. Bradley posted a photograph on his Facebook page on December 8, 2017, then available at https://www.facebook.com/photo.php?fbid=10156804210987068 and https://www.facebook.com/matthew.bradley.98434/posts/10155873949297068. The photograph showed five carpentry tools, commonly called levels or spirit levels, each bearing the handwritten word "WRONG." Bradley's text for the post provided the punchline: "This is wrong on so many levels[.]"

13. At that time, nothing in Bradley's post identified him as the photographer. The photograph did not have a copyright tag, author attribution, watermark, or any other

copyright management information when originally posted.

14. Bradley posted the photograph using Facebook's "Public" setting. Facebook's terms of service then in effect (which are currently available at https://www.facebook.com/legal/terms/previous) provided: "When you publish content or information using the Public setting, it means that you are allowing everyone, including people off of Facebook, to access and use that information[.]"

15. Bradley's post became a viral meme. It was shared more than 10,000 times on Facebook within a week. On December 14, 2017, at or about 11:31 a.m., Bradley edited the text of the post to add, "Wow! I am stunned! Over 10K shares. Time for a shameless plug for my blog[.]" He included a link to his blog with the note, "Warning… not all of it is funny."

16. Later on December 14, 2017, at or about 11:49 p.m., Bradley again edited the post text to apologize for the earlier edit and to clarify that he had not meant to change how the meme appeared when used by others on Facebook: "I added the stuff below after I went over 10K shares. Didn't realize it would change what people shared on their pages. I apologize to those who didn't like that."

17. Also on December 14, 2017, an Analytical Facebook follower shared a copy of the unattributed meme photograph with Analytical online via instant message. Analytical posted the photograph on its Facebook page on December 16, 2017 at https://www.facebook.com/analyticalgrammar/posts/10154982827941891/. Its text for the post used the same punchline Bradley used: "This is wrong on so many levels." Like Bradley, Analytical did not include any copyright management information with the post.

PPAB 5117769v3
12
Case 5:19-cv-00249-FL   Document 12   Filed 09/13/19   Page 12 of 19

18. Bradley celebrated other unattributed distributions of the photograph. On April 10, 2018, it appeared in an article entitled "The Most Clever Puns The Internet Has To Offer," at http://www.trend-chaser.com/lol/the-most-clever-puns-the-internet-has-to-offer/. The article did not provide a photographer credit. On April 20, 2018, Bradley posted a link to the article on his Facebook page and added comments, including: "Hey, I'm famous! My picture made the list of the most clever puns on the internet! Woo hoo!"

19. After hailing the viral distribution of the "wrong on so many levels" meme, Bradley applied for and obtained two copyright registrations from the United States Copyright Office. The first, Registration No. VAu 1-355-121, issued for an unpublished photograph titled "Wrong on Many Levels" effective December 14, 2018. The second, Registration No. VA 2-133-725, issued for a published photograph titled "12082017knives" on January 3, 2019.

20. On December 14, 2018, the day he completed the first application, Bradley again edited the December 8, 2017 Facebook post. He removed the unattributed photograph, replaced it with a copy with new text overlaid (including "copyright 2018 Matthew J Bradley"), and again edited the post's text to add:

> Please note that this picture is copyrighted. I appreciate all of you who shared it (very unexpectedly). Some people, however, are passing it off as their own work. I took the picture with my phone. This is the original photo (meme added). If you see anyone violating this copyright, please let me know. Thanks.

21. Also on December 14, 2018, Bradley posted on his Facebook page, at https://www.facebook.com/photo.php?fbid=10156804253392068&set=a.113164917067, what appears to be a screenshot of the results of a Google Images search for "wrong on so many levels meme" showing dozens of thumbnail copies of the meme photograph. His text for the post read, "So… just in case you are wondering where you can find my

picture and why I had to copyright it…."

22. Bradley never contacted Analytical before filing the complaint on June 18, 2019. Analytical had no reason to be aware of Bradley before the complaint was served.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Invalidity of Copyright
### (17 U.S.C. § 101)

23. Analytical incorporates its allegations set forth in Paragraphs 1-22 above as if fully set forth herein.

24. Analytical requests an order declaring that Bradley's alleged copyright in the photograph is invalid and unenforceable because, among other grounds,

    (a) the photograph lacks sufficient creativity and originality to be entitled to copyright protection or registration;

    (b) the photograph merely consists of a combination of elements from the public domain and from earlier works, for which Bradley is not entitled to copyright protection or registration;

    (c) Bradley cast the copyright into the public domain or otherwise made it ineligible for copyright protection by licensing or acquiescing in the online distribution of the meme photograph; and

    (d) Bradley rendered the copyright registration unenforceable by failing to disclaim the public domain or other source material from which the photograph was derived when he applied to register the copyright.

25. Analytical is entitled to declaratory judgment that Bradley's alleged

PPAB 5117769v3
14
Case 5:19-cv-00249-FL   Document 12   Filed 09/13/19   Page 14 of 19

copyright is invalid and unenforceable, and injunctive relief holding that his copyright registrations No. VAu 1-355-121 and VA 2-133-725 are invalid and ordering him to request that the Copyright Office cancel the registrations.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of Copyright
### (17 U.S.C. § 101)

26. Analytical incorporates its allegations set forth in Paragraphs 1-25 above as if fully set forth herein.

27. Analytical requests an order declaring that it did not infringe Bradley's alleged copyright in the photograph because, among other grounds,

    (a) Bradley's copyright or its registration is invalid or unenforceable;

    (b) Analytical's use of the photograph was within the scope of Bradley's license for use of the photograph on Facebook;

    (c) Bradley acquiesced in the use of the photograph on Facebook by third parties, including Analytical;

    (d) Analytical's viral distribution of the photograph was a fair use;

    (e) Analytical's viral distribution of the photograph was a *de minimis* use; and

    (f) Bradley's efforts to enforce the copyright in the photograph, after authorizing its viral distribution, constitute a misuse of copyright so he is estopped from any relief.

27. Analytical is entitled to declaratory judgment that it is not infringing and is not liable for infringing any valid copyright owned by Bradley relating to the photograph.

# THIRD CAUSE OF ACTION
**Declaratory Judgment of Non-Removal of Copyright Management Information**
**(17 U.S.C. § 1202)**

28. Analytical incorporates its allegations set forth in Paragraphs 1-27 above as if fully set forth herein.

29. Analytical requests an order declaring that it did not remove, alter, or falsify any copyright management information when it distributed the photograph on Facebook because, among other grounds,

   (a) Analytical did not provide or distribute any false copyright management information in connection with the photograph;

   (b) Bradley did not convey any copyright management information in connection with the photograph in his post on Facebook on December 8, 2017;

   (c) When Analytical obtained the photograph on December 14, 2017, it did not bear any copyright management information;

   (d) When Analytical obtained the photograph on December 14, 2017, no copyright management information had been removed or altered from it without the authority of Bradley or the law;

   (e) Analytical did not intentionally remove or alter any copyright management information in connection with the photograph;

   (f) When Analytical reposted the photograph on Facebook on December 16, 2017, it did not know that any copyright management information had been removed or altered without the authority of Bradley or the law; and

(g) Analytical did not know, or have reasonable grounds to know, that its distribution of the photograph would induce, enable, facilitate, or conceal any copyright infringement or any other violation of Title 17 of the United States code.

30. Analytical is entitled to declaratory judgment that it did not violate and is not liable for any violation of 17 U.S.C. § 1202(b) relating to the photograph.

WHEREFORE, Counterclaimant Analytical Grammar, Inc. respectfully requests that the Court

1. Enter judgment according to the declaratory relief sought;

2. Hold that Counterdefendant Matthew Bradley's copyright registrations, No. VAu 1-355-121 and VA 2-133-725, are invalid, and order him to request that the Copyright Office cancel the registrations;

3. Award Analytical its full costs, including all reasonable attorney's fees, pursuant to 17 U.S.C. §§ 505, 1203(b)(4), and 1203(b)(5); and

4. Award Analytical such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Counterclaimant Analytical Grammar, Inc. demands a trial by jury.

Respectfully submitted this 13th day of September, 2019.

Analytical Grammar, Inc.

By its attorneys:

DAN BOOTH LAW LLP

/s/ Dan Booth
Daniel G. Booth (admission pending)
60 Thoreau Street, #121

PPAB 5117769v3

17

Case 5:19-cv-00249-FL   Document 12   Filed 09/13/19   Page 17 of 19

Concord, MA 01742
dan@danboothlaw.com

PARKER POE ADAMS
& BERNSTEIN LLP

/s/  Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Catherine R.L. Lawson
N.C. State Bar No. 44574
catherinelawson@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
*Local Civil Rule 83.1(d)*
*Attorneys for Defendant Analytical
Grammar, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIMS** was electronically filed with the Clerk of the Court by using the CM/ECF System, which will automatically send notice and serve same upon counsel of record via the Court's electronic case filing system, addressed as follows:

>Seth L. Hudson
>CLEMENTS BERNARD WALKER PLLC
>Email: shudson@worldpatents.com
>
>Richard Liebowitz
>LIEBOWITZ LAW FIRM, PLLC
>Email: rl@liebowitzlawfirm.com
>
>*Attorneys for Plaintiff*

This the 13th day of September, 2019.

>/s/ Christopher M. Thomas
>Christopher M. Thomas
>N.C. State Bar No. 31834
>christhomas@parkerpoe.com
>Catherine R.L. Lawson
>N.C. State Bar No. 44574
>catherinelawson@parkerpoe.com
>PNC Plaza
>301 Fayetteville Street, Suite 1400 (27601)
>P.O. Box 389
>Raleigh, North Carolina 27602-0389
>Telephone: (919) 835-4626
>Facsimile: (919) 834-4564
>*Local Civil Rule 83.1(d)*
>*Attorneys for Defendant*
>*Analytical Grammar, Inc.*