IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ALESSANDRO MASI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:19-CV-438-FL |
| MYTHICAL ENTERTAINMENT, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| MATTHEW BRADLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:19-CV-249-FL |
| ANALYTICAL GRAMMAR, INC., | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| STEVE SANDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:19-CV-345-FL |
| EPICSTREAM, LLC, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

These matters assigned to the undersigned, where each plaintiff appears through Richard P. Leibowitz, Esq., come now before the court of its own initiative. Attorneys in good standing of the bar of a United States Court and the bar of the highest court of any state may practice in this

court for a particular case in association with a member of the bar of this court.  Local Civil Rule 83.1(e)(1).  It appears Mr. Leibowitz's standing has been called into question in the United States District Court for the Southern District of New York.  Referred to as a "copyright troll," in a case involving one of the plaintiffs named above, a district judge recently observed "Mr. Liebowitz has been sanctioned, reprimanded, and advised to 'clean up [his] act' by other judges of this Court." Sands v. Bauer Media Grp. USA, LLC, No. 17-CV-9215 (LAK), 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019).   Serious sanctions were imposed by the judge in that case on account of plaintiff's discovery deficiencies, including requirement that Mr. Leibowitz personally pay defendant's fees associated with advancing its motion to dismiss as a sanction for alleged discovery misconduct.

This judge joins the chorus of those telling this attorney to clean up his act.  The dockets of each of the cases assigned to me, wherein this attorney represents a plaintiff, are littered with deficiency notices.  This is a harbinger for troubled litigation ahead.

In Matthew Bradley, initiated by complaint filed June 18, 2019, Mr. Liebowitz was noticed June 19, 2019, to file notice of appearance.  It took over two months for him to bring himself into compliance.  In Steve Sands, filed August 8, 2019, he was noticed of numerous deficiencies at the case's start including those noted below:

| 08/08/2019 | NOTICE OF DEFICIENCY regarding 1 Complaint - Payment of the civil filing fee is due upon case initiation. Payments can be made in the form of cash, checks, or credit cards and paid at the clerk's office during regular business hours. Credit card payments can be made over the telephone to the clerk's office during regular business hours. Also, Pay.gov is an additional credit card option that allows the filer to pay filing fee contemporaneously with the case opening in CM/ECF. (See Section V.D(1)(a) of the CM/ECF Policies and Procedures Manual. (Rudd, D.) (Entered: 08/08/2019) |
|---|---|
| 08/08/2019 | NOTICE OF DEFICIENCY regarding [1-3] Proposed Summons and [1-4] Civil Cover Sheet. Counsel should refile the Proposed Summons and Civil Cover Sheet by filling out the document in full and "flatten" the document prior to attaching it in accordance with Section IV.B of the CM/ECF Policies and Procedures Manual. Counsel should use the event "Notice-Other" to file those documents. (Rudd, D.) (Entered: 08/08/2019) |
| 08/08/2019 | Notice to Counsel - Counsel did not properly identify attachments pursuant to Section V.E of the CM/ECF Policies and Procedures Manual. Attachments must be clearly labeled (i.e., "Exhibit A" is not a sufficient description). Additionally, when filing a document with more than five attachments, the first attachment must be an index of all of the subsequent attached documents. No further action is needed. (Rudd, D.) (Entered: 08/08/2019) |

Counsel also was noticed of requirement in <u>Steve Sands</u> to associate local counsel:

| 08/08/2019 | NOTICE OF DEFICIENCY regarding 1 Complaint - Out of State Counsel must comply with Local Civil Rule 83.1 of the Eastern District of North Carolina. (Rudd, D.) (Entered: 08/08/2019) |
|---|---|

The same notice was repeated August 27, 2019, and disregarded by the attorney. This court had to issue an order nearly two months after opening of the case, expressly drawing this deficiency to Mr. Liebowitz's attention. If no appearance is made by the stated deadline of October 10, 2019, absent some showing of good cause, this case will be dismissed.

In <u>Alessandro Masi</u>, just filed September 30, 2019, a number of deficiencies immediately were noted by the clerk:

| 10/01/2019 | | NOTICE OF DEFICIENCY regarding 1 Complaint. Counsel did not properly identify exhibits pursuant to Section V.E. of the CM/ECF Policies and Procedures Manual (i.e., "Exhibit A" is not a sufficient description). Additionally, when filing a document with more than five exhibits, the first attached exhibit must be an index of all of the subsequent attached documents. Counsel is directed to refile. (Collins, S.) (Entered: 10/01/2019) |
|---|---|---|
| 10/01/2019 | | Notice to Counsel - Counsel should file a Notice of Appearance pursuant to Local Civil Rule 5.2(a). (Collins, S.) (Entered: 10/01/2019) |
| 10/01/2019 | | NOTICE OF DEFICIENCY - Failure to File Financial Disclosure Statement as to Alessandro Masi. Pursuant to 7.1 of the Federal Rules of Civil Procedure and Local Civil Rule 7.3, all parties shall file a financial disclosure statement. A negative statement is required if a party has no disclosures to make. The disclosure statement must be on a form provided by the clerk. This form is available at the clerk's office and on the court's website. (Collins, S.) (Entered: 10/01/2019) |
| 10/01/2019 | | Notice to Counsel regarding: 1 Complaint. *Exhibits 4 and 5*. Counsel is reminded pursuant to IV.B. of the court's CM/ECF Policies and Procedures Manual that the court requires 'flattened' versions of fillable documents and forms to be filed. When refiling this docket entry, counsel should flatten the documents. (Collins, S.) (Entered: 10/01/2019) |
| 10/01/2019 | | NOTICE OF DEFICIENCY regarding 1 Complaint - Payment of the civil filing fee is due upon case initiation. Payments can be made in the form of cash, checks, or credit cards and paid at the clerk's office during regular business hours. Credit card payments can be made over the telephone to the clerk's office during regular business hours. Also, Pay.gov is an additional credit card option that allows the filer to pay filing fee contemporaneously with the case opening in CM/ECF. (See Section V.D(1)(a) of the CM/ECF Policies and Procedures Manual. (Rudd, D.) (Entered: 10/01/2019) |
| 10/01/2019 | | Notice to Counsel - This case should have been filed in the Western division. The Clerk will enter a reassignment order correcting the error. (Rudd, D.) (Entered: 10/01/2019) |

The problems described above appear rooted in a failure to read or understand the court's CM/ECF Policies and Procedures Manual and the Court's Local Civil Rules, and disrespect for the work of the clerk. There appears a failure to profit from the clerk's work to bring issues to the attorney's attention prompt attention. Many of the issues repeat themselves from case to case. See also Adlife Marketing & Communications Company, Inc. v. Carlie C's Operation Center, Inc., No. 5:19-CV-405-BO (E.D.N.C. Sept. 16, 2019) (issuing deficiency notices concerning failure to pay civil filing fee; failure to identify attachments; issues with proposed summons and civil cover sheet; failure to associate local civil counsel; and failure to file financial disclosure statement have all been brought to counsel's attention, in some instances more than one time and still, it appears, no remedial action on any noticed deficiency has been taken).

This attorney is noticed that he has until October 10, 2019, to cure any and every noticed deficiency in the three cases now assigned to me. If no address is made in accordance with this order, the cases at issue will be dismissed.

SO ORDERED, this the 4th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge