UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

----------------------------------------x
MATTHEW BRADLEY,

      Plaintiff,      Docket No. 5:19-cv-249-FL

  - against -

ANALYTICAL GRAMMAR, INC.

      Defendant.
----------------------------------------x

**JOINT RULE 26(F) REPORT**

  Plaintiff Matthew Bradley and Defendant Analytical Grammar, Inc. ("Analytical"), having conferred by telephone through their lead counsel (respectively, Richard Liebowitz and Dan Booth) on October 8, 2019, submit this Rule 26(f) Report based on those discussions.

**A.**  **Discussion of the nature and complexity of the case**

  Plaintiff Matthew Bradley brings a count of copyright infringement against Analytical alleging that Analytical reproduced and displayed Mr. Bradley's photograph, and a claim that Analytical violated 17 U.S.C. § 1202 by removing "copyright management information" ("CMI") identifying Mr. Bradley as the photographer.

  Analytical denies Mr. Bradley's allegations and raises affirmative defenses alleging, among other things, that Mr. Bradley licensed or acquiesced in the use of the photograph; that he lacks standing or cannot enforce his claims due to unclean hands or copyright misuse; that no CMI was conveyed in connection with the photograph when Analytical came across it; and that Analytical's use of the photograph was fair use, justified, or *de minimis*.

  Analytical further brings counterclaims for a declaratory judgment that Mr. Bradley's copyright registrations are invalid and ordering him to request their cancellation; that Analytical

Grammar did not infringe the copyright; and that Analytical Grammar did not remove CMI conveyed in connection with the photograph.

1. <u>Subject Matter Jurisdiction:</u> The action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 1201 *et seq.*, and this Court has subject matter jurisdiction over all claims and counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as, in the case of Analytical's counterclaims, 28 U.S.C. §§ 1367(a) and 2201.

2. <u>Factual issues and legal issues believed to be involved in the case.</u>

Plaintiff believes that Copyright infringement of Plaintiff's copyrighted photograph of a wrong tape is at issue. Plaintiff believes Defendant's use was willful.

Many facts are not in dispute, though the parties disagree about their legal significance. The parties do not dispute that Mr. Bradley posted a photograph on his Facebook page on December 8, 2017 that became a viral meme, rapidly and repeatedly shared online, with Mr. Bradley's enthusiastic support. Analytical does not dispute that it participated in the viral spread of the meme when it posted that photograph on its Facebook page on December 16, 2017.

Among the few factual disputes is whether Analytical violated 17 U.S.C. § 1202. Analytical asserts that when it posted the photograph on Facebook, it did not know and had no reason to know who the photographer was, or that Mr. Bradley claimed copyright ownership. Mr. Bradley has denied it. Analytical also asserts that when it came upon the photograph on December 14, 2017, it was not conveyed with any watermark, copyright tag, author attribution, or other CMI identifying Mr. Bradley as the photographer, and that Mr. Bradley later amended his Facebook post to add such information. He denies that too.

The legal disputes largely center on whether Mr. Bradley's intent to create a viral meme for third parties to spread online affects his right to enforce copyright claims against Analytical

for spreading that viral meme online. What Mr. Bradley sees as unlicensed copyright use, Analytical sees as a bait-and-switch, in which he shared a photograph freely and unconditionally online, hailed its viral distribution, then turned around to sue one of its many viral distributors. Whether viewed as acquiescence, copyright misuse, or fair use, Analytical considers Mr. Bradley's attempt to enforce the copyright inequitable. The parties also dispute whether, as a matter of law, Analytical's acts or intent meet the elements of a Section 1202(b) violation.

       3.      <u>Damages sought</u>. Mr. Bradley claims for actual damages and profits arising out of the alleged copyright infringement. Analytical contends that its use of the photograph was not a copyright infringement, and in any case, caused no actual damages, and generated no profits.

Mr. Bradley also claims for actual damages and "any gains, profits and advantages obtained by Analytical" arising from the alleged violation of 17 U.S.C. § 1202, or in the alternative, for statutory damages under 17 U.S.C. § 1203(c)(3), plus attorney's fees. Analytical denies any violation of the statute and denies any actual damages, gains, profits, or advantages arose from the alleged violation.

Analytical has not made a demand for damages to date. It seeks a judgment awarding it all reasonably incurred costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(5).

**B.**      **Plan for Proposed Discovery.**

       **1.**      The scope of discovery is set forth in Fed. R. Civ. P. 26(b)(1).

       **2.**      The parties do not intend to conduct discovery in phases.

       **3.**      The parties do not propose to limit the categories of discovery they may utilize, beyond the limitations set forth in the Federal Rules and the Court's Local Rules.

       **4.**      The parties anticipate that discovery in this case will involve the production of hard copy documents and electronically stored information ("ESI"). The parties

will meet and confer in good faith throughout the course of discovery in an effort to avoid the need for any formal motions related to discovery of ESI.

The parties agree that any ESI may be produced in PDF form. The parties agreed to provide and accept electronic service via email of all initial disclosures, discovery requests (including requests for production, interrogatories, and requests for admission), responses and objections thereto, deposition notices, and privilege logs. The parties also agreed to provide all discovery requests and notices of deposition topics in Word format to facilitate responses.

5. The parties do not anticipate any issues related to claims of privilege or protection as trial-preparation material. The parties agreed to prepare and serve privilege logs regarding any such claim timely in response to any request for production of material subject to a claim of privilege or protection, and to confer in good faith on ways to minimize any burden of producing privilege logs. The parties did not agree to exempt from production any documents created after litigation commenced. The parties agree that any inadvertent disclosure shall not constitute a waiver of claims of privilege, provided that the disclosing party identifies the documents mistakenly produced within a reasonable time after becoming aware of the disclosure. The parties do not seek a consent order memorializing their agreements.

6. The parties agree that Analytical may designate its president Erin Karl as its Rule 30(b)(6) designee and that if Mr. Bradley notices depositions of both Analytical and Ms. Karl personally, the deposition shall be conducted as a single, joint deposition for one day of up to seven hours pursuant to Fed. R. Civ. P. 30(d)(1).

7. The parties will conclude all fact discovery on February 21, 2020. The parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by October 22, 2019.

8. The parties do not anticipate any particular discovery problems.

**C. Proposed Deadlines.**

1. The parties will designate any expert witnesses on or before March 20, 2020, and any rebuttal expert witnesses on or before April 13, 2020. Any expert witness report will be produced by April 27, 2010, and any rebuttal expert report will be produced by May 4, 2020. All expert testimony and discovery will conclude on June 4, 2020.

2. The last day for the parties to move to amend their pleadings will be November 22, 2019.

3. The last day for the parties to move to add parties will be November 22, 2019.

4. The last day for filing of any motions, including preliminary and dispositive motions (except motions in limine) will be July 17, 2020. The parties may seek summary judgment as to one or more claims or forms of relief.

**D. Possibility of Settlement and ADR.**

Analytical offered a proposed settlement on August 16, August 19, and August 20, 2019. Bradley disputes that Analytical's properly served their offer.

The parties discussed the potential for settlement on October 7, 2019. Plaintiff is hopeful a settlement can be reached with an early mediation with a mediator and requests that the be case be mediated within the next 30 days. Analytical is amenable to a mediated settlement conference within a month before the close of fact discovery on February 21, 2020.

E.  **Magistrate Judge.**

The parties assent to a magistrate judge conducting any and all discovery and pre-trial proceedings as the Court may assign. However, the parties do not agree to trial before a magistrate judge.

F.  **Pretrial Conference.**

Plaintiff requests a pretrial conference at this time.

G.  **Case Management Order.**

Analytical requests entry of a case management order upon consideration of this joint report and the issues raised in the pleadings.

H.  **Scheduling.**

Analytical's president Erin Karl, in addition to her obligations to Analytical and to her family, is an actively drilling Air Force Reservist. Her Reserve duties occupy her life for approximately forty-five to fifty days per year, for periods of four to six days at a time. With sufficient notice, Analytical will endeavor to avoid any delays and will inform Mr. Bradley's counsel or the Court, as appropriate, of any unavoidable scheduling conflicts.

Mr. Bradley anticipates no scheduling issues.

Dated: October 22, 2019

| | |
|---|---|
| LIEBOWITZ LAW FIRM, PLLC | DAN BOOTH LAW LLC |
| By: */s/ Richard Liebowitz*<br>    Richard P. Liebowitz<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, New York 11580<br>Tel.: 516-233-1660<br>E-mail: RL@liebowitzlawfirm.com | By: /s/ Dan Booth<br>Dan Booth<br>60 Thoreau Street #121<br>Concord, MA 01742<br>646-573-6596<br>dan@danboothlaw.com |
| CLEMENTS BERNARD WALKER PLLC | PARKER POE ADAMS & BERNSTEIN LLP |
| *Local Civil Rule 83.1(d) Counsel* | *Local Civil Rule 83.1(d) Counsel* |
| By: /s/ Seth L. Hudson<br>Seth L. Hudson<br>4500 Cameron Valley Parkway<br>Charlotte, NC 28211<br>704-790-3600<br>SHudson@WorldPatents.com | By: /s/ Christopher M. Thomas<br>Christopher M. Thomas<br>N.C. State Bar No. 31834<br>christhomas@parkerpoe.com |
| *Attorneys for Plaintiff Matthew Bradley* | Catherine R.L. Lawson<br>N.C. State Bar No. 44574<br>catherinelawson@parkerpoe.com |
| | PNC Plaza<br>301 Fayetteville Street, Suite 1400 (27601)<br>P.O. Box 389<br>Raleigh, NC 27602-0389<br>919-835-4626 |
| | *Attorneys for Defendant Analytical Grammar, Inc.* |