IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE MANAGEMENT ORDER |
| | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on October 8, 2019. After reviewing the parties' joint report and plan, filed October 22, 2019, the court orders the following:

A. Discovery

1. The parties state they will have exchanged by **October 22, 2019**, the information required by Federal Rule of Civil Procedure 26(a)(1).

2. Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint report and plan.

3. All discovery shall be commenced or served in time to be completed by **May 4, 2020**. All fact discovery shall be commenced or served in time to be completed by **February 21, 2020.**

4. The court incorporates herein by reference the parties' agreements regarding discovery of electronically stored information and privileged materials, set forth at section (B)(4) and (B)(5) of the joint report and plan.

5. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party. Responses are due 30 days after service of those interrogatories.

6. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

7. There shall be no more than 10 depositions by plaintiffs and 10 by defendant.

8. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties. The court notes the parties' stipulation with respect to the depositions of any Federal Rule of Civil Procedure 30(b)(6) designees, incorporated herein by reference.

9. The parties will designate any expert witnesses by **March 20, 2020**, and any rebuttal expert witnesses by **April 13, 2020**. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by **April 27, 2020.** Disclosures and reports by any rebuttal experts shall be served by **May 4, 2020.** The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, within 14 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are

served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

10. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **March 24, 2020**, except with respect to rebuttal experts. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up written discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See Fed. R. Civ. P. 37(c)(1).

11. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

12. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   a. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   b. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180 181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment

| | |
|---|---|
| | presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court." |
| c. | Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue. |
| d. | The parties are directed to Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF"). |

B.  Motions

   1. Any motion shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

   2. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **November 22, 2019**. Any parties later joined to this action are bound by this case management order unless otherwise ordered by the court.

   3. All potentially dispositive motions shall be filed by **July 17, 2020**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions. In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications.

   4. Any motion raising a disputed issue of or relating to discovery, including any disputed motion to compel, for protective order, or to alter discovery requirements set forth herein (hereinafter, "discovery motions"), shall be filed and served within 30 days of the act or omission in discovery complained of, after good faith effort between the parties to resolve issue(s), unless upon good cause shown, time for filing such motion is extended. Before filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference. The complaining party must notify the office of the case manager, by telephone at (252) 638-8534, of the discovery dispute, and provide the parties'

mutually agreed to suggested dates and times for such conference. The complaining party then will be instructed by the case manager how to transmit discovery material directly bearing on the particular dispute(s), either by facsimile or email, to the court for its preview. Any material provided to the court shall be copied to the opposition. If the opposing party is desirous of supplementing discovery material for the court, counsel similarly shall contact the case manager by telephone, for transmittal instruction. The case manager promptly will notify counsel by email as to any conference setting. Discovery motions filed after the 30 day deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Discovery motions ordinarily will be referred to a magistrate judge for ruling.

5. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

C. Alternative Dispute Resolution ("ADR")

1. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Alternative Dispute Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

2. This case has been automatically selected for mediation. Reference is made to Local Alternative Dispute Rule 101.1 et seq. for required deadlines.

3. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their specific obligations.

D. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 23rd day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge