IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY, | ) ) | **DEFENDANT ANALYTICAL GRAMMAR, INC.'S APPENDIX** |
| Plaintiff, | ) ) | **TO LOCAL CIVIL RULE 56.1 STATEMENT OF** |
| v. | ) ) | **UNDISPUTED MATERIAL FACTS IN** |
| ANALYTICAL GRAMMAR, INC., | ) ) | **SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | ) ) | |

Exhibit 4: Plaintiff's Superseding Answers and Objections to Defendant's First Set of Interrogatories dated December 6, 2019 (Ex. 3 to Declaration of D. Booth)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW BRADLEY,<br><br>       Plaintiff,<br><br>- against -<br><br><br>ANALYTICAL GRAMMAR, INC.<br><br>       Defendant. | Case No. 5:19-cv-249 (FL) |

## PLAINTIFF MATTHEW BRADLEY'S SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Matthew Bradley ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Defendant Analytical Grammar, Inc.'s First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

  1.  Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

1

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1. *Identify all persons most knowledgeable about the conception, design, creation, development, photography, publication, public display, distribution or offers to distribute, sales or offers to sell, licensing, promotion, and marketing of the Photograph.*

**Answer to Interrogatory No. 1**: Plaintiff.

Interrogatory No. 2. *For each instance in which you or any person acting on your behalf published or displayed the Photograph online, identify the date, time, URL, privacy setting, and text conveyed with the Photograph.*

**Answer to Interrogatory No. 2**: Plaintiff only authorized one publication of the Photograph at the following URL:

https://www.facebook.com/search/posts/?q=wrong%20on%20many%20levels&ref=side_filter&epa=FILTERS&filters=eyJycF9jcmVhdGlvbl90aW1lIjoie1wibmFtZVwiOlwiY3JlYXRpb25fdGltZVwiLFwiYXJnc1wiOlwie1xcXCJzdGFydF95ZWFyXFxcIjpcXFwiMjAxN1xcXCIsXFxcInN0YXJ0X21vbnRoXFxcIjpcXFwiMjAxNy0xXFxcIixcXFwiZW5kX3llYXJcXFwiOlwiXCIyMDE3XFxcIixcXFwiZW5kX21vbnRoXFxcIjpcXFwiMjAxNy0xMlxcXCIsXFxcInN0YXJ0X2RheVxcXCI6XFxcIjIwMTctMS0xXFxcIixcXFwiZW5kX2RheVxcXCI6XFxcIjIwMTctMTItMzFcXFwifVwifSIsInJwX2F1dGhvciI6IntcIm5hbWVcIjpcImF1dGhvcl9tZVwiLFwiYXJnc1wiOlwiXCJ9In0%3D

The Photograph was published on December 8, 2017. Plaintiff does not recall the exact time, but it would have been in the late afternoon or evening because he took the picture earlier that same day. Privacy setting was set to public. The original post included the text, "This is wrong on so many levels".

Interrogatory No. 3. *Identify the date, time, URL, privacy setting, and text conveyed with each edit, revision, or addition you made to the Photograph or to any text conveyed therewith online.*

**Answer to Interrogatory No. 3:** Plaintiff objects to Interrogatory No. 3 under Rule 33(c) of the Federal Rules of Civil Procedure and states that all edits except for the last were recorded in the

file to be produced entitled "FaceBook Posts/Edit History.pdf" The text for the current post is not shown in the Edit History document but is:

> "This is wrong on so many levels
>
> Please note that this picture is copyrighted. I appreciate all of you who shared it (very unexpectedly). Some people, however, are passing it off as their own work. I took the picture with my phone. This is the original photo (meme added). If you see anyone violating this copyright, please let me know. Thanks.

Text was added after the Photograph was shared more than 10,000 times. Plaintiff wrote:

> "Wow! I am stunned! Over 10K shares. Time for a shameless plug for my blog, https://thewayiseethings72.wordpress.com/ . Warning... not all of it is funny."

Plaintiff does not know the date for the last edit, but he believes it would have been in March of 2019 after the copyright registration was completed. It was at that time that he added the text to the Photograph and included the copyright notice statement.

The privacy setting was public for all revisions.

Interrogatory No. 4: *Describe any sales, offers to sell, or plans to sell the Photograph, including but not limited to identifying any period of time during which the Photograph was offered for sale, any offered or completed sales of the Photograph, the price at which you sold, offered to sell, or planned to sell the Photograph, and the channels of trade through which the Photograph was, or was intended to be, offered or sold to an ultimate purchaser.*

**Response to Interrogatory No. 4**: Plaintiff intends to sell the Photograph through the medium of T-shirts via third-party Custom Ink.

Interrogatory No. 5: *Identify each distribution, dissemination, publication, or public display of the Photograph, by any person, that you tacitly or expressly celebrated, hailed, approved, or assented to, including the person who distributed, disseminated, published, or publicly displayed the Photograph, and the date, time, and text of any statement you made about such use.*

**Response to Interrogatory No. 5**: To the best of Plaintiff's knowledge, outside of sharing the Facebook post where the Photograph was initially published, Plaintiff has never tacitly or expressly celebrated, hailed, approved, or assented to anyone distributing, disseminating,

publishing, or publicly displaying the Photograph. Plaintiff objects to this Interrogatory under Rule 33(c) and states that the details regarding shares can be found at the Facebook post, which was identified in his response to Interrogatory No. 2.

Interrogatory No. 6: *Describe with particularity any attempt you made or measures you took to limit the publication, public display, distribution, or dissemination of the Photograph before or after you posted it on Facebook on December 8, 2017.*

**Response to Interrogatory No. 6**: Plaintiff attempted to limit the publication, public display, distribution, and dissemination of the Photograph by the following:

A) Copyrighting the photograph with the Copyright Office
B) Contacting several websites that had published it;
C) Retaining the law firm of Liebowitz Law Firm, PLLC to research and take action where appropriate.
D) Occasionally investigating and recommending possible copyright violations for further investigation.

Interrogatory No. 7: *Identify the date and time when, and the means by which, you discovered or learned of the use of the Photograph on Defendant's Facebook page.*

**Response to Interrogatory No. 7**: Plaintiff learned of the infringement via his counsel, Liebowitz Law Firm, PLLC on or about June 10, 2019 at 8:37 AM. Plaintiff responded shortly thereafter through the law firm's webpage. Plaintiff received a response from the law firm on the subject on June 11, 2019 at 8:01 PM.

Interrogatory No. 8: *Describe with particularity all communications you or any person acting on your behalf have had with Defendant or any person acting on its behalf related to the Photograph, Defendant, and/or this Action.*

**Response to Interrogatory No. 8**: To the best of Plaintiff's knowledge, he has had no communication with the defendant or any person acting on its behalf other than through post-filing communications between the respective parties' counsel.

Interrogatory No. 9: *Describe with particularity all communications you have had with third parties related to the Photograph, Defendant, and/or this Action.*

**Response to Interrogatory No. 9**: Although Plaintiff cannot state with certainty about their relation to the Defendant, Plaintiff has received numerous insulting remarks from people who he assumes are favoring the Defendant. Plaintiff objects to this Interrogatory under Rule 33(c) of the Federal Rules of Civil Procedure and states that comments on the original Facebook post will be produced via document entitled "Dec 2017 Post.pdf." Additional comments can be found in another documents entitled "Sept 2019 Response to Drills.pdf" and "Aug 2019 One Deleted Comment.pdf." Plaintiff did delete a few posts on or about September 15, 2019 because he did not initially realize why strangers were insulting him on his own Facebook page.

Interrogatory No. 10: *Describe with particularity any efforts by you or any person acting on your behalf to register the copyright in the Photograph with the United States Copyright Office, including the identity of any person who completed or assisted in completing any application form, the payer of the application fee, any correspondence with the Copyright Office, and any non-privileged discussions surrounding the registration. To the extent that you object to any portion of this Interrogatory on the basis of attorney-client privilege, state whether or not there were discussions or communications between you and counsel relating to decisions to protect and/or register the copyright, and the dates of and parties to all such discussions or communications.*

**Response to Interrogatory No. 10**: To the best of Plaintiff's personal knowledge, Plaintiff originally filed the copyright application in December 2018 (as shown in document 17225952071_Application_20181214_224214.pdf). After contacting his counsel, Liebowitz Law Firm, PLLC, the application was re-filed with Plaintiff's approval.

Interrogatory No. 11: *State the basis for your allegation in the Complaint that "[u]pon information and belief, [Defendant] intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph."*

**Response to Interrogatory No. 11**: Plaintiff's name was conveyed in connection with the initial publication of the Photograph on his Facebook page. Plaintiff's name was not conveyed in connection with Defendant's subsequent display of the Photograph of Defendant's commercial facebook page, thereby creating the presumption at the time of filing that Defendant knowingly removed his name.

Interrogatory No. 12: *Describe your efforts to preserve evidence that is relevant to a claim or defense of any party to this Action or that is reasonably calculated to lead to the discovery of*

*admissible evidence, including without limitation the circumstances surrounding a document preservation or litigation hold notice related to this Action, and identify each person who issued or received such notice, the types of documents and files (including ESI) subject to such notice, and any efforts to enforce such notice.*

**Response to Interrogatory No. 12**: Plaintiff did not receive a formal "litigation hold notice" but never deleted any documents relevant to this action and has otherwise preserved all documents relevant to this action upon learning that Defendant committed copyright infringement.

Interrogatory No. 13: *Describe the fee arrangement between you and Liebowitz Law Firm PLLC, Clements Bernard Walker, and Allan IP Litigation, and identify the payer of fees and costs for legal services in connection with this Action.*

**Response to Interrogatory No. 13**: Plaintiff has retained Liebowitz Law Firm, PLLC (the "Firm") to enforce his copyrights under a contingency fee arrangement. The Firm advances all costs associated with the litigation and then deducts such costs from the proceeds of litigation.

Interrogatory No. 14: *For each allegation in the Complaint, state the factual basis therefor, identify all individuals with knowledge of such facts, and identify with specificity all documents, communications, and things that support your allegations.*

**Response to Interrogatory No. 14**: Plaintiff objects to Interrogatory No. 14 on grounds that it is duplicative of all other interrogatories served in this action. Plaintiff further objects under Rule 33(c) of the Federal Rules of Civil Procedure and refers Defendant to Plaintiff's document production. Plaintiff further objects on grounds that Request 14 seeks multiple responses which exceed the maximum number of interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories to "no more than 25 written interrogatories, including all discrete subparts."

Interrogatory No. 15: *For any Affirmative Defense in Defendant's Answer that you dispute, state the factual basis therefor, identify all individuals with knowledge of such facts, and identify with specificity all documents, communications, and things that support your allegations.*

**Response to Interrogatory No. 15**: Plaintiff disputes all of the Affirmative Defenses asserted in the Defendant's Answer. Plaintiff objects to Interrogatory No. 15 on grounds that it is

duplicative of all other interrogatories served in this action.  Plaintiff further objects under Rule 33(c) of the Federal Rules of Civil Procedure and refers Defendant to Plaintiff's document production.  Plaintiff further objects on grounds that Request 15 seeks multiple responses which exceed the maximum number of interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories to "no more than 25 written interrogatories, including all discrete subparts." Subject to the foregoing General and Specific Objections, Plaintiff identifies Plaintiff.

Interrogatory No. 16: *Identify each person whom you expect to testify as a fact or expert witness in this Action, and the substance of the facts or opinions as to which each witness is expected to testify and all documents that you intend to rely upon at trial.*

**Response to Interrogatory No. 16**: Plaintiff objects to Interrogatory No. 16 on grounds that it is duplicative of all other interrogatories served in this action.  Plaintiff further objects under Rule 33(c) of the Federal Rules of Civil Procedure and refers Defendant to Plaintiff's document production. Plaintiff further objects on grounds that Request 16 seeks multiple responses which exceed the maximum number of interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories to "no more than 25 written interrogatories, including all discrete subparts." Subject to the foregoing General and Specific Objections, Plaintiff identifies Plaintiff.

Interrogatory No. 17: *Identify each person who provided information contained in your responses and/or supplemental responses to all Interrogatories served by Defendant in this Action, setting forth the specific Interrogatory and information contributed thereto.*

**Response to Interrogatory No. 17**: Plaintiff objects on grounds that Request 17 seeks multiple responses which exceed the maximum number of interrogatories permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure, which limits the number of interrogatories to "no more than 25 written interrogatories, including all discrete subparts." Subject to the foregoing General and Specific Objections, Plaintiff identifies Plaintiff and Plaintiff's counsel.

Dated: December 6, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Matthew Bradley*

## **VERIFICATION**

Pursuant to Rule 33(b)(5), I hereby verify that I have read my foregoing answers and objections to Defendant's First Set of Interrogatories and attest that they are true and accurate to the best of my personal knowledge or good faith belief.

Dated: December 6 , 2019

_____
Matthew Bradley

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF MATTHEW BRADLEY'S SUPERSEDING ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES has been served via e-mail on December 6, 2019 to counsel listed below.

Dan Booth (special appearance entered)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, Massachusetts 01742
dan@danboothlaw.com
Massachusetts Bar No. 672090

*Attorney for Defendant*
*Analytical Grammar, Inc.*

                                                      By: /richardliebowitz/
                                                         Richard Liebowitz
                                                         Liebowitz Law Firm PLLC
                                                         rl@liebowitzlawfirm.com