IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, | DEFENDANT ANALYTICAL GRAMMAR, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND ARGUMENT ON DAMAGES AND PROFITS UNDER FED. R. CIV. P. 37(c) |
| Plaintiff, | |
| v. | |
| ANALYTICAL GRAMMAR, INC., | |
| Defendant. | |

Matthew Bradley ("Bradley") is suing Analytical Grammar, Inc. ("Analytical") for reposting a then-unregistered photograph he shared on Facebook. DE 1. He alleges copyright infringement under 17 U.S.C. § 501 and removal of copyright management information ("CMI") under 17 U.S.C. § 1202(b). *Id.* ¶ 1. He does not seek injunctive relief. Rather, he seeks monetary relief under the Copyright Act. *Id.* Specifically, he alleges that he is entitled to recover damages he sustained and profits attained by Analytical. *Id.* ¶¶ 16 & 22. He prays for awards of actual damages, Analytical's profits, and punitive damages due to the alleged infringement. *Id.*, Prayer for Relief ¶¶ 3 & 7. Under the CMI claim, he prays for actual damages and profits or, in the alternative, statutory damages. *Id.*, Prayer for Relief ¶¶ 4 & 6. But Bradley has shown no basis for recovery. He failed to meet his duty under the Federal Rules of Civil Procedure to disclose and produce evidentiary materials that support his claims. As a result, this Court should grant Analytical's motion to exclude such evidence or argument and dismiss with prejudice Bradley's claims for actual damages, profits, and punitive damages because he cannot establish them.

**A.      Bradley failed to comply with Rule 26 by providing a computation of damages.**

Under Rule 26, a plaintiff's initial disclosures must include:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). Bradley's disclosure fails to offers a computation of any damages or profits claimed. Indeed, it concedes that he would not even estimate either category.

> Plaintiff refers Defendant to the Complaint for an itemization of the types of damages suffered. As Plaintiff has not yet obtained discovery of Defendant's financial, sales and other relevant records, Plaintiff cannot make a reasonable estimate of the damages sustained or infringing profits he may recover as a result of Defendant's actions. Plaintiff's reserves his right as to if he will seek actual or statutory damages.

Plaintiff Matthew Bradley Rule 26(a)(1) Initial Disclosures p. 3 ("Statement of Basis for Damages") (Declaration of Daniel Booth, Ex. 1).

Bradley's reference to his complaint for an "itemization" was a red herring. Nothing in the complaint resembles the required computations. *See* DE 1. And his reservation of a "right" to elect actual or statutory damages did not entitle him to withhold any computation or evidence of actual damages. Nor did it render any undisclosed evidence of actual damages or profits admissible:

> Plaintiff's failure to disclose—or request—during discovery any evidence of actual damages renders meaningless Plaintiff's statutory election of remedies. … [S]uch election is still available to Plaintiff, *albeit no undisclosed evidence going to actual damages shall be admissible*. …
>
> [Plaintiff also] failed to provide any computation of … profit damages under Rule 26(a)(1)(A)(iii). … And he cannot estimate those profits because he has no expert witnesses. … [Plaintiff] will be unable to put on evidence of revenues generated from the alleged infringement … absent admissible evidence, no such damages may be proven.

*Clinton v. Adams*, No. CV 10-9476 ODW (PLAx), 2012 U.S. Dist. LEXIS 196209, *6-9 (C.D. Cal. May 7, 2012) (emphasis added).

Bradley stated in the Rule 26(f) Report that he seeks only actual damages and profits

under the copyright claim. DE 18 ¶ 3. This is because Analytical's use of the photograph on Facebook preceded his copyright registration by more than a year, so statutory damages are unavailable to him under 17 U.S.C. § 412. *Id.*; *see also Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 329-30 (4th Cir. 2007) ("Not every copyright owner is eligible to seek statutory damages."). The pleadings established Analytical's prior use. *See* DE 1, 2 (Analytical's Facebook post dated December 16, 2017); DE 1 ¶ 9 (complaint citing Copyright Registration No. VA 2-133-725 for the photograph); DE 12 at Counterclaim ¶ 19 (noting that Registration No. VA 2-133-725 issued January 3, 2019), DE 15 ¶ 19 (admitting Counterclaim ¶ 19).

And though the complaint also included a prayer to "be awarded punitive damages for copyright infringement," DE 1, Prayer for Relief ¶ 7, there is no such remedy. This is a copyright action and "the Copyright Act does not authorize punitive damages." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 545 (4th Cir. 2007) (citing *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2005) and 17 U.S.C. §§ 504 & 505); see also *LTVN Holdings, LLC v. Odeh*, Civ. A. No. CCB-09-789, 2010 U.S. Dist. LEXIS 63164, *8-9 (D. Md. June 25, 2010) (distinguishing contrary authority); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001). An award of damages and profits under Section 504(b) "is not designed … to be punitive." *Walker v. Forbes, Inc.*, 28 F.3d 409, 415 (4th Cir. 1994) (citing *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940)). If there were such a remedy, it would not be available to Bradley because he omitted any basis for it from both the joint Rule 26(f) Report and his Rule 26(a) Initial Disclosures. *See* Declaration of D. Booth, Ex. 1; DE 18 ¶ A(3). He disclosed no evidence or argument that would allow punitive damages, and may not do so now. Thus, the only infringement remedies that Bradley sought in the complaint that could have been viable as a matter of law were actual damages and any additional profits. *See* 17 U.S.C. § 504.

But Bradley's "Statement of Basis of Damages" disclosed little more than a blank page. A Rule 26(a) disclosure "must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, *3 (E.D.N.C. May 7, 2012) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)), *aff'd on other grounds*, 551 Fed. Appx. 646, 650 (4th Cir. 2014). "[T]he rule 'contemplates some analysis, including an analysis of the damages sought as to each claim." *Id.* at *11 (quoting *City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003)). Bradley failed to disclose "specific damages computations supported by documentary evidence." *Id.* at *13.

Moreover, litigants are obligated to supplement such facially deficient disclosures:

A party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e)(1)(A). The Case Management Order set a March 24, 2020 deadline for all supplementation and required that the parties "must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment." DE 20 ¶ A(10). Yet Bradley failed to supplement his admittedly incomplete disclosure. He has never provided a computation of the actual damages and profits to which he claims he is entitled, under both his infringement claim and his CMI removal claim.

**B.  Bradley's failure to comply with Rule 26 requires exclusion under Rule 37.**

Bradley's failure requires the imposition of preclusive sanctions. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37 "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision [37](a)(2)(A)." Fed. R. Civ. P. 37 (1993 adv. comm. note). "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Exclusion is an "automatic sanction." *Id.* at 595 n. 2. Due to his nondisclosure of his computation of damages and his failure to supplement, he is forbidden to

**C.    Bradley's failure to comply with Rule 26 was not harmless or substantially justified.**

Rule 37(c)(1) "requires witness and information exclusion for an untimely disclosure, unless the violation is substantially justified or harmless." *Nelson-Sabales, Inc. v. Morningside Dev.*, 284 F.3d 505, 512 n. 10 (4th Cir. 2002). The nondisclosing party has the burden to show that failure was substantially justified or harmless. *Id.*; *S. States*, 318 F.3d at 596. It was neither.

A five-factor test guides the evaluation of a failure to disclose under Rule 37:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States*, 318 F.3d at 597; *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014). The first four factors relate primarily to harmlessness and the fifth relates mainly to substantial justification. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). The Court need not expressly consider each factor before sanctioning the nondisclosing party. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011). In this case, all five factors support preclusive sanctions.

**1.    Any evidence or argument on actual damages or profits from Bradley would be an unfair surprise.**

Bradley has no notice of the amount of money damages that Bradley may claim or what calculations and documents he may have used to determine that amount. After the close of

discovery, it would be an unfair surprise to allow Bradley to introduce evidence or argument of any actual damages or of Analytical's alleged profits due to its fleeting Facebook repost.

A plaintiff must prove that an alleged infringement caused him to lose money. *Dash v. Mayweather*, 731 F.3d 303, 313 (4th Cir. 2013), *cert. denied*, 572 U.S. 1034 (2014). "[E]vidence of a copyright holder's prior licensing or valuation of his work can provide sufficient support for his actual damages claim," but its absence defeats the claim. *Id.* at 317. On the available evidence, Bradley suffered no loss. His discovery responses essentially disavowed any basis for his claims for actual damages. He admitted that he has no documents showing any damages suffered or injury caused by the use of his photograph or by the alleged CMI violation. Plaintiff Matthew Bradley's Objections and Responses to Defendant's First Request for Production of Documents at Response No. 28 & 32 (Declaration of D. Booth, Ex. 2). He likewise admitted that he has no documents showing that Analytical's Facebook repost has, or is reasonably likely to have, any effect on the market for, potential market for, or value of the photograph, or any derivative works. *Id.* at Response No. 26. He has no documents evidencing any sale, rental, lease, loan, license, or transfer of the photograph; or that it has ever generated any revenue; or that he had any intent to sell, market, or otherwise profit from it. *Id.* at Response No. 18-20. For that matter, he has no documents relating to any sale, or licensing for financial benefit, of any photograph he has ever taken. *Id.* at Response No. 3-4. On January 22, 2020—three months after his Initial Disclosures, seven weeks after his Responses to Analytical's Requests for Production, and six weeks after his deposition—Bradley uploaded the photograph to a T-shirt print-on-demand website, and supplemented his production the next day with a link to that website. *See* Declaration of D. Booth, Exs. 3, 4, 5. That does not salvage his claim. Nothing in that link shows that any T-shirts have been sold, printed, ordered, or even made available to the public.

Declaration of D. Booth, Ex. 5. He has not supplemented his discovery responses since. It is now too late to produce evidence or argument of actual damages.

It is also too late for him to begin to make out a case for profits. A copyright holder must "show that his work had a fair market value" before he can recover profits under 17 U.S.C. § 504(b). *Dash*, 731 F.3d at 324 (citing *On Davis*, 246 F.3d at 166). The "fact of use" alone does not suffice. *Id.* Bradley's admission that he has no concrete evidence that the photograph ever brought him revenue cannot be contradicted at this stage. Declaration of D. Booth, Ex. 2, Response No. 20.

Moreover, Analytical disclosed from the outset that it had no revenue attributable to its use of the photograph. Analytical Grammar, Inc.'s Initial Disclosure Statement Under Fed. R. Civ. P. 26(a)(1) (Declaration of D. Booth, Ex. 6); *see also* DE 18 ¶ A(3). Under *Dash*, a copyright plaintiff seeking profits must show that a connection between the use and a particular revenue stream is plausible, and must offer evidence of a causal link between the two. *Dash*, 731 F.3d at 328-30 (citing *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 520-25 (4th Cir. 2003)). He "has an affirmative duty to prove the defendant's 'gross revenue reasonably related to the infringement.' " *Dash*, 731 F.3d at 329 (quoting *Bouchat*, 346 F.3d at 518). And he must show a "rational connection between the particular source of revenue and the act of infringement." *Bouchat*, 346 F.3d at 518. Specifically, he must "show that the alleged infringement increased the revenue streams." *Sinclair Broad. Grp., Inc. v. Colour Basics, LLC*, Civil No. CCB-14-2614, 2017 U.S. Dist. LEXIS 29352, *4 (D. Md. Mar. 2, 2017) (citing *Dash*, 731 F.3d at 330, 332).

Bradley cannot meet his burden. He identified no revenues reasonably related to the Facebook repost; he disclosed no evidence of a causal link; and he provided no computation

showing an increase in revenue. Instead, he admitted that he has no evidence in support. *See* Declaration of D. Booth, Ex. 2, Response No. 26. And Analytical produced evidence demonstrating that its Facebook repost did not generate any sales at all. As it explained in support of its motion for summary judgment, in the weeks after the repost Analytical made only one sale to a customer traceable to Facebook, and that customer was not introduced to Analytical's Facebook page by the repost because he had been following Analytical on Facebook for months by then. *See Bouchat*, 346 F.3d at 524 (plaintiff could not recover profit damages because he failed to show a nonspeculative causal link between the infringing use and its revenues, and because the defendants provided unrebutted evidence that the claimed revenues were attributable to factors other than the infringement).

Analytical would be unfairly surprised by any evidence or argument on actual damages or profits when the time has passed to explore their merits through discovery.

**2. The surprise cannot be cured without causing Analytical further prejudice.**

Failing to provide the computation and analysis required by Rule 26(a)(1)(A)(iii) is inherently prejudicial because it deprives the opposing party of the opportunity "to meet that evidence via cross examination and via evidence in its rebuttal case (such as its own expert witness)." *Silicon Knights*, 2012 U.S. Dist. LEXIS 63707, *21-22.

Analytical built its case around the absence of recoverable damages and profits because there was no contrary showing and no claimed computation identifying any recoverable amounts. Discovery is complete. Analytical has already deposed Bradley, participated in mediation, produced its expert's report, and moved for summary judgment, all in the absence of any evidence that Bradley suffered damages at all, or that any of its revenues are recoverable profits. It would be sorely prejudiced if Bradley were permitted to "cure" his failure because it could

8

Case 5:19-cv-00249-FL   Document 33   Filed 07/17/20   Page 8 of 13

only be cured by reopening discovery, putting Analytical to even more unreasonable expense.

**3. Considering any belated evidence or argument from Bradley on damages or profits would disrupt the orderly progress of this action toward trial.**

"Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278-79 (4th Cir. 2005) (affirming Rule 37 sanctions). The Case Management Order further explained why complete and timely supplementation is mandatory: "to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up written discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires." DE 20 ¶ A(10). The Court specifically warned of the consequence of failing to timely supplement disclosures.

> Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.

*Id.* (citing Fed. R. Civ. P. 37(c)(1)).

Analytical's expert Aram Sinnreich offered opinion testimony about "customs and norms related to memes in social media" as they pertain to, among other things, "any effect of [Analytical's] use on the potential market for or value of the photograph." Analytical Grammar Inc.'s Expert Designation (Declaration of D. Booth, Ex. 7). "Actual damages for infringement are measured according to market value," so a timely computation of damages, with supporting documentation, would have been squarely relevant to Professor Sinnreich's opinion. *Christopher Phelps & Assocs.*, 492 F.3d at 539; *accord Sinclair Broad. Grp.*, 2017 U.S. Dist. LEXIS 29352, *28 ("Under the Copyright Act, actual damages represent 'the extent to which infringement has

injured or destroyed the market value of the copyrighted work at the time of infringement.'") (quoting 5 Melvin B. Nimmer & David Nimmer, Nimmer on Copyright § 14.02[A]). His opinion should not be subject to contradiction on previously undisclosed grounds.

**4.     Any undisclosed evidence of damages and recoverable profits is critically important.**

Damages are central to civil litigation, and the parties recognized that proof of damages and profits would be a material issue in dispute. As stated in the Rule 26(f) Report, "Analytical contends that its use of the photograph was not a copyright infringement, and in any case, caused no actual damages, and generated no profits." DE 18 ¶ A(3). Analytical likewise denied both liability and any actual damages or profits under the CMI claim. *Id.*

Any contrary evidence would be especially critical for Bradley's case because he seeks only money damages, not injunctive relief. *See* DE 1 ¶ 1 & Prayer for Relief. Yet he identified no basis for relief on a copyright infringement claim for actual damages and profits. Any basis had to be disclosed eight months ago, or in a supplemental disclosure by March 24, 2020. Bradley's failure to disclose was highly consequential and he must bear the consequences.

**5.     Bradley has no explanation for failing to disclose evidence of damages or profits.**

Bradley's Initial Disclosures claimed that he could not "make a reasonable estimate of the damages sustained" without Analytical's "financial, sales and other relevant records." Declaration of D. Booth, Ex. 1 p. 3. That is unreasonable because any actual damages are distinct from any profits, and are not a function of anything that Analytical's records could reveal. *See Trana Discovery, Inc. v. S. Research Inst.*, No. 5:13-cv-848-BO, 2017 U.S. Dist. LEXIS 137716, *20 (E.D.N.C. Aug. 28, 2017) (imposing Rule 37(c)(1) sanctions on plaintiff that "should have known the precise amount of its damages on the day it filed its complaint").

Bradley also claimed that he needed the same discovery before he could even estimate

recoverable profits. Declaration of D. Booth, Ex. 1 p. 3. But even when he received it, Bradley did not supplement his disclosure. Analytical produced everything relevant that Bradley requested in discovery, and repeatedly supplemented its own disclosures, written responses, and document production without further request. He never identified any deficiency in the production, raised any objections, or sought any further discovery. Without explanation, Bradley never bothered to provide Analytical with the mandated disclosure of the basis for his claims for relief.

Bradley did not contend that any evidence of damages was privileged or otherwise protected from disclosure under Rule 26(a)(1)(A)(iii). Instead his responses to Analytical's requests for production conceded that no such evidence existed. *See* Declaration of D. Booth, Ex. 2 at Response No. 26, 28, 32. Allowing untimely supplementation or contrary argument would not be justified or fair.

**D.  Dispositive sanctions are warranted.**

No factual basis for Bradley's claims for damages and profits was disclosed or supported during discovery. Under Rule 37(c)(1), he may not now present undisclosed evidence or arguments to keep those claims alive.

Because Bradley seeks only monetary relief, precluding him from supporting such forms of relief will be effectively dispositive. Even if he could prove liability on either claim—and he cannot, as Analytical shows in support of its separate motion for summary judgment—Analytical would be entitled to summary judgment on the issue of copyright damages because Bradley "has not presented evidence showing a dispute in fact as to money damages, the only relief he seeks." *Bailey v. Wash. Area Council of Eng'g Labs.*, Civ. A. No. 5:14-cv-59, 2017 U.S. Dist. LEXIS 97805, *43 (W.D. Va. June 23, 2017). Such strong medicine is wholly appropriate. "Courts have

upheld the [Rule 37(c)(1)] sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). See also *Dash*, 731 F.3d at 310 (affirming dismissal of copyright case after district court granted summary judgment to defendant on actual damages and profits claims without proceeding to liability stage).

Therefore, Bradley should be excluded from making any damages case pursuant to Rule 37(c).

Dated: July 17, 2020

> Respectfully submitted,
>
> Analytical Grammar, Inc.
>
> By its attorneys:
>
> DAN BOOTH LAW LLP
>
> /s/ Dan Booth
> Daniel G. Booth
> 60 Thoreau Street, #121
> Concord, MA 01742
> dan@danboothlaw.com
> Local Civil Rule 83.1(e) Special Appearance
>
> PARKER POE ADAMS & BERNSTEIN LLP
>
> Christopher M. Thomas
> N.C. State Bar No. 31834
> christhomas@parkerpoe.com
> PNC Plaza
> 301 Fayetteville Street, Suite 1400 (27601)
> P.O. Box 389
> Raleigh, North Carolina 27602-0389
> Telephone: (919) 835-4626
> Facsimile: (919) 834-4564
> Local Civil Rule 83.1(d) Counsel

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Albert P. Allan
ALLAN LAW FIRM, PLLC
435 East Morehead Street
Charlotte, NC 28202
Email: alallan@allaniplitigation.com

This the 17th day of July, 2020.

/s/ Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel