**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-249-FL**

| | |
|---|---|
| MATTHEW BRADLEY, ) | **DECLARATION OF DAN BOOTH IN** |
| ) | **SUPPORT OF DEFENDANT** |
| Plaintiff, ) | **ANALYTICAL GRAMMAR, INC.'S** |
| v. ) | **MOTION TO EXCLUDE** |
| ) | **UNDISCLOSED EVIDENCE AND** |
| ANALYTICAL GRAMMAR, INC., ) | **ARGUMENT ON DAMAGES AND** |
| ) | **PROFITS UNDER FED. R. CIV. P. 37(c)** |
| Defendant. ) | |

Exhibit 2: Plaintiff Matthew Bradley's Responses to Defendant's First Request for Production of Documents

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW BRADLEY,<br>                         Plaintiff,<br><br>  - against -<br><br><br>ANALYTICAL GRAMMAR, INC.<br>                         Defendant. | Case No. 5:19-cv-249 (FL) |

**PLAINTIFF MATTHEW BRADLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Matthew Bradley ("Plaintiff"), by his counsel, Liebowitz Law Firm, PLLC, responds as follows to Analytical Grammar, Inc.'s First Set of Requests for the Production of Documents (the "Requests," and each individually, a "Request"):

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms

1

contained in the Local Rules of the U.S. District Court for the Eastern District of North Carolina (the "EDNC").

3. Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4. Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5. Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege. Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6. Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7. Plaintiff objects to each Request insofar as it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret. To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9. Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited amount of documents will sufficiently provide the necessary information.

10. Plaintiff objects to every Request to the extent it is not limited as to time.

11. Plaintiff objects to every request that seeks documents prior to July 2017 (or one year before the infringement). Unless specifically noted otherwise, Plaintiff generally will produce responsive documents relating to at least the time period of July 2017 until the filing of the Complaint in this action.

12. Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13. Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14. Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15. Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16. Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to alter, amend, or supplement its responses at any time.

17. Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

Document Request No. 1. *Documents sufficient to identify the nature and financial resources of the business(es) conducted by Plaintiff.*

**Response to Document Request No. 1**: Plaintiff objects to Request No. 1 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Document Request No. 2. *All documents and communications relating to any business conducted by Plaintiff as a professional photographer.*

**Response to Document Request No. 2**: Plaintiff does not have any documents in his possession responsive to Request No. 2.

Document Request No. 3. *All documents and communications relating to any sale of any photograph taken by Plaintiff.*

**Response to Document Request No. 3**: Plaintiff does not have any documents in his possession responsive to Request No. 3.

Document Request No. 4: *All documents and communications relating to any licensing for financial benefit of any photograph taken by Plaintiff.*

**Response to Document Request No. 4**: Plaintiff does not have any documents in his possession responsive to Request No. 4.

Document Request No. 5: *All communications between Defendant and Plaintiff or any of their respective officers, directors, employees, agents, attorneys, or representatives.*

**Response to Document Request No. 5**: To the extent Request No. 5 seeks pre-filing communications, Plaintiff does not have any documents in his possession responsive to Request No. 4. With respect to post-filing communications, Defendant already has all documents in its possession responsive to this Request.

Document Request No. 6: *All documents and communications relating to this Action.*

**Response to Document Request No. 6**: Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in his possession responsive to Request No. 6.

Document Request No. 7: *All documents and communications relating to the Photograph.*

**Response to Document Request No. 7**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 7.

Document Request No. 8: *Documents sufficient to show the date and manner in which the Photograph was created.*

**Response to Document Request No. 8**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 8.

Document Request No. 9: *Documents sufficient to show the date and manner in which the Photograph was first posted, published, or publicly displayed.*

**Response to Document Request No. 9**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 9.

Document Request No. 10: *All documents showing any text Plaintiff provided with or overlaid onto the Photograph, on Facebook or elsewhere online, and the date on which each such text appeared online, whether at the time the Photograph was posted or thereafter.*

**Response to Document Request No. 10**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 10.

Document Request No. 11: *Documents showing the terms of service of Facebook, and of any other website where you posted the Photograph, effective as of the date when you posted the Photograph thereon.*

**Response to Document Request No. 11**: Plaintiff objects to Request No. 11 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Further, Plaintiff does not have any documents in his possession responsive to Request No. 11.

Document Request No. 12: *All documents relating to any terms or conditions that you placed on the sharing, reposting, or other distribution of the Photograph by third parties, including the date on which you made any such terms or conditions known.*

**Response to Document Request No. 12**: Plaintiff does not have any documents in his possession responsive to Request No. 12.

Document Request No. 13:  *Documents sufficient to show any and all sharing, reposting, or other distribution of the Photograph by third parties that Plaintiff celebrated, hailed, approved, or assented to, tacitly or expressly.*

**Response to Document Request No. 13**: Plaintiff does not have any documents in his possession responsive to Request No. 13.

Document Request No. 14: *All documents showing Plaintiff celebrating, hailing, approving, or assenting to, tacitly or expressly, any and all sharing, reposting, or other distribution of the Photograph by third parties.*

**Response to Document Request No. 14**: Plaintiff does not have any documents in his possession responsive to Request No. 14.

Document Request No. 15: *All documents, created at any time, and that Plaintiff saw at any time before the Photograph was taken, relating to a photograph or other graphic or visual material that depicts or illustrates the phrase "wrong on so many levels" or similar phrase in a visual "play on words."*

**Response to Document Request No. 15**: Plaintiff does not have any documents in his possession responsive to Request No. 15.

Document Request No. 16: *All documents and communications relating to any copyright, application to register copyright, and copyright registration for the Photograph and any Matthew Bradley photograph, including all communications with the United States Copyright Office relating thereto, including without limitation United States Copyright Office Registration No. VAu001355121 and VA0002133725.*

**Response to Document Request No. 16**:  Plaintiff objects to Request No. 16 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant.  Plaintiff further objects to Request No. 16 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records.  Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in her possession responsive to Request No. 16.

Document Request No. 17:  *Documents sufficient to identify the date, content, format, and accompanying text of each publication or public display of the Photograph that Plaintiff made, licensed, allowed, sanctioned, permitted, or authorized, including any and all alterations to the Photograph or to any accompanying text.*

**Response to Document Request No. 17**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 17.

Document Request No. 18: *All documents relating to any sale, rental, lease, loan, license, transfer, or disposal of the Photograph that Plaintiff made, offered, or authorized, including any contract, license, or other agreement.*

**Response to Document Request No. 18**: Plaintiff does not have any documents in his possession responsive to Request No. 18.

Document Request No. 19: *Documents sufficient to identify the total amount of revenue Plaintiff has generated each year from the Photograph.*

**Response to Document Request No. 19**: Plaintiff does not have any documents in his possession responsive to Request No. 19.

Document Request No. 20: *All documents relating to any intent Plaintiff has had to sell, market, or otherwise profit from the Photograph.*

**Response to Document Request No. 20**: Plaintiff does not have any documents in his possession responsive to Request No. 20.

Document Request No. 21: *All documents relating to any policy, practice, or protocol of Plaintiff relating to the licensing of the Photograph.*

**Response to Document Request No. 21**: Plaintiff does not have any documents in his possession responsive to Request No. 21.

Document Request No. 22: *Documents sufficient to show and identify any photograph or other creative work that Plaintiff created or authored and posted online, with the intent, desire, aim, hope, or purpose that it would become a meme.*

**Response to Document Request No. 22**: Plaintiff does not have any documents in his

possession responsive to Request No. 22.

Document Request No. 23: *Any meme created or authored by a third party that Plaintiff shared or reposted online.*

**Response to Document Request No. 23**: Plaintiff does not have any documents in his

possession responsive to Request No. 23.

Document Request No. 24: *All documents related to Defendant's use of the Photograph.*

**Response to Document Request No. 24**: Subject to the foregoing General Objections, Plaintiff

shall produce all documents in his possession responsive to Request No. 24.

Document Request No. 25: *Documents sufficient to identify the date on which and means by which you learned of Defendant's use of the Photograph.*

**Response to Document Request No. 25**: Plaintiff objects to Request No. 25 on grounds that such communications are protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects on grounds that Request No. 25 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Document Request No. 26: *All documents showing any effect that any Defendant use of the Photograph has had, or is reasonably likely to have, on the market for, potential market for, or value of the Photograph or any derivative works.*

**Response to Document Request No. 26**: Plaintiff does not have any documents in his possession responsive to Request No. 26.

Document Request No. 27: *Documents and communications sufficient to show any unauthorized third-party use of the Photograph and any measures you have taken in response thereto.*

**Response to Document Request No. 27:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 27.

Document Request No. 28: *All documents showing any damages you have suffered or injury you have been caused by Defendant's use of the Photograph, and the dates when any such damages or injuries accrued.*

**Response to Document Request No. 28**: Plaintiff does not have any documents in his possession responsive to Request No. 28.

Document Request No. 29: *All documents relating to any copyright management information Plaintiff conveyed in connection with the Photograph.*

**Response to Document Request No. 29**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 29.

Document Request No. 30: *Documents sufficient to show the dates when and manner by which Plaintiff conveyed copyright management information in connection with the Photograph.*

**Response to Document Request No. 30**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 30.

Document Request No. 31: *All documents relating to, and sufficient to identify, any copyright management information conveyed by Plaintiff in connection with the Photograph, that Plaintiff alleges that Defendant falsified, altered, or removed.*

**Response to Document Request No. 31**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 31.

Document Request No. 32: *All documents showing or relating to any damages you have suffered or injury you have been caused by Defendant's alleged falsification, alteration, or removal of any copyright management information conveyed by Plaintiff in connection with the Photograph, and the dates when any such damages or injuries accrued.*

**Response to Document Request No. 32**: Plaintiff does not have any documents in his possession responsive to Request No. 32.

Document Request No. 33: *All Documents and Communications you intend to rely on in support of each averment or allegation set forth in your Complaint or any amended complaint.*

**Response to Document Request No. 33**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 33.

Document Request No. 34: *All Documents and Communications you intend to rely on in support of each element of the Prayer for Relief set forth in your Complaint or any amended complaint.*

**Response to Document Request No. 34**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 34.

Document Request No. 35: *All Documents and Communications you intend to rely on in opposing each affirmative defense Defendant raised in its Answer, or any amended answer, to*

*the Complaint or any amended complaint.*

**Response to Document Request No. 35**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 35.

Document Request No. 36:  *All Documents and Communications you intend to rely on in support of each averment or allegation set forth in your Answer and Affirmative Defense to counterclaims raised in Defendant's Answer, or any amended answer, to the Complaint or any amended complaint.*

**Response to Document Request No. 36**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 36.

Document Request No. 37:  *All Documents and Communications used, referred to, or relied upon in responding to any Interrogatory or Request for Admission served by Defendant in this Action.*

**Response to Document Request No. 37**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 37.

Document Request No. 38:  *All Documents and Communications used, referred to, or relied upon in your Initial Disclosures in this Action.*

**Response to Document Request No. 38**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 38.

Document Request No. 39:  *All Documents and things on which you or any of your witnesses intend to rely in this Action.*

**Response to Document Request No. 39**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No. 39.

Document Request No. 40: *Documents sufficient to identify any prior civil action in which any of Plaintiff's counsel in this Action represented a plaintiff raising a claim of copyright infringement relating to distribution or public display of a meme.*

**Response to Document Request No. 40**: Plaintiff objects to Request No. 40 on grounds that it is overly broad and unduly burdensome. Plaintiff objects to Request No. 40 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects on grounds that Request No. 40 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Dated: December 2, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardpliebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on December 2, 2019 to counsel listed below.


Dan Booth (special appearance entered)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, Massachusetts 01742
 dan@danboothlaw.com
Massachusetts Bar No. 672090

*Attorney for Defendant*
*Analytical Grammar, Inc.*

                                                  By: /richardliebowitz/
                                                      Richard Liebowitz, Esq.
                                                        Liebowitz Law Firm PLLC
                                                        rl@liebowitzlawfirm.com