IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY, | ) | **DECLARATION OF DAN BOOTH IN SUPPORT OF DEFENDANT ANALYTICAL GRAMMAR, INC.'S MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND ARGUMENT ON DAMAGES AND PROFITS UNDER FED. R. CIV. P. 37(c)** |
| Plaintiff, | ) | |
| v. | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| Defendant. | ) | |

Exhibit 3: Email from Dan Booth to counsel for Plaintiff Matthew Bradley dated January 20, 2020

**From:** Dan dan@danboothlaw.com
**Subject:** Bradley v. Analytical Grammar - Discovery Issues
**Date:** January 20, 2020 at 6:05 PM
**To:** Richard Liebowitz RL@liebowitzlawfirm.com, Seth Hudson SHudson@WorldPatents.com, Albert P. Allan alallan@allaniplitigation.com
**Cc:** Thomas, Christopher M. christhomas@parkerpoe.com, Lawson, Catherine R. L. catherinelawson@parkerpoe.com

Counsel,

The transcript of Mr. Bradley's December 12 deposition reveals a few issues we need to address regarding Plaintiff's production of documents.

First, Mr. Bradley testified that he had contacted five websites that had posted the photograph. Documents regarding only two of the websites, imgur and Reddit, were produced (MB_073, MB_075, MB_076). He did not identify the other three websites during the deposition, and he has not produced any documents about them. But he testified that he has a Word document with information about the other three websites, and that he had provided it to his counsel. It has not been produced to Analytical, more than a month after the deposition. We need to see it. Please produce it, and any other documents responsive to Request No. 27, no later than Thursday, January 23, 2020.

Second, he testified that he had set up a Custom Ink account after responding to Analytical's interrogatories. No documents have been produced related to the account, but based on his testimony and his response to Interrogatory No. 4, any documents related to the account are responsive to at least Analytical's Document Request No. 20. Please supplement the production with all documents related to the Custom Ink account by no later than Thursday, January 23, 2020.

Third, during the deposition, Mr. Allan requested a clawback of MB_087. The document was not identified in your privilege log. It was part of your supplemental production, after counsel conferred, which you produced as part of resolving a dispute over your compliance with our discovery requests. Please confirm, on or before Thursday, January 23, 2020, that you will not seek to claw back that document or any others.

Fourth, Mr. Bradley testified that metadata on the Photograph was provided to counsel that identifies him as the photographer. He also conceded that the metadata was not within the document produced as "Dec. 17 Post.PDF" (MB_012-66). Analytical's requests for production specifically sought any responsive metadata, and it appears responsive to at least Analytical's Document Request No. 29 & 30. But it is appears that the metadata is not relevant to his claims, since he also testified that no CMI other than his name was conveyed with the Photograph when he posted it on Facebook was his name (he contended that his Facebook username counts as CMI). We must require production of the metadata, unless we have your word that it is not relevant to Mr. Bradley's claims. So, by no later than Thursday, January 23, 2020, either produce the metadata, or confirm that Mr. Bradley will not contend that it is material to any claim or defense.

If you are unable to comply with these requests, please provide all times on January 23, 24, or 27 when you would be available for a call with the Court prior to a discovery motion. Glad to discuss before then if you have any questions. Thank you.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
646-573-6596
dan@danboothlaw.com