# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, | ) |
| Plaintiff, | ) ANALYTICAL GRAMMAR, |
| v. | ) INC.'S RESPONSES TO |
| | ) PLAINTIFF'S FIRST SET |
| ANALYTICAL GRAMMAR, INC., | ) OF INTERROGATORIES |
| Defendant. | ) |

Defendant Analytical Grammar, Inc. responds as follows to Plaintiff's First Set of Interrogatories in accordance with the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure and Case Management Order ¶ A.5. These responses are based on the information reasonably available to Defendant at this time, and Defendant expressly reserves the right to withdraw, amend, and supplement the information set forth below, as needed and to the extent permitted under Rule 36(b).

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories, Definitions, and Instructions to the extent that they purport to impose any burden beyond compliance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendant objects to Definition No. 4 ("The term 'Photograph' means the photograph of a wrong tapped, as depicted in Exhibit A to the Complaint.") to the extent that the term "a wrong tapped" is vague and incoherent. In its responses to Interrogatories that include the term "Photograph" and Interrogatories that include the term "Website" (whose definition, according to the Definitions, itself includes

1

the defined term "Photograph"), Defendant construes "Photograph" to mean the photograph depicted in Exhibit A of the Complaint.

3. Defendant objects to Definition No. 5 ("The term 'Website' means the URL at https://www.facebook.com/analyticalgrammar/posts/this-is-wrong-on-so-manylevels/10154982827941891/ where the Photograph was displayed by defendant as of the time this lawsuit was filed.") to the extent that it is unclear and subject to varying interpretations: the URL, or the particular Facebook post displayed at that URL. In its responses to Interrogatories that include the term "Website" Defendant construes "Website" to mean that particular Facebook post.

4. Defendant objects to Instruction No. 6 to the extent it requests that Defendant identify, provide, or log privileged materials being withheld that were created after the commencement of this Action on June 18, 2019. Defendant will identify and provide responsive, non-privileged materials that were created on or before June 18, 2019, and will log any responsive, privileged materials being withheld that were created on or before June 18, 2019.

5. Defendant objects that the time period designated ("Unless otherwise specifically stated, the answers sought are those concerning the following time period: January 1, 2016 to the date of these Interrogatories (the 'Time Period')." [that is, October 23, 2019]) requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify all website domains where defendant published the Photograph.

**Response to Interrogatory No. 1**

Subject to Objection No. 2 above, Defendant responds: Facebook.com

**Interrogatory No. 2**

Identify any websites and URLs from where defendant obtained the Photograph.

**Response to Interrogatory No. 2**

Subject to Objection No. 2 above, Defendant responds: facebook.com/analyticalgrammar/inbox/?mailbox_id=131324516890&selected_item_id=594009886 and AG0001

**Interrogatory No. 3**

Identify all persons from whom defendant obtained the Photograph.

**Response to Interrogatory No. 3**

Subject to Objection No. 2 above, Defendant responds: Upon information and belief, Gene Boecker

**Interrogatory No. 4**

Identify all persons who found, decided to use, and/or edited the Photograph.

**Response to Interrogatory No. 4**

Defendant objects that Interrogatory No. 4 is vague to the extent that "found" could be construed broadly to request that Defendant identify any person who saw the Photograph. Responding to such a request would be unfeasible and unreasonable. Defendant construes Interrogatory No. 4 as limited to requesting only the identity of persons pertinent to this Action who were identified in Defendant's Initial Disclosures. Defendant further objects that Interrogatory No. 4 is unclear to the extent that "edited" is subject to multiple interpretations, including modified or altered before publication, or simply selected for publication without modification. Subject to those objections and Objection No. 2 above, Defendant responds: Upon information and belief, Gene Boecker found the Photograph and decided to use it by sending it to Defendant. Melissa Kenney found the Photograph in a Facebook Message sent by Gene Boecker and decided to use the Photograph on the Facebook page operated by Defendant. Upon information and belief, Matthew Bradley edited the Photograph (in the sense of simple selection) when he decided to use it on his Facebook page in 2017, and again edited the Photograph (in the sense of modification or alteration) in 2018 when he removed the Photograph from his Facebook page, overlaid text on top of the Photograph, and then republished the modified Photograph on his Facebook page.

**Interrogatory No. 5**

Identify all persons with knowledge or information concerning the posting, display and publication of the Photograph on the Website.

**Response to Interrogatory No. 5**

Subject to Objection No. 2 & 3 above, Defendant responds: Erin Karl and Melissa Kenney

**Interrogatory No. 6**

Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information relevant to Defendants' publication of the Photograph on the Website.

**Response to Interrogatory No. 6**

Subject to Objection No. 2 & 3 above, Defendant responds: Erin Karl and Melissa Kenney

**Interrogatory No. 7**

Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

**Response to Interrogatory No. 7**

Subject to Objection No. 3 above, Defendant responds: Erin Karl

**Interrogatory No. 8**

Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Website.

**Response to Interrogatory No. 8**

Subject to Objection No. 3 above, Defendant responds: Erin Karl

**Interrogatory No. 9**

Identify all persons with knowledge or information about defendant's procedures, policies or practices for licensing photographic content.

**Response to Interrogatory No. 9**

Defendant objects to Interrogatory No. 9 to the extent that it requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to that objection, Defendant responds: Erin Karl and Melissa Kenney

**Interrogatory No. 10**

Identify all persons with knowledge or information about defendant's attempts to secure the rights to the Photograph prior to its publication on the Website.

**Response to Interrogatory No. 10**

Subject to Objection No. 2 & 3 above, Defendant responds: Erin Karl and Melissa Kenney

**Interrogatory No. 11**

Identify all persons with supervisory control over the editorial process concerning the Website.

**Response to Interrogatory No. 11**

Defendant objects to the extent that the terms "supervisory control" and "editorial process" are undefined and unclear. Defendant further objects to the term "supervisory control" to the extent that it seeks a legal opinion of an undefined term. In particular, Defendant objects that those terms are unclear in the context of an Interrogatory concerning the "Website," a term defined in Definition No. 5 as the URL of a particular Facebook post. Subject to those objections and Objection No. 3 above, in this response Defendant construes the Interrogatory as seeking the identity of all persons who put the post on Facebook at the URL identified in Definition No. 5.

So construed, Defendant responds: Melissa Kenney

**Interrogatory No. 12**

Identify the name of defendant's in-house counsel who oversees defendant's standards, practices or policies for licensing photographs.

**Response to Interrogatory No. 12**

Defendant objects to Interrogatory No. 12 to the extent that it requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Subject to that objection, Defendant responds: Defendant does not have "in-house counsel."

**Interrogatory No. 13**

Identify the name of any employee who interacts with defendant's counsel in assessing whether defendant's use of the Photograph requires a license.

**Response to Interrogatory No. 13**

Defendant objects to Interrogatory No. 13 to the extent that it requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant further objects to Interrogatory No. 13 to the extent that it requests information that is subject to attorney-client privilege. Subject to those objections and Objection No. 2 above, Defendant construes Interrogatory No. 13 as seeking the name of any employee who interacted with Defendant's counsel regarding Defendant's use of the Photograph before this lawsuit was filed.

So construed, Defendant responds: None

**Interrogatory No. 14**

For purposes of calculating damages, state the revenue and profits earned or received from the Website as a result of defendant's publication of the Website.

**Response to Interrogatory No. 14**

Subject to Objection No. 3 above, Defendant responds: None

**Interrogatory No. 15**

For purposes of calculating damages, state the revenue and profits earned or received from the Website during the Time Period.

**Response to Interrogatory No. 15**

Subject to Objection No. 3 & 4 above, Defendant responds: None

**Interrogatory No. 16**

For purposes of calculating damages, state the number of web hits or clicks generated by the Website.

**Response to Interrogatory No. 16**

Defendant objects to Interrogatory No. 16 to the extent that it requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. In particular, Defendant objects that "web hits or clicks generated by the Website" do not constitute or provide a basis for calculating damages. Defendant objects to Interrogatory No. 16 to the extent that "web hits or clicks" is undefined and unclear.

Subject to those objections and Objection No. 3 above, Defendant responds: the answer to Interrogatory No. 16 may be determined from records produced as AG0198, which are Facebook analytics indicating that the Facebook post including the Photograph received

85,060 "Post Clicks" through October 30, 2019, of which 29,142 were "Photo Views," 51 were "Link Clicks," and 55,867 were "Other Clicks."

**Interrogatory No. 17**

For purposes of calculating damages, state the overall number of visitors to the Website during the Time Period.

**Response to Interrogatory No. 17**

Defendant objects to Interrogatory No. 17 to the extent that it requests information that is not relevant to any claim or defense and is therefore beyond the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. In particular, Defendant objects that "the overall number of visitors to the Website during the Time Period" does not constitute or provide a basis for calculating damages.

Subject to those objections and Objection No. 3 & 4 above, Defendant responds: the answer to Interrogatory No. 16 may be determined from records produced as AG0198, which are Facebook analytics indicating that the Facebook post including the Photograph received 85,060 "Post Clicks" through October 30, 2019, of which 29,142 were "Photo Views," 51 were "Link Clicks," and 55,867 were "Other Clicks."

**Interrogatory No. 18**

Provide a general description of documents which you intend to use to show that defendant's use was non-infringing.

**Response to Interrogatory No. 18**

Defendant objects to Interrogatory No. 18 to the extent that it implies that Defendant bears the burden to show that its use "was non-infringing" and suggests any shifting of the burdens of proof on plaintiff's claim of copyright infringement. Defendant further objects to Interrogatory No. 18 to the extent that it appears to incorporate Definition No. 12 ("'You' and 'your' shall refer to the plaintiffs in this action and their agents, representatives, and anyone else acting on behalf of one or more of them.") which is ambiguous and incongruous in the context of Interrogatories directed to Defendant. In its response to this Interrogatory Defendant construes "You" to mean Defendant.

Subject to those objections and so construed, Defendant responds: Documents produced in this action.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of November 2019.

                                          /s/ Erin Karl
                                          Erin Karl o/b/o Analytical Grammar, Inc.

/s/ Dan Booth
Dan Booth (special appearance entered)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, Massachusetts 01742
dan@danboothlaw.com
Massachusetts Bar No. 672090

*Attorney for Defendant Analytical Grammar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Analytical Grammar, Inc.'s Responses to Plaintiff's First Set of Interrogatories was served via email, pursuant to a prior agreement between the parties, upon Plaintiff Matthew Bradley's counsel Al Allan at alallan@allaniplitigation.com, Seth Hudson at shudson@worldpatents.com, and Richard Liebowitz at rl@liebowitzlawfirm.com on this November 23, 2019.

/s/ Dan Booth
Dan Booth (special appearance entered)
Dan Booth Law LLC
60 Thoreau Street #121
Concord, Massachusetts 01742
dan@danboothlaw.com
Massachusetts Bar No. 672090

*Attorney for Defendant Analytical Grammar, Inc.*