IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, | ANALYTICAL GRAMMAR, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SURREPLY IN RESPONSE TO MATTHEW BRADLEY'S REPLY |
| Plaintiff, | |
| v. | |
| ANALYTICAL GRAMMAR, INC., | |
| Defendant. | |

Analytical Grammar, Inc. ("Analytical") respectfully requests leave to submit the attached surreply to new arguments that Matthew Bradley ("Bradley") first aired in his reply papers in support of his motion for partial summary judgment (DE 35).

Bradley's reply (DE 55) largely relitigates arguments already raised in his motion and thoroughly refuted in Analytical's response (DE 43). He raises one new issue, however. Bradley requests that the Court strike evidence and arguments that Analytical raised to impeach and rebut his attacks on Analytical's license defense. *See* DE 55 at 1-2 & 9, DE 57. For the reasons set forth in the attached surreply, Bradley's request to strike is procedurally improper and substantively unfounded, and should be denied accordingly.

"A party must seek leave of the court to file a surreply." *Johnson v. Allen*, 416 F. Supp. 3d 550, 564 (E.D.N.C. 2018). "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). "[C]ourts generally allow a party to file a sur-reply 'only when fairness dictates based on new arguments raised in the previous reply.'" *McClary v. Lightsey*, No. 5:14-ct-3147-FL, 2016 U.S. Dist. LEXIS 152530, *11 (E.D.N.C. Nov. 3, 2016) (*quoting DiPaolo v. Potter*, 733 F. Supp. 2d

666, 670 (M.D.N.C. 2010)). Analytical satisfies this standard because Bradley's reply papers presented his request to strike for the first time, and Analytical has had no chance to respond.

Bradley's request was procedurally improper. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Bradley's request is an improper "discovery motion" under Local Civil Rule 7.1(c)(1) because it expressly seeks relief under Federal Rule of Civil Procedure 37, without meeting the basic requirements of Local Civil Rule 7.1. *See United States v. $307,900,000 in U.S. Currency*, 156 F. Supp. 3d 708, 722 (E.D.N.C. 2016) ("to the extent claimants' motion seeks a discovery sanction it is a 'discovery motion' … Motions, such as claimants' 'request' … are to be separately filed and accompanied by a memorandum in support, not embedded within responses") (citing Local Civil R. 7.1(d)). Had Bradley complied with the governing rules and presented his request to strike by a distinct motion, not just within a reply brief, Analytical would have filed a response brief rather than a surreply, and its instant motion would have been unnecessary. His request to strike is also substantively baseless, as detailed in Analytical's proposed surreply. For good cause shown, Analytical should be granted leave to file its proposed surreply so that it can contest Bradley's new request to strike.

Therefore, and for the reasons further provided in the proposed surreply submitted herewith, the Court should grant Analytical leave to file its proposed surreply or deem it filed as proposed, consider it along with the summary judgment papers, and deny Bradley's request to strike.

Respectfully submitted,

Analytical Grammar, Inc.

By its attorneys:

Signed: August 27, 2020                    /s/ Dan Booth
                                           Dan Booth
                                           Dan Booth Law LLC
                                           60 Thoreau Street, #121
                                           Concord, MA 01742
                                           dan@danboothlaw.com
                                           Local Civil Rule 83.1(e) Special Appearance

                                           Christopher M. Thomas
                                           N.C. State Bar No. 31834
                                           christhomas@parkerpoe.com
                                           Parker Poe Adams & Bernstein LLP
                                           PNC Plaza
                                           301 Fayetteville Street, Suite 1400 (27601)
                                           P.O. Box 389
                                           Raleigh, North Carolina 27602-0389
                                           Telephone: (919) 835-4626
                                           Facsimile: (919) 834-4564
                                           Local Civil Rule 83.1(d) Counsel

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following:

Albert P. Allan
ALLAN LAW FIRM, PLLC
435 East Morehead Street
Charlotte, NC 28202
Email: alallan@allaniplitigation.com

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Email: RL@liebowitzlawfirm.com

This the 27th day of August, 2020.

/s/ Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel