IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, ) | DEFENDANT ANALYTICAL |
| ) | GRAMMAR, INC.'S NOTICE OF |
| Plaintiff, ) | DISCIPLINARY PROCEEDINGS |
| v. ) | AND SUSPENSION OF PLAINTIFF'S |
| ) | COUNSEL |
| ANALYTICAL GRAMMAR, INC., ) | |
| ) | |
| Defendant. ) | |

Pursuant to Local Civil Rule 83.1(i), Defendant Analytical Grammar, Inc. ("Analytical") provides the attached orders demonstrating that on November 25, 2020, the Southern District of New York's Committee on Grievances suspended Richard Liebowitz ("Liebowitz"), Plaintiff Matthew Bradley's ("Bradley") counsel by special appearance, from practicing law in that Court on an interim basis pending the outcome of its disciplinary proceedings against him.

Exhibit 1 hereto is a copy of a Memorandum Opinion and Order issued in *Usherson v. Bandshell Artist Management*, No. 1:19-cv-06368-JMF, Doc. 87 (S.D.N.Y. Nov. 30, 2020), which discusses and includes as an exhibit the Committee on Grievances' Amended Order issued in *In re Liebowitz*, No. M-2-238 (S.D.N.Y. Nov. 30, 2020). Exhibit 2 is a copy of an Order issued in *Rodriguez v. Whole World Water, LLC*, No. 1:20-cv-03821-LAK, Doc. 17 (S.D.N.Y. Nov. 30, 2020), stating that Liebowitz's suspension began on November 25, 2020.

**I.     Liebowitz failed to advise the Court of his suspension pursuant to Rule 83.1(i).**

Local Civil Rule 83.1(i) provides: "Counsel are directed to advise the clerk within 14 days of disciplinary action taken against them resulting in suspension or disbarment." Liebowitz has failed to comply with that Rule. His notice of his suspension was due by December 9, 2020.

Liebowitz further failed to timely report on reciprocal discipline suspending him from practicing in other courts. *See* Docket Entry, *Stokes v. TRAX Nashville*, No. 3:19-cv-00809 (M.D. Tenn. Dec. 2, 2020) (suspending his *pro hac vice* admission); Order, Doc. 16, *Craine v. Beyond the W, LLC*, No. 2:19-cv-02259-JMA-AYS (E.D.N.Y. Dec. 5, 2020) (staying proceedings upon his suspension in the Eastern District of New York, by order dated December 3, 2020).

He also never informed the Clerk of an Order of Disbarment entered against him in *In re Richard P. Liebowitz*, No. 19-mc-80228-JD (N.D. Cal. Oct. 7, 2019). Ultimately, though that Court found that Liebowitz had "falsely held himself out as a member of this Court's bar on multiple occasions," it corrected its order eight months later as a technical misnomer: "he cannot be 'disbarred' from a bar to which he was never admitted in the first place." Order p. 1, *id.* (N.D. Cal. June 12, 2020). Yet over the eight months that the Order of Disbarment was in effect he chose not to disclose it to this Court in this action or in any of his others.

Rule 83.1(i) directed Liebowitz to timely disclose each of those disciplinary actions. The Court long ago diagnosed his "failure to read or understand … the Court's Local Civil Rules." DE 16 at 4. As the Court has repeatedly notified him: "Out of State Counsel must comply with Local Civil Rule 83.1 of the Eastern District of North Carolina." Notice of Deficiency, *Sands v. Epicstream, LLC*, No. 5:19-cv-345-FL (E.D.N.C. Aug. 8, 2019); Second Notice of Deficiency, *id.* (E.D.N.C. Aug. 27, 2019) (same); Second Notice of Deficiency, *Adlife Mktg. & Comm'cns Co., Inc. v. Carlie C's Operation Ctr., Inc.*, No. 5:19-cv-405-BO (E.D.N.C. Oct. 2, 2019) (same). In yet another case the Court stated, "Attorney Liebowitz may take, of his own initiative, any other action he deems necessary to come into compliance with Rule 83.1 in any other current or future matter in this district." Order p. 4, *Masi v. Mythical Ent'mt*, No. 5:19-CV-438-FL (E.D.N.C. Jan. 14, 2020) (granting motion to disqualify counsel). He has not done so in this action.

## II. Liebowitz is no longer qualified for a special appearance under Rule 83.1(e)(1).

Liebowitz is apparently no longer qualified to appear in this matter. This Court limits special appearances to "members in good standing of the bar of a United States Court and the bar of the highest court of any state or the District of Columbia." Local Civil Rule 83.1(e)(1). Liebowitz's initial notice of appearance stated that he was a member in good standing of the bar of the State of New York, and of the United States District Court for the Southern District of New York. DE 6. As of his November 25, 2020 suspension, at latest, the latter is no longer true.[1]

## III. Liebowitz's actions support Analytical's motion for summary judgment.

Liebowitz's lack of candor underscores two points that Analytical raised in its summary judgment papers. First, "Liebowitz is a wholly unreliable witness" whose hearsay declaration about a copyright registration handled by his office staff is not competent evidence. DE 43 at 10-13.[2] His office's shoddy recordkeeping, as detailed in *Usherson*, further reinforces that point. Exhibit 1 at 2-4.

Second, "Record evidence regarding Bradley's counsel supports Analytical's defense of copyright misuse, as Bradley attempts to exploit copyright law solely through extortive litigation, not legitimate licensing." DE 44 ¶ 19; *see* DE 27 at 30-31 & n. 5. A finding of fair use is proper

---

[1] His good standing was in doubt long before, as the Court noted: "It appears Mr. Liebowitz's standing has been called into question in the United States District Court for the Southern District of New York." DE 16 at 2 (*citing Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-915 (LAK), 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019)). *See also* DE 42 at 56-62 (non-exhaustive catalog of forty cases documenting Liebowitz's misconduct).

[2] *See also* DE 42 at 36-39 ("The simple fact is that Mr. Liebowitz has a problem: He does not feel constrained by the truth and, when cornered, has no compunction about lying, even under oath."); *Adlife Mktg. & Commc'ns Co., Inc. v. Buckingham Bros., LLC*, No. 5:19-CV-0796 (LEX/CFH), 2020 U.S. Dist. LEXIS 148755, *23 n. 7 (N.D.N.Y. Aug. 18, 2020) ("Liebowitz has also demonstrated a general lack of credibility through a variety of types of misconduct beyond what he exhibits in this case.") (taking judicial notice of past misconduct); *id.* *27-30 ("the Court recommends the removal of Liebowitz from the roll of the court for failure to notify the Court of his recent disbarment in the Northern District of California").

against Liebowitz clients like Bradley who freely circulate photographs and then sue downstream users for infringement. DE 27 at 24-29; *see Castle v. Kingsport Corp.*, No. 2:19-cv-00092-DCLC, 2020 U.S. Dist. LEXIS 233919, *3-4 (E.D. Tenn. Dec. 14, 2020) (Liebowitz client "never licensed the Photograph, nor did he make money from the Photograph," and distributed copies in handouts and on Facebook); *Boesen v. United Sports Publ'ns, Ltd.*, No. 20-CV-1552 (ARR) (SDL), 2020 U.S. Dist. LEXIS 203682, *13 (E.D.N.Y. Nov. 2, 2020) (Liebowitz client published photograph on his own Facebook page and website). As the *Usherson* court found when it referred him to the Committee on Grievances, Liebowitz and his firm's bad faith actions are "part of their broader strategy to use the burdens of litigation to extract settlements, even in frivolous or unmeritorious suits." DE 27 at 31 n. 5, DE 42 at 45; *see also Jamieson v. Hoven Vision LLC*, No. 20-cv-1122-WJM-KLM, 2020 U.S. Dist. LEXIS 224241, *9-10 (D. Colo. Dec. 1, 2020) (finding bad faith conduct by Liebowitz included filing baseless actions and "continu[ing] to practice law before this Court in spite of his ineligibility to do so"). And as the California News Publishers Association has explained, his clients "make a practice of permitting their works to be distributed through means that allow unprotected copying and distribution, and then sue—often using Mr. Liebowitz as their attorney—when an unwitting publisher picks up one of their images." DE 27 at 30.[3] This entrapment scheme is a flagrant misuse of copyright.

      Bradley and Liebowitz present no evidence in their summary judgment papers that would place the facts underlying either point in dispute.

---

[3] For further details on another such Liebowitz client, *see* Chad O'Carroll, *Automated image recognition: How using 'free' photos on the internet can lead to lawsuits and fines*, Computer Weekly (Nov. 17, 2020), https://www.computerweekly.com/news/252488167/Automated-image-recognition-How-using-free-photos-on-the-internet-can-lead-to-lawsuits-and-fines.

Dated: December 18, 2020

        Respectfully submitted,

        Analytical Grammar, Inc.

        By its attorneys:

        DAN BOOTH LAW LLC

        /s/ <u>Dan Booth</u>
        Daniel G. Booth
        60 Thoreau Street, #121
        Concord, MA 01742
        dan@danboothlaw.com
        Local Civil Rule 83.1(e) Special Appearance

        PARKER POE ADAMS & BERNSTEIN LLP

        Christopher M. Thomas
        N.C. State Bar No. 31834
        christhomas@parkerpoe.com
        PNC Plaza
        301 Fayetteville Street, Suite 1400 (27601)
        P.O. Box 389
        Raleigh, North Carolina 27602-0389
        Telephone: (919) 835-4626
        Facsimile: (919) 834-4564
        Local Civil Rule 83.1(d) Counsel

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

Albert P. Allan
ALLAN LAW FIRM, PLLC
435 East Morehead Street
Charlotte, NC 28202
alallan@allaniplitigation.com

Richard Liebowitz
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
RL@liebowitzlawfirm.com

This the 18th day of December, 2020.

/s/ Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel