IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-249-FL

| MATTHEW BRADLEY | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ANALYTICAL GRAMMAR, INC., | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's notice, filed December 18, 2020, indicating that plaintiff's counsel by special appearance, Richard P. Liebowitz ("Liebowitz"), has been suspended from practicing law in the United States District Court for Southern District of New York.[1] (DE 61). In support of the notice, defendant attaches memorandum opinion and order entered in Usherson v. Bandshell Artist Mgmt., No. 19-CV-6368 (S.D.N.Y. Nov. 30, 2020) and amended order entered in In the Matter of Richard Liebowitz, Respondent., No. M-2-238, (S.D.N.Y. Nov. 30, 2020).

As indicated in defendant's notice, on November 25, 2020, the Committee on Grievances for the Southern District of New York (the "Committee") suspended Liebowitz, pending outcome of disciplinary proceedings against him. After noting Liebowitz's "repeated disregard for orders from this Court and his unwillingness to change despite 19 formal sanctions and scores of other admonishments and warnings from judges across the country", the Committee found that risk of

---

[1] Also before the court are defendant's motion for summary judgment (DE 26) and motion in limine (DE 32), as well as plaintiff's motion for partial summary judgment (DE 35). The court STAYS determination of submitted motions in this matter pending response by plaintiff's counsel to the instant order and pending further order by this court regarding the status of plaintiff's representation.

recurrence was "highly likely", and an interim suspension was warranted to protect the public from future disciplinary violations. (Am. Order (DE 61-1) at 8-9).

Local Civil Rule 83.1 imposes a duty upon all attorneys practicing in this court to advise the clerk within 14 days of disciplinary action taken against them resulting in suspension or disbarment. In contravention of that Rule, Liebowitz failed to advise of his recent suspension, despite prior admonishment from the court, to "clean up his act", where the docket was "littered with deficiency notices" due to Liebowitz's "failure to read or understand the Court's CM/ECF Policies and Procedures Manuel and the Court's Local Civil Rules." (Order (DE 16) at 4). Liebowitz's most recent transgression reflects a failure to heed the court's warning and a continued disregard of this court's Local Civil Rules.

Liebowitz's suspension also calls into question his eligibility for special appearance under Local Civil Rule 83.1(e)(1). Under that Rule, attorneys in good standing of the bar of a United States Court and the bar of the highest court of any state may practice in this court for a particular case in association with a member of the bar of this court. Local Civil Rule 83.1(e)(1). In Liebowitz's initial notice of appearance, Liebowitz represented that he was a "member in good standing of the bar of the State of New York [and] the United States District Court for the Southern District of New York." (Notice (DE 6) at 1). However, in light of his recent suspension, Liebowitz is not in good standing in the bar of the United States District Court for the Southern District of New York. (See Am. Order (DE 61-1) at 8-9).

Accordingly, Liebowitz is ORDERED TO SHOW CAUSE, on or before March 4, 2021, why he should not be disqualified from representing plaintiff in this matter. The court STAYS this matter pending response by plaintiff's counsel to the instant order and pending further order by this court regarding the status of plaintiff's representation.

2

SO ORDERED, this the 18th day of February, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge