IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment (DE 26) and plaintiff's partial motion for summary judgment (DE 35), pursuant to Federal Rule of Civil Procedure 56. Also before the court is defendant's motion in limine (DE 32). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, the court lifts stay of this matter, grants defendant's motion for summary judgment, denies plaintiff's motion for partial summary judgment, and denies as moot defendant's motion in limine.

**COURT'S DISCUSSION**

Defendant moves for summary judgment on plaintiff's copyright infringement claim, on the basis of an express license. Assuming without deciding that plaintiff possessed a valid copyright for the photograph at issue, the record reflects that defendant reposted the photograph pursuant to an express license. (See Doc. (DE 30-1) ¶ 2(4)). Therefore, defendant did not infringe upon any copyright.[1] The terms "content" and "information", as used in the license, encompass the photograph at issue. (Id. ¶¶ 2(4), 17). Moreover, although the express license authorized

---

[1] In making this determination, the court does not rely on documents at DE 45 and DE 51. Therefore, the court does not reach plaintiff's argument that such documents should be excluded.

defendant to associate the photograph with plaintiff, it did not require such association. (Id. ¶ 2(4)). Plaintiff's arguments to the contrary are unavailing. Thus, defendant's motion for summary judgment on plaintiff's copyright infringement claim is granted, and plaintiff's partial motion for summary judgment is denied.[2]

Defendant also moves for summary judgment on plaintiff's copyright management information ("CMI") claim. Assuming without deciding that the photograph contained CMI at some point, there is no basis in the record to conclude that defendant removed CMI from the photograph. It is undisputed that defendant received the photograph in a message from a third-party, Gene Boercker, and that message did not include any information attributing the photograph to plaintiff. (Pl. Opp. Stmt. (DE 46) ¶ 49; Doc. (DE 30-21) at 2). Accordingly, it cannot be reasonably inferred that defendant removed or altered any CMI. See e.g., Photographic Illustrators Corp. v. Orgill, Inc., 118 F. Supp. 3d 398, 407 (D. Mass. 2015). Defendant's motion for summary judgment thus is granted in this part.

## CONCLUSION

Based on the foregoing, the court LIFTS stay of this matter. Defendant's motion for summary judgment (DE 26) is GRANTED, plaintiff's motion for partial summary judgment (DE 35) is DENIED, and defendant's motion in limine (DE 32) is DENIED AS MOOT.

SO ORDERED, this the 3rd day of March, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Having granted defendant's motion for summary judgment on plaintiff's copyright infringement claim, the court denies as moot defendant's motion in limine. Moreover, where the court grants defendant's motion for summary judgment on the basis of an express license, the court does not reach defendant's additional arguments regarding plaintiff's copyright infringement claim.