LAW OFFICES OF
# MICHAEL S. ROSS
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

December 14, 2020

**BY FIRST CLASS MAIL**

Hon. Peter A. Moore, Jr.
Clerk of Court
United States District Court for the
Eastern District of North Carolina
PO Box 25670
Raleigh, North Carolina 27611

      Re:    Richard P. Liebowitz – A Special Appearance Attorney In This Court;
                 Notice Of Discipline By A Foreign Jurisdiction.

Dear Mr. Moore:

      My firm represents Richard P. Liebowitz, an attorney who is not admitted to practice in this Court, but who is appearing before this Court as a special appearance attorney, pursuant to Local Civil Rule 83.1(e)(1), as counsel for the plaintiff in the following open case: <u>Bradley v. Analytical Grammar, Inc.</u>, 5:19-cv-00249-FL. The purpose of this letter is to advise your Court that by Amended Order dated November 30, 2020, the Committee on Grievances for the United States District Court for the Southern District of New York interimly suspended Mr. Liebowitz from the practice of law before the Southern District federal court, effective immediately, and pending the outcome of disciplinary proceedings pending before that court's Committee on Grievances and until further order of the court. (A copy of the November 30, 2020 Amended Order is attached hereto as "Exhibit A.")[1]

      Mr. Liebowitz is also admitted to the practice of law in the State of New York and is admitted, on both permanent and *pro hac vice* bases, in numerous other federal courts around the country. We are notifying these other jurisdictions of the Southern District of New York's November 30, 2020 Amended Order and we expect that Mr. Liebowitz may be reciprocally suspended in a number of these jurisdictions based upon the November 30th Order. In this

---

[1] Prior to issuing the attached Amended Order, the Southern District's Committee on Grievances issued its original Order on November 25, 2020, which I believed lacked clarity as to its scope and, upon my immediate request for clarification, the Committee on Grievances issued the November 30, 2020 Amended Order.

LAW OFFICES OF
MICHAEL S. ROSS

Hon. Peter A. Moore, Jr.
December 14, 2020
Page 2

regard, we are aware that reciprocal disciplinary action has already been taken against Mr. Liebowitz by three jurisdictions: 1) the United States District Court for the Eastern District of New York, which has reciprocally suspended Mr. Liebowitz by Order dated December 3, 2020, effective 24 days from the date therefrom (a copy of which is attached hereto as "Exhibit B"); 2) the United States District Court for the Middle District of Tennessee, which has automatically suspended Mr. Liebowitz' *pro hac vice* admission, as indicated in the December 2, 2020 letter of Lynda M. Hill, Clerk of Court of the Middle District of Tennessee (a copy of which is attached hereto as "Exhibit C"); and 3) the United States District Court for the District of Colorado, where the Clerk of the Court has made a text only entry on the electronic PACER dockets of the open cases in which Mr. Liebowitz had appeared as counsel, advising of his ineligibility to practice before the Colorado federal court based upon his suspension by the Southern District of New York federal court.

Unless I hear otherwise from this Court, in the interest of conserving judicial resources, we will not burden this Court by continually advising it in writing of subsequent reciprocal discipline imposed upon Mr. Liebowitz by the numerous other jurisdictions in which he is admitted which arises from the Southern District of New York's November 30, 2020 Amended Order.

Respectfully submitted,

/s/Michael S. Ross
Michael S. Ross

Att.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

In the Matter of : M-2-238

Richard Liebowitz, : **AMENDED ORDER**

          Respondent. :

-----------------------------------------------------X

      This matter comes before the Committee on Grievances for the Southern District of New York (the "Committee") to consider the imposition of discipline against respondent Richard Liebowitz ("Respondent") based upon charges brought against him by the Committee on August 5, 2020 (the "Charges"), to which Respondent responded on September 25, 2020. Given the current status of the investigation as confidential, both the Charges and the investigation underlying their imposition are referenced without detail in this Order.

      The full Committee (consisting of Chief Judge McMahon, Judges Castel, Daniels, Nathan, Stanton, Vyskocil, Magistrate Judges Aaron, Cott, and McCarthy, and the undersigned as Chair) has now reviewed Respondent's submission, as well as the record developed during the Committee's investigation. After careful deliberation, the Committee is unanimously of the view that the Charges are strongly supported by the record. What is more, the Committee is unanimously of the view that interim disciplinary measures against Respondent must be put in place immediately.

      The preliminary remedy of an interim suspension is available to the Committee in situations where it is appropriate to protect the public from future disciplinary violations of a respondent during the pendency of proceedings before this Committee. The record in this case — which includes Respondent's repeated disregard for orders from this Court and his unwillingness to change despite 19 formal sanctions and scores of

other admonishments and warnings from judges across the country — leads the Committee to the view that recurrence is highly likely. In short, in light of the nature and seriousness of the Charges, the strength of the record supporting those Charges, and the risk and danger of recurrence, the Committee concludes that an interim suspension of Respondent from the practice of law before this Court pending final adjudication of the charges against him is warranted. In the exercise of its discretion, the Committee will defer the final adjudication of the charges against Respondent currently pending before this Committee, as well as any other charges this Committee sees fit to bring against Respondent in the future as part of these disciplinary proceedings, until after Respondent has had an opportunity to present his defense to the Charges at an evidentiary hearing before a Magistrate Judge of this Court.

Accordingly, for the reasons set forth above, Respondent is hereby suspended from practicing law in the Southern District of New York, effective the date hereof, pending the outcome of these proceedings and until further order of this Court. It is further ordered that Respondent is commanded to desist and refrain from the practice of law in the Southern District of New York in any form, either as principal or agent, clerk or employee of another; that Respondent is forbidden to appear as an attorney or counselor-at-law before any judge or Court in the Southern District of New York; that Respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto as to any matter in the Southern District of New York, all effective the date hereof, until such time as disciplinary matters pending before

the Committee have been concluded and until further order of this Court.

Dated: November 30, 2020
       New York, New York

SO ORDERED.

*Katherine Polk Failla* (signature)

Katherine Polk Failla
*Chair, Committee on Grievances of the United States District Court for the Southern District of New York*

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:    20 MC 02894 (AMD)

RICHARD LIEBOWITZ,
 an attorney admitted to practice before this Court,

                      Respondent.

-------------------------------------------------------------------X

**BEFORE THE GRIEVANCE COMMITTEE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

       An order having been entered in the United States District Court for the Southern District of New York suspending the respondent from the practice of law in the Southern District of New York.

       This Court adopts the Southern District of New York's order.

       IT IS ORDERED, pursuant to Local Rule 1.5, that the respondent be and hereby is suspended from the practice of law in the Eastern District of New York upon such terms and conditions as set forth in the Southern District of New York's order, and until further order of this Court. This order shall become effective 24 days after the date of service upon the respondent unless otherwise modified or stayed.

       If service is unavailable via ECF, the docketing clerk is directed to mail a copy of this order to the respondent, and to close this action without prejudice.

       SO ORDERED.

Dated :       Brooklyn, New York
               December 3, 2020

                                   s/Ann M. Donnelly
                                   ANN M. DONNELLY, U.S.D.J.
                                   Chair of the Committee on
                                   Grievances, E.D.N.Y.

# EXHIBIT C



| Lynda M. Hill<br>*Clerk of Court* | | Estes Kefauver Federal<br>Building and U.S. Courthouse<br>801 Broadway, Suite 800<br>Nashville, Tennessee 37203<br>615-736-5498<br>Lynda_hill@tnmd.uscourts.gov |
|---|---|---|

December 2, 2020

VIA E-mail and U.S. Mail:   RL@LiebowitzLawFirm.com

Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza
Suite 305
Valley Stream, NY 11580

RE:  Automatic Suspension of Attorney Admission and CM/ECF Filing Privileges

Mr. Liebowitz,

    I am the Clerk of Court for the United States District Court Middle District of Tennessee. You are currently associated with two active cases pending in this Court, (1) *Stokes v. TRAX Nashville*, Case No. 3:19-cv-00809, and (2) *Usherton v. Third Man Records, LLC*, Case No. 3:20-cv-00390. You were admitted to practice *pro hac vice* in *Stokes*. However, you withdrew a motion for *pro hac vice* admission in *Usherton* (Doc. No. 11), yet you continued to exercise CM/ECF filing privileges in the case, *see* (Doc. Nos. 20 and 22).

    It has come to this Court's attention that on November 30, 2020, the Committee on Grievances for the Southern District of New York ("Grievance Committee") suspended you from the practice of law in the Southern District of New York pending the outcome of further disciplinary proceedings and until further order of the court. *See Usherton v. Bandshell Artist Management*, Case No. 19-cv-06368-JMF, Doc. No. 87 at 8 (SDNY Nov. 30, 2020).

    Pursuant to Local Rule of Court 83.01(c)(3) for the Middle District of Tennessee, "[a]ny attorney who is . . . suspended as a disciplinary sanction by any . . . tribunal outside Tennessee . . . will be automatically suspended from the practice of law in this Court without the requirement of a separate order. The Clerk will also suspend the attorney's CM/ECF filing privileges." L.R. 83.01(c)(3). Accordingly, I am writing to advise that pursuant to L.R. 83.01(c)(3) your *pro hac vice* admission to practice in the Middle District of Tennessee and your CM/ECF filing privileges have been automatically suspended. Your co-counsel in the above-referenced pending cases, James R. Wiggington, remains responsible to the Court at all stages of the proceedings." L.R. 83.01(b)(3)(B).

If the Grievance Committee ultimately lifts your suspension to practice before the Southern District of New York, you may seek to reinstate practice privileges in this Court by reapplying for admission under the Court's rules and procedures for admission to practice. L.R. 83.01(c)(3). Please note that in considering applications for readmission, this Court is not bound by any regulatory authority or tribunal, and "in each case this Court will make its own determination as to the attorney's fitness to practice law in this Court." *Id.*

Regards,

Lynda M. Hill
*Clerk of Court*