**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-249-FL**

|  |  |  |
|---|---|---|
| MATTHEW BRADLEY, | ) | **ANALYTICAL GRAMMAR, INC.'S** |
|  | ) | **MOTION FOR DISMISSAL OF ITS** |
| Plaintiff, | ) | **FIRST COUNTERCLAIM AND FOR** |
| v. | ) | **ENTRY OF FINAL JUDGMENT** |
|  | ) |  |
| ANALYTICAL GRAMMAR, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Pursuant to Rules 41(a)(2) and 41(c) of the Federal Rules of Civil Procedure, Defendant Analytical Grammar, Inc. ("Analytical") respectfully requests that the Court dismiss, without prejudice, its first counterclaim seeking a declaratory judgment of invalidity of copyright, and then enter final judgment in favor of Analytical on all other claims and counterclaims.

Plaintiff Matthew Bradley ("Bradley") raised claims of copyright infringement and removal of copyright management information ("CMI"). DE 1. Analytical brought three counterclaims for a declaratory judgment that: (1) Bradley's copyright registrations are invalid; (2) Analytical did not infringe the copyright; and (3) Analytical did not remove CMI. DE 12 pp. 14-17. Analytical moved for summary judgment on both of Bradley's claims and on its second and third counterclaims. DE 26. Bradley moved for summary judgment on his infringement claim and for summary dismissal of Analytical's first and second counterclaims. DE 35. The Court found that Analytical "did not infringe upon any copyright" and "that there is no basis in the record to conclude that [Analytical] removed CMI." DE 63 pp. 1-2. Accordingly, the Court granted Analytical's motion, denied Bradley's motion, and entered judgment. *Id.*, DE 64.

"A finding of noninfringement does not moot a counterclaim for invalidity." *Ultimate Home Protector Pans, Inc. v. Camco Mfg., Inc.*, No. 1:19-CV-280, 2020 U.S. Dist. LEXIS

1

153058, *13-14 (M.D.N.C. Aug. 24, 2020) (patent case) (citations omitted). Having made such a finding, the Court has discretion to dismiss the counterclaim without prejudice. *Id.* The summary judgment order leaves no need to reach the first counterclaim, but Analytical cannot voluntarily dismiss it because Bradley answered the counterclaims. Fed. R. Civ. P. 41(c)(1); DE 15. Finality requires an order of the Court, and "the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Fed. R. Civ. P. 41(a)(1)(A)-(B).

Therefore, Analytical respectfully requests that the Court enter an order dismissing the first counterclaim without prejudice, and reenter judgment in favor of Analytical on both of Bradley's claims and on Analytical's corresponding second and third counterclaims.

Dated: March 9, 2021

Respectfully submitted,

Analytical Grammar, Inc.

By its attorneys:

DAN BOOTH LAW LLC

/s/  Dan Booth
Daniel G. Booth
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

PARKER POE ADAMS & BERNSTEIN LLP

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel

**CERTIFICATE OF SERVICE**

I, Dan Booth, hereby certify that on March 9, 2021, a true copy of the foregoing

Analytical Grammar, Inc.'s Motion for Dismissal of Its First Counterclaim and for Entry of Final

Judgment was electronically filed using the Court's CM/ECF system, which will send

notification of such filing to the following counsel of record for Plaintiff Matthew Bradley:

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
RL@LiebowitzLawFirm.com

Albert P. Allan
Allan Law Firm, PLLC
435 East Morehead Street
Charlotte, NC 28202
alallan@allaniplitigation.com

March 9, 2021                          /s/  Dan Booth
                                       Dan G. Booth