IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, </br></br> Plaintiff, </br> v. </br></br> ANALYTICAL GRAMMAR, INC., </br></br> Defendant. | MEMORANDUM IN SUPPORT OF ANALYTICAL GRAMMAR, INC.'S MOTION FOR DISMISSAL OF ITS FIRST COUNTERCLAIM AND FOR ENTRY OF FINAL JUDGMENT |

Pursuant to Rules 41(a)(2) and 41(c) of the Federal Rules of Civil Procedure, Rules 7.2(a) and 7.2(e) of the Local Civil Rules, and the Notice of Deficiency entered on March 10, 2021, Defendant Analytical Grammar, Inc. ("Analytical") provides this memorandum in support of its Motion for Dismissal of Its First Counterclaim and for Entry of Final Judgment, DE 66.

**Nature of the Case**

Plaintiff Matthew Bradley ("Bradley") raised claims of copyright infringement and removal of copyright management information ("CMI"). DE 1. The Court granted summary judgment to Analytical as to both claims and entered judgment on March 3, 2021. DE 63, DE 64.

**Statement of Pertinent Facts**

Analytical brought three counterclaims seeking a declaratory judgment that: (1) Bradley's copyright registrations are invalid; (2) Analytical did not infringe his copyright; and (3) Analytical did not remove CMI. DE 12 pp. 14-17. Bradley answered the counterclaims. DE 15. Analytical moved for summary judgment on both of Bradley's claims and on its second and third counterclaims. DE 26. The Court granted the motion, finding that Analytical "did not infringe upon any copyright" and "that there is no basis in the record to conclude that [Analytical]

removed CMI." DE 63 pp. 1-2. Analytical's first counterclaim for a declaration of invalidity of copyright remains pending.

## Argument

"A finding of noninfringement does not moot a counterclaim for invalidity." *Ultimate Home Protector Pans, Inc. v. Camco Mfg., Inc.*, No. 1:19-CV-280, 2020 U.S. Dist. LEXIS 153058, *13-14 (M.D.N.C. Aug. 24, 2020) (patent case) (citations omitted). Having made such a finding, the Court has discretion to dismiss the counterclaim without prejudice. *Id.* The summary judgment order leaves no need to reach the first counterclaim, but Analytical cannot voluntarily dismiss it because Bradley answered the counterclaims. Fed. R. Civ. P. 41(c)(1); DE 15. Finality will require an order of the Court, Fed. R. Civ. P. 41(a)(1)(A)-(B), and "the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b).

Therefore, Analytical respectfully requests that the Court enter an order dismissing the first counterclaim without prejudice, and reenter judgment in favor of Analytical on both of Bradley's claims and on Analytical's corresponding second and third counterclaims.

Dated: March 11, 2021

Respectfully submitted,

Analytical Grammar, Inc.

By its attorneys:

DAN BOOTH LAW LLC

/s/ Dan Booth
Daniel G. Booth
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

PARKER POE ADAMS & BERNSTEIN LLP

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel

**CERTIFICATE OF SERVICE**

I, Dan Booth, hereby certify that on March 11, 2021, a true copy of the foregoing Memorandum in Support of Analytical Grammar, Inc.'s Motion for Dismissal of Its First Counterclaim and for Entry of Final Judgment was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record for Plaintiff Matthew Bradley:

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
RL@LiebowitzLawFirm.com

Albert P. Allan
Allan Law Firm, PLLC
435 East Morehead Street
Charlotte, NC 28202
alallan@allaniplitigation.com

March 11, 2021          /s/ Dan Booth
                        Daniel G. Booth