IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| ANALYTICAL GRAMMAR, INC., | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's response to the court's February 18, 2021, order, filed on behalf of Richard P. Liebowitz ("Liebowitz"), plaintiff's counsel by special appearance.

**BACKGROUND**

On November 30, 2020, the Committee on Grievances temporarily suspended Liebowitz from the practice of law in the United States District Court for the Southern District of New York, pending outcome of disciplinary proceedings against him. Thereafter, pursuant to Local Civil Rule 83.7b(b)(ii), on January 27, 2021, the clerk of this court ordered Liebowitz to demonstrate why imposition of identical discipline is unwarranted, warning Liebowitz that failure to respond within 30 days <u>will</u> result in imposition of identical discipline. (Resp. Ex. B (DE 65-2 at 1) ("clerk's show cause order") (emphasis added). On February 18, 2021, this court ordered Liebowitz to show cause, on or before March 4, 2021, why he should not be disqualified from representing plaintiff in this matter. (DE 62 ("court's show cause order")).

Liebowitz did not respond to the clerk's show cause order within 30 days as directed. (Resp. (DE 65) ¶ 4).[1]  Plaintiff filed the instant response to the court's show cause order on March 4, 2021, in which Liebowitz "requests leave of Court to continue to appear as counsel for the limited purpose of helping Plaintiff to oppose any ancillary motion practice brought by Defendant." (Id. ¶ 5).

## COURT'S DISCUSSION

Local Civil Rule 83.7b(b)(ii) provides that upon the filing with the clerk of a copy of an order demonstrating that an attorney admitted to practice before this court has been disciplined by another court, this court shall issue an order to show cause directing the attorney to demonstrate why "imposition of the identical discipline" would be unwarranted. Then, upon expiration of that 30 day time period, "this court shall impose the identical discipline," if the attorney makes no such demonstration. Local Civil Rule 83.7b(d).

Here, where Liebowitz failed to respond to the clerk's show cause order within 30 days, Local Civil Rule 83.7b(d) requires interim suspension of Liebowitz from practice of law in this court. In light of this interim suspension, Liebowitz fails to demonstrate a basis under this court's rules for continuing his representation in any respect, including in the limited respect requested, in this matter.

Therefore, in this matter, the court DISQUALIFIES Liebowitz from representing plaintiff, effective immediately. Plaintiff is DIRECTED, within **40 days** of the date of this order, to either cause notice of appearance to be filed by new counsel on his behalf, or to file a notice of self-representation as required in accordance with Local Civil Rule 5.2(b).

---

[1]     On March 3, 2021, the court granted defendant's motion for summary judgment and entered judgment in favor of defendant. On March 9, 2021, defendant moved to dismiss its first counterclaim without prejudice, and it moved for judgment on its second and third counterclaims. (DE 66).

2

To facilitate service upon plaintiff, the court DIRECTS Albert P. Allan, plaintiff's Local Civil Rule 83.1(d) counsel, to file on the record plaintiff's last known mailing address, within **7 days** of the date of this order. Upon receipt of said filing, the clerk is DIRECTED to serve a copy of this order upon plaintiff, along with the required self-representation form for pro se litigants in the event plaintiff elects to proceed pro se. The court STAYS all substantive case activities, including briefing deadlines on defendant's motion to dismiss and motion for judgment (DE 66), and decision thereon, pending resolution of issues related to plaintiff's representation.

SO ORDERED, this the 19th day of March, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge