# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
## Western Division
## Civil Case No. 5:19-cv-249-Fl

| | |
|---|---|
| MATTHEW BRADLEY,<br>    Plaintiff<br><br>v.<br><br>ANALYTICAL GRAMMAR, INC.<br>    Defendant | **PLAINTIFF'S CONSENTED MOTION FOR STAY OF PROCEEDINGS AND REQUEST FOR ORDER THAT DISQUALIFIED COUNSEL IDENTIFY ALL AVAILABLE MALPRACTICE INSURANCE COVERAGE** |

Plaintiff, with the consent of Defendant, respectfully moves the Court, pursuant to its inherent authority to control proceedings and counsel appearing before it, for:

- an order staying proceedings herein for a period of **thirty (30) days**, through and including **June 27, 2021**; and for

- an order that disqualified former counsel Richard Liebowitz immediately disclose to the parties the identity of each malpractice carrier(s), and a copy of each insurance policy, that does or may cover any malpractice committed by former counsel and his firm by reason of their actions and failures to act on behalf of Plaintiff in connection with this litigation.

In support of this motion, Plaintiff sets out the following:

1. Plaintiff's initially retained counsel, Mr. Richard Liebowitz, was disqualified by Order of this Court entered March 19, 2021, from further representing Plaintiff [DE 68].

2. Plaintiff has retained the undersigned as successor counsel and the undersigned's appearance for that purpose has been substantially contemporaneously entered.

3. During the period from the time Plaintiff first contacted the undersigned until the present, the undersigned has engaged in diligent efforts to obtain Plaintiff's file from former counsel and to investigate the facts.

4. The undersigned has been informed by the Liebowitz Firm that at this point the entire client file has been provided, in digital form, to the undersigned.

5. The client file provided by the Liebowitz Firm is, in the undersigned's opinion, woefully deficient. Subject to mutual agreement on non-waiver of attorney-client privilege, counsel for Defendant and the undersigned have communicated concerning these matters and have agreed that these findings should be brought to the attention of the Court. Among other things:

    a. There is no pleadings file and no copy of all the pleadings. In fact, virtually all the pleadings are absent.

    b. There is no evidence as to the method or date of service of the complaint, although an email apparently sent by Defendant's principal to Plaintiff's former counsel on August 16, 2019 indicated that she had recently received the summons and complaint and included a settlement offer.

    c. After the date of correspondence from Defendant's principal on August 16, 2019, the files reflect that former counsel "updated" Plaintiff as follows:

    > On 8/18/2019 10:31 PM, Richard Liebowitz wrote: Hi Matt, Hope you are well. Analystical Grammer defaulted on the case which means they did not respond back to thecomplaint. The judge is going to decide the amount of money within the next 5 months. I will keep you posted.

    d. Although early settlement offers (including the afore-mentioned document captioned as an Offer of Judgment) evidently were communicated to counsel for Plaintiff in August 2019 both by Defendant's principal and by Defendant's counsel prior to his

entry of appearance, there is no evidence that such offers were communicated to Plaintiff until months after their expiration, at or around the time when Plaintiff was to be deposed and/or to engage in mediation.

    e. There is no evidence that the merits of Plaintiff's case, beyond the copying, were evaluated at the commencement of the case; or that potential defenses were considered or communicated to Plaintiff; or that the consequences of any potentially successful defense were communicated to Plaintiff.

    f. There is no file of legal research although, to be fair, the memorandum filed by former counsel on August 10, 2020, and to a lesser extent the memorandum filed on August 21, 2020, contained the result of legal research and legal analysis. [Dkt #47, 48; 55].

6. Undersigned counsel also requested files and pleading copies from former local counsel. Each counsel or the firm provided what they reported to be all files they possessed, which between the two did include a small subset of pleadings but did not repair the overall deficiencies in the information from principal counsel.

7. In light of the above and of the Court's Order and Judgment with respect to the parties' respective motions for full or partial summary judgment, counsel for Defendant and the undersigned are in communication concerning the best disposition of this matter. In general, it appears to all counsel that to the extent any funds should change hands in favor of Defendant (each party reserving all rights to argue, should it be required, as to whether such payment should be made and the amount of any appropriate such payment), the most appropriate entity to bear the burden of such payment should be Defendant's former counsel.

8. The undersigned has notified Mr. Richard Liebowitz and the Liebowitz Law Firm of this position and has requested (a) the name of their malpractice carrier; and (b) that the claim be transmitted to the carrier. The undersigned has been informed by an associate with the

Liebowitz Law Firm that the claim was transmitted to the carrier, but has not been informed as to the name of the carrier.

9. The undersigned has not received a communication from the carrier to date and cannot independently verify the existence of any coverage.

10. The undersigned as well as counsel for Defendant believe that determining whether and to what extent malpractice insurance actually exists, and achieving contact with the malpractice carrier for Mr. Richard Liebowitz and the Liebowitz Law Firm, would be in the interests of justice at this point and of achieving an appropriate disposition of this case; and that the information received as a result of such contact would significantly assist in determining the appropriate path to take before the Court, whether that be a resolution without further need for Court intervention, or a motion seeking the imposition of monetary sanctions against Mr. Liebowitz and his firm.

11. A stay of proceedings for a further thirty (30) days would allow the parties to explore these issues and come up with a recommendation that they anticipate presenting jointly to the Court, while reserving the right of each party to argue whether and to what extent any assessment should be imposed on any party as a result of the proceedings in the case, should that become necessary.

12. Counsel are of the opinion that an order requiring the provision of the requested malpractice insurance information falls within the inherent authority of the Court to supervise those who have requested and received admission to practice before the Court, as Mr. Liebowitz did [Dkt #7], and that the same is not a sanction or penalty requiring notice and a hearing, as explained in the memorandum attached hereto and incorporated herein by reference. To the extent any sanction is hereafter requested, a separate motion will be filed.

WHEREFORE, Plaintiff with the consent of Defendant respectfully moves the Court for an Order:

1. Requiring former counsel to provide immediately to the undersigned and to counsel for Defendants the identity of each malpractice carrier providing insurance that does or may cover any malpractice committed by former counsel and his firm by reason of their actions and failures to act on behalf of Plaintiff in connection with this litigation, together with a copy of the policy or policies providing such potential coverage; and

2. Staying further proceedings in this case for a period of thirty (30) days, through and including June 27, 2021.

This 27th day of May, 2021.

/s/ Susan Freya Olive
Susan Freya Olive
 NC Bar No. 7252
**OLIVE & OLIVE, P.A.**
Counsel for Plaintiff

500 Memorial Street
P.O. Box 2049
Durham, NC 27702-2049
Phone: (919) 683-5514
emailboxEDNC@oliveandolive.com

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff certifies that the foregoing document was served this date on Defendant by electronically filing the same with the Clerk of Court using the CM/ECF System, which will send notification via electronic means to counsel for Defendant, on this 27th day of May, 2021. A copy also has been transmitted this date to Mr. Richard Liebowitz and to the Liebowitz Law Firm at the email address of record for them and the addresses known to counsel for communication with him and his firm, to wit:

Richard Liebowitz <rl@liebowitzlawfirm.com>;

James Freeman <jf@liebowitzlawfirm.com.; and

Donna Halperin <DH@liebowitzlawfirm.com>.

/s/ Susan Freya Olive
Susan Freya Olive
 NC Bar No. 7252
**OLIVE & OLIVE, P.A.**
500 Memorial Street
P.O. Box 2049
Durham, NC 27702-2049
Phone: (919) 683-5514
emailboxEDNC@oliveandolive.com