IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's consent motion to stay and to compel plaintiff's former counsel, Richard P. Liebowitz ("Liebowitz"), to disclose his malpractice insurance information. (DE 73). For the following reasons, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

On November 30, 2020, the Committee on Grievances temporarily suspended Liebowitz from the practice of law in the United States District Court for the Southern District of New York, pending outcome of disciplinary proceedings against him. Thereafter, pursuant to Local Civil Rule 83.7b(b)(ii), on January 27, 2021, the clerk of this court ordered Liebowitz to demonstrate why imposition of identical discipline is unwarranted, warning Liebowitz that failure to respond within 30 days will result in imposition of identical discipline. (Resp. Ex. B (DE 65-2 at 1) ("clerk's show cause order") (emphasis added). Liebowitz did not respond to the clerk's show cause order within 30 days as directed. (Resp. (DE 65) ¶ 4).

On February 18, 2021, this court ordered Liebowitz to show cause, on or before March 4, 2021, why he should not be disqualified from representing plaintiff in this matter. (DE 62 ("court's show cause order")). Liebowitz timely responded to the court's show cause order, requesting "leave of Court to continue to appear as counsel for the limited purpose of helping Plaintiff to oppose any ancillary motion practice brought by Defendant." (Resp. (DE 65) ¶ 5). On March 19, 2021, finding that Liebowitz failed to demonstrate a basis under this court's rules for continuing his representation in any respect, including in the limited respect requested, the court disqualified Liebowitz from representing plaintiff, and stayed all substantive case activities, pending resolution of issues related to plaintiff's representation.[1]

On May 27, 2021, new counsel filed notice of appearance on behalf of plaintiff, as well as the instant consent motion to stay and to compel Liebowitz to disclose his malpractice insurance information.[2] In support of the motion, plaintiff relies upon an unpublished order in the case Estate of Williams v. Radford, No. 1:18-CV-182-MR-WCM, 2018 WL 6065423, (W.D.N.C. Nov. 20, 2018); and Formal Opinion No. 734 of the NYCLA Committee on Professional Ethics (hereinafter, the "New York Ethics Opinion").

**COURT'S DISCUSSION**

A.  Motion to Stay

Plaintiff moves to stay proceedings for 30 days. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket

---

[1]  In the meantime, on March 3, 2021, the court granted defendant's motion for summary judgment and entered judgment in favor of defendant. On March 9, 2021, defendant moved to dismiss its first counterclaim without prejudice, and it moved for judgment on its second and third counterclaims. (DE 66).

[2]  On the same date, pursuant to the clerk's show cause order, Chief United States District Judge Richard E. Myers, II, suspended Liebowitz from practicing law in the United States District Court for the Eastern District of North Carolina.

with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). "The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment 'to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (quoting United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977)).

Where plaintiff's new counsel recently filed a notice of appearance in this action, and where defendant consents to the proposed stay, the court finds good cause to stay all substantive case activities for an additional 30 days. Plaintiff's motion is granted in this part.

B. Motion to Compel Disclosure of Malpractice Insurance Information

Invoking the court's inherent powers, plaintiff seeks an order requiring Liebowitz to disclose any malpractice insurance information, together with a copy of the attendant policy or policies, to counsel for plaintiff and counsel for defendant. It is well-established that "federal courts possess certain implied or inherent powers that are . . . governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir. 2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)). Importantly, "[b]ecause the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary." United States v. Shaffer Equip. Co., 11 F.3d 450, 461–62 (4th Cir. 1993) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)).

Here, plaintiff outlines several examples of malpractice, allegedly committed by Liebowitz, in connection with his representation of plaintiff in this matter. (See Mot. (DE 73) ¶¶

3

1-5). In light of these alleged errors, plaintiff seeks to ascertain the extent of Liebowitz's malpractice insurance coverage, if any, arguing that such information would "significantly assist in determining the appropriate path to take before the Court, whether that be a resolution with further need for Court intervention, or a motion seeking the imposition of monetary sanctions against Mr. Liebowitz and his firm." (Id. ¶ 10).

As relevant to plaintiff's request, this court's Local Civil Rules incorporate by reference the North Carolina Rules of Professional Conduct. See Local Civil Rule 83.1(e)(i). Although the North Carolina Rules of Professional Conduct do not define an attorney's duty to disclose its malpractice insurance information, a North Carolina State Bar ethics opinion provides that, upon discovering a legal error:

> the lawyer is not . . . required to give the client information about the lawyer's malpractice insurance carrier or information about how to file a claim with the carrier. Nevertheless, the lawyer should seek the advice of her malpractice insurance carrier prior to disclosing the error to the client, and should discuss with the carrier what information, if any, should be provided to the client about the lawyer's malpractice coverage or how to file a claim.

N.C. State Bar, Formal Ethics Opinion No. 15-4 (July 17, 2015) (hereinafter, the "North Carolina Ethics Opinion").

Thus, in accordance with this North Carolina Ethics Opinion, an attorney has no duty to disclose its malpractice insurance information to a client, and attorneys who choose to disclose such information are advised to consult with their malpractice insurance carriers first. Plaintiff argues that the North Carolina Ethics Opinion does not address a situation where a client determines that malpractice has been committed and requests malpractice insurance information from his attorney. Although the North Carolina Ethics Opinion does not explicitly reference client requests, its language is broad enough to govern such circumstances. It can be reasonably inferred from the North Carolina Ethics Opinion that an attorney may deny a client's request for

4

malpractice insurance information, because it states that a "lawyer . . . is not required to give the client information about the lawyer's malpractice insurance carrier." Id.

In support of mandatory disclosure, plaintiff also relies upon the New York Ethics Opinion, which requires a lawyer to disclose malpractice insurance information, at the request of a client, when such information is "relevant to the representation." (DE 74-2 at 4). However, North Carolina's ethical standards govern the practice of law in this court, not New York's ethical standards, see Local Civil Rule 83.1(e)(i), and the fact that no commensurate duty to disclose exists under North Carolina state bar rules and opinions is significant.

Finally, cases relied upon by plaintiff are inapposite, where they do not address an attorney's obligation to disclose malpractice insurance information. See Radford, 2018 WL 6065423, *3 (revoking admission of attorney due to misrepresentations made in his pro hac vice application); Lendus, LLC v. Goede, No. CV 2018-0233-SG, 2018 WL 6498674, at *10 (Del. Ch. Dec. 10, 2018) (ordering an attorney to provide a list of all ex parte contacts made during the pendency of the case); Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC, No. 5:14-CV-482-BO, (E.D.N.C. Dec. 29, 2016) (ordering an independent auditor to investigate a party's compliance with the court's injunction).

While the instant malpractice allegations are serious and concerning, the court declines to rewrite the North Carolina ethical rules or expand the ethical obligations of an attorney practicing law in North Carolina, under the guise of its inherent powers. Accordingly, plaintiff's motion is denied in this part.

## CONCLUSION

Based upon the foregoing, plaintiff's motion to stay and to compel (DE 73) is GRANTED IN PART and DENIED IN PART. The court DENIES that part of plaintiff's motion requesting

that Liebowitz be compelled to disclose any malpractice insurance information. The court STAYS this matter for an additional 30 days. Unless the parties move to extend the stay, the stay will be automatically lifted on **July 8, 2021**, without further order from the court. In that event, any response by plaintiff to defendant's motion to dismiss (DE 66), shall be filed on or before **July 22, 2021**, and any reply by defendant shall be filed on or before **August 5, 2021**. Thereupon, the court will enter such further order as is warranted regarding defendant's motion to dismiss.

SO ORDERED, this the 8th day of June, 2021.

LOUISE W. FLANAGAN
United States District Judge