# UNITED STATES DISTRICT COURT
for the

EXHIBIT 1

| Matthew Bradley | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:19-cv-249-FL |
| | ) |
| Analytical Grammar, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Richard Liebowitz

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: identified in Schedule A hereto.

| Place: Dan Booth, Dan Booth Law LLC<br>60 Thoreau Street #121, Concord, MA 01742 | Date and Time:<br>June 15, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 1, 2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Analytical Grammar, Inc. , who issues or requests this subpoena, are:

Dan Booth, Dan Booth Law LLC, 60 Thoreau Street #121, Concord, MA 01742, dan@danboothlaw.com, 646-573-6596

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:19-cv-249-FL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ANALYTICAL GRAMMAR, INC., )<br>)<br>Defendant. )<br>) | **SCHEDULE A TO DEFENDANT ANALYTICAL GRAMMAR, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |

ATTN: RICHARD LIEBOWITZ

YOU ARE COMMANDED to produce at the time, date, and place set forth in the subpoena, the following documents, electronically stored information, or objects identified in this Schedule A.

All requests are for all accounts and other information in the name of, or under the signatory authority of, any or all of the following (the "named person and entities"):

1. Richard Liebowitz a/k/a Richard P. Liebowitz a/k/a Richard Paul Liebowitz ("Liebowitz"),
2. Liebowitz Law Firm, PLLC (the "Firm"), and
3. Liebowitz Law Group, PLLC.

All requests are for documents and information from or concerning the period from March 3, 2021 through present, unless otherwise noted.

**Request No. 1**. Quarterly and annual state and federal tax returns for the named person and entities for the year 2020 through the latest return filed, including all schedules, worksheets, and exhibits.

**Request No. 2.** All financial statements prepared by or for any named person or entity, for 2020 and any time therein through the present, including all accounting records, balance sheets, and profit-and-loss statements.

**Request No. 3.** All bank statements for accounts in the name of, or under the signatory authority of, any named person or entity, AND in the name of any entity in which any named person or entity has or has had an equitable interest.

**Request No. 4.** Each document that provides a description and/or value for any interest in real property owned, at any point from 2020 through the present, by any named person or entity, or by any other entity in which any of them holds a legal or equitable interest. Such documents

1

include any ad valorem tax statements, appraisals, assessments, closing statements, deeds, deeds of trust, insurance policies, land records, leases, liens, life estates, mortgages, notes, and surveyor's records.

**Request No. 5.** Each document that provides a title, description, and/or value for any interest in non-real property owned, at any point from 2020 through the present, by any named person or entity, or by any other entity in which any of them holds a legal or equitable interest.

**Request No. 6.** All joint venture agreements, general partnership agreements, limited partnership agreements, certificates of partnership, articles of incorporation, formation, or organization, or other documentary evidence of any form of partnership, joint venture, or corporation for any of the named entities or entered into by any named person or entity.

**Request No. 7.** All communications, correspondence, email, letters, and memoranda sent or received pertaining to the transfer of any real or personal property by any named person or entity (or any entity in which any of them owns a legal or equitable interest) to or from any third party.

**Request No. 8.** Any court order, judgment, promissory note, statement of accounts payable, and statement of accounts receivable evidencing any money or debt owed by or to any named person or entity.

**Request No. 9.** All accounting statements, account records, account statements, agreements, cash flow projections, contracts, financial records, invoices, profit and loss statements, purchase orders, and receipts that have been prepared by or for any named person or entity.

**Request No. 10.** Documents sufficient to ascertain the date and amount of any judgment awarded to, or settlement agreement reached for, any client of the Firm (excluding any client-identifying information as to any non-public settlements); the nature, percent, share, and amount of any financial, legal, or equitable interest therein held by the Firm and/or Liebowitz; and the date and amount of all amounts paid or due to the Firm and Liebowitz therefor.

**Request No. 11.** Each insurance policy that does or may cover any claim of malpractice that has been or may be raised against Liebowitz or the Firm in connection with any aspect of this action (*Bradley v. Analytical Grammar, Inc.*, No. 5:19-cv-249-FL (E.D.N.C.)); documents sufficient to identify the scope of coverage available under each such policy; and documents sufficient to identify any malpractice claims that have been paid, raised, or are anticipated against Liebowitz or the Firm, not in connection with this action, that have been or may be covered under each such policy.

### Instructions and Definitions Pertinent to the Above Requests

I.       For the purposes of Request No. 3, "bank statements" shall include:
    a. All documents pertaining to all open or closed checking, savings, escrow, IOLA, IOLTA, NOW, Time, or other deposit or checking accounts, including: account ledgers, account registers, bank statements, canceled checks, credit memos, debit memos, deposit tickets, items deposited, wires in, and wires out.

    b. All documents pertaining to all open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by any named person or entity, including: loan applications, ledger sheets, documents reflecting the means by which loan proceeds were disbursed, documents reflecting the means by which loan repayments were made, loan correspondence, collateral agreements, credit reports, financial statements, notes or other instruments regarding the obligation to pay, real estate or other mortgages, security instruments, and loan amortization statements.

    c. All documents pertaining to Certificates of Deposit (CD) purchased, held, or redeemed by any named person or entity, including: copies of the certificates, documents reflecting the means by which the CDs were purchased, documents reflecting the means by which proceeds of the CDs were distributed, and documents reflecting roll-overs or interest earned, withdrawn, or reinvested.

    d. All documents pertaining to all open or closed investment or security custodian accounts, IRA, Keogh, or other retirement plans in the name of or for the benefit of any named person or entity, including: documents reflecting the means by which the securities were purchased, documents reflecting the means by which proceeds of the securities were distributed, documents reflecting interest (earned, withdrawn, or reinvested), confirmation slips, monthly statements, payment receipts, and safekeeping records and logs.

    e. All documents pertaining to all bank checks, cashier's checks, manager's checks, traveler's checks, and money orders purchased, held, or negotiated by any named person or entity, including: applications for purchase, retained copies, documents reflecting the means by which the checks or money orders were purchased, and documents reflecting the means by which proceeds of the checks or money orders were disbursed.

    f. All documents pertaining to wire transfers sent or received by any named person or entity, including: Fed Wire, CHIPS, SWIFT, or other money transfer of message documents, documents reflecting the source of funds wired, documents reflecting the payee or ultimate disposition of funds wired, and notes, memoranda, or other writings pertaining to the sending or receipt of wire transfers.

    g. All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of any named person or entity, including: contracts and entry records.

    h. All documents pertaining to open or closed credit cards in the name of or under the signatory authority of any named person or entity, including: applications for credit, charge tickets, correspondence, credit reports, financial statements, monthly statements, and documents reflecting payments on the account.

    i. All federal and state tax forms, statements, worksheets, accounting records, and other documents, reflecting the tax treatment of any of the above, including: tax filings and records and other documents used to prepare such filings.

II.     For the purposes of Request No. 5, responsive documents shall include:

    a. All title certificates, registrations, insurance policies, receipts, and appraisals.

    b. All stocks, bonds, and other securities, account statements for securities accounts, and records indicating any dividends paid or payable to any named person or

      entity.
- **c.** All mortgages, leases, and liens on real or personal property.
- **d.** All promissory notes, drafts, bills of exchange, or other commercial paper.
- **e.** All savings bonds or other government issued bonds or treasury bills.
- **f.** All patents, copyrights, trademarks, franchises, and licenses.