# UNITED STATES DISTRICT COURT
for the

EXHIBIT 3

| Matthew Bradley | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:19-cv-249-FL |
| | ) | |
| Analytical Grammar, Inc. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: JPMorgan Chase Bank, N.A.
National Subpoena Processing
7610 W. Washington Street, Indianapolis, IN 46231

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: identified in Schedule A hereto.

| Place: Dan Booth, Dan Booth Law LLC<br>60 Thoreau Street #121, Concord, MA 01742 | Date and Time:<br>June 15, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 1, 2021

*CLERK OF COURT*

OR

_____   /s/ Dan Booth
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Analytical Grammar, Inc. , who issues or requests this subpoena, are:

Dan Booth, Dan Booth Law LLC, 60 Thoreau Street #121, Concord, MA 01742, dan@danboothlaw.com, 646-573-6596

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:19-cv-249-FL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# Civil Action No. 5:19-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ANALYTICAL GRAMMAR, INC., )<br>)<br>Defendant. )<br>) | **SCHEDULE A TO DEFENDANT ANALYTICAL GRAMMAR, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |

TO: JPMorgan Chase Bank, N.A.
National Subpoena Processing
7610 W. Washington Street
Indianapolis, IN 46231

YOU ARE COMMANDED to produce at the time, date, and place set forth in the subpoena, the following documents, electronically stored information, or objects identified in this Schedule A.

All requests are for all accounts in the name of, or under the signature authority of, either or both of the following:

1. Richard Liebowitz a/k/a Richard P. Liebowitz a/k/a Richard Paul Liebowitz ("Liebowitz" or "the named person"), and
2. Liebowitz Law Firm, PLLC (the "Firm" or "the named entity").

All requests are for documents and information from or concerning the period from March 3, 2021 through present, unless otherwise noted.

**I.      Banking Records, including:**

    **a.** All documents pertaining to all open or closed checking, savings, escrow, IOLA, IOLTA, NOW, Time, or other deposit or checking accounts, including: account ledgers, account registers, bank statements, canceled checks, credit and debit memos, deposit tickets, items deposited, signature cards, wires in, wires out, and Form 1099, 1089, or back-up withholding documents.

    **b.** All documents pertaining to all open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by a named person or entity, including: loan applications, ledger sheets, documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the means by which loan proceeds were disbursed, documents (checks, debit memos, cash in tickets, wires in, etc.)

reflecting the means by which loan repayments were made, loan correspondence (letters, notes, memoranda, etc.), collateral agreements and documents, credit reports, financial statements, notes or other instruments regarding the obligation to pay, real estate or other mortgages, security instruments, loan amortization statements, and Form 1099, 1089, or back-up withholding documents.

c. All documents pertaining to Certificates of Deposit (CD) purchased, held, or redeemed by Liebowitz or the Firm, including: copies of the certificates, documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the means by which CD proceeds were disbursed, documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which CDs were purchased, documents reflecting roll-overs, documents reflecting interest earned, withdrawn, or reinvested, and Form 1099, 1089, or back-up withholding documents.

d. All documents pertaining to all open or closed investment or security custodian accounts, IRA, Keogh, or other retirement plans in the name of or for the benefit of Liebowitz or the Firm, including: documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the means by which the proceeds of the securities were disbursed, documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which the securities were purchased, documents reflecting interest (earned, withdrawn, or reinvested), confirmation slips, monthly statements, payment receipts, safekeeping records and logs, and Form 1099, 1089, or back-up withholding documents.

e. Correspondence files for Liebowitz and the Firm.

f. All documents pertaining to all bank checks, cashier's checks, manager's checks, traveler's checks, and money orders purchased, held, or negotiated by Liebowitz or the Firm, including: applications for purchase, retained copies of negotiated checks or money orders, documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which the checks or money orders were purchased, and documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the means by which proceeds of the checks or money orders were disbursed.

g. All documents pertaining to wire transfers sent or received by Liebowitz or the Firm, including: Fed Wire, CHIPS, SWIFT, or other money transfer of message documents, documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the source of the funds wired out, documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting the payee or ultimate disposition of funds wired, and notes, memoranda, or other writings pertaining to the sending or receipt of wire transfers.

h.  All documents pertaining to current or expired safe deposit box rentals by or under the signatory authority of Liebowitz or the Firm, including: contracts and entry records.

i.  All documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of Liebowitz or the Firm, including: applications for credit, charge tickets, correspondence files, credit reports, financial statements, monthly statements, and documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting payments on the account.

j.  Teller tapes reflecting all transactions between the bank and Liebowitz or the Firm.

k.  All CTRs (For 4789) and CMIRs (Form 4790) filed with the Department ofTreasury, Internal Revenue Service, or the United States Customs Service by the bank concerning currency transactions conducted by or on behalf of Liebowitz or the Firm.

II. **Securities Records, including:**

a.  All account statements for all securities accounts pertaining to securities held or transacted by, for, in the name of, or under the signatory authority of Liebowitz or the Firm, including: account statements for all accounts, including: cash accounts, margin accounts, mutual fund accounts, partnership accounts, IRA accounts, KEOGH accounts, and cash management accounts.

b.  All documents pertaining to securities held or transacted by, for, in the name of, or under the signatory authority of Liebowitz or the Firm, including: applications to open accounts, cash received and delivered blotters, payment receipts, securities position records, transaction records, transaction statements, stock certificates and bond certificates and stock delivery receipts.