IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-249-FL

| | | |
|---|---|---|
| MATTHEW BRADLEY, | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW** |
| - against – | ) | **IN SUPPORT OF LIEBOWITZ** |
| | ) | **LAW FIRM, PLLC AND** |
| ANALYTICAL GRAMMAR, INC. | ) | **RICHARD LIEBOWITZ'S** |
| | ) | **MOTION TO QUASH AND FOR** |
| | ) | **PROTECTIVE ORDER** |
| Defendant. | ) | |

NOW COME the Liebowitz Law Firm, PLLC ("LLF") and Richard Liebowitz (hereinafter "Liebowitz," and collectively with LLF "Moving Parties"), former attorneys for plaintiff Matthew Bradley ("Plaintiff" or "Bradley"), through undersigned counsel, and respectfully submit this Memorandum of Law in support of their Motion to Quash and for a Protective Order related to three Subpoenas Duces Tecum dated 1 June 2021 and issued by opposing defense counsel Dan Booth ("Booth"), attorney for defendant Analytical Grammar, Inc. ("Defendant"):

## INTRODUCTION

A subpoena may only be issued to obtain documents relevant to a party's claims and defenses. Notably, courts apply an even higher standard when the subpoena is issued to obtain documents from an opposing attorney. Additionally, under Fed. R. Civ. P. 45, an attorney issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense. Here, Booth served the following Subpoenas: Subpoena to Richard Liebowitz; Subpoena to Liebowitz Law Firm LLC; and, Subpoena to JPMorgan Chase Bank, N.A., LLF's banking institution (collectively the "Booth Subpoenas"). The Booth Subpoenas demand production of the Moving Parties' confidential, proprietary, and financial documents unrelated to any claims or

1

defenses. For the reasons stated herein, therefore, the Moving Parties respectfully request this Court to grant the Moving Parties' Motion to Quash and for a Protective Order.

## BACKGROUND

On 18 June 2019, Bradley, through counsel including Liebowitz, commenced this action alleging claims for copyright infringement. (Compl., ECF No. 1). On 3 March 2021, this Court granted Defendant's Motion for Summary Judgment and dismissed Bradley's two-count action. (Order, ECF No. 63). This Court's Order did not state that Bradley's claims were objectively unreasonable or otherwise improperly motivated. On 19 March 2021, this Court disqualified Liebowitz from serving as Bradley's counsel of record for issues unrelated to Bradley's claims asserted in this Action. (Order, ECF No. 68). As a result, Bradley retained new counsel, Susan Freya Olive. (Notice of Appearance, ECF No. 72).

Thereafter, on 1 June 2021, Booth emailed the Booth Subpoenas to Liebowitz. The Booth Subpoenas seek the disclosure of proprietary and confidential financial information, banking statements, income tax returns and other financial data. More specifically, among other things, the Booth Subpoenas demand production of documents related to real property, general partnership agreements, communications pertaining to the transfer of any property, all statements of accounts payable and receivable, cash flow projections, all contracts of the Moving Parties, all invoices of the Moving Parties, and documents "sufficient to ascertain the date and amount of any judgment awarded to, or settlement agreement reached for, any client of the Firm." Out of necessity, the Moving Parties filed a Motion to Quash and for a Protective Order, through undersigned counsel, in response to the Boone Subpoenas.

## LEGAL STANDARD

The Federal Rules of Civil Procedure, Rule 45, generally governs the issuance of subpoenas to third-parties. The Rule permits parties in a pending civil action to command a non-party to produce documents. *See* Fed. R. Civ. P. 45. Additionally, Rule 45(d)(3)(A) provides, as relevant, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (quoting *Cook v. Howard*, No. 11-1601, 484 Fed. Appx. 805, 2012 U.S. App. LEXIS 18053, 2012 WL 3634451, at *6 n.7 (4th Cir. Aug. 24, 2012)). Moreover, a "subpoena imposes an undue burden on a party when a subpoena is overbroad." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008).

Next, Rule 45(d)(3)(B) provides in relevant part that "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B); *see also Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005) (noting a subpoena seeking confidential information should be quashed absent a showing of special need). Additionally, a third-party may seek protection from the court under Fed. R. Civ. P. 26 in response to a subpoena to protect itself from annoyance, embarrassment, oppression, or undue burden or expense. *See Insulate*, 227 F.R.D. at 432.

Unlike other circumstances, when the subpoenas at issue are directed to an attorney for the opposing party, a heightened burden is initially shifted to the party who issued the subpoena to show that compliance should be required. *Allen v. Brown Advisory, LLC*, No. 3:20-MC-00008, 2020 U.S. Dist. LEXIS 170513, at *8, 2020 WL 5603760 (W.D. Va. Sept. 17, 2020). District courts have found it appropriate to apply the *Shelton* test,[1] which applies when determining whether to allow the deposition of an opposing party's counsel, "to document subpoenas served on counsel for an opposing party, reasoning that document requests are the substantial equivalent of depositions for these purposes and are just as problematic as the deposition requests, and for the same reasons." *Id.* at *6 (internal quotations omitted); *see also Rygg v. Hulbert*, No. 2:11-cv-01827, 2013 WL 264762, at *1, 2013 U.S. Dist. LEXIS 9182, at *4 (W.D. Wash. Jan. 23, 2013). The Moving Parties respectfully contend that this Court should quash the Booth Subpoenas and issue an appropriate protective order under Rule 26.

**ARGUMENT**

**POINT I:       ANOTHER DISTRICT COURT HAS QUASHED SIMILAR SUBPOENAS ISSUED BY BOOTH AND BOOTH IS UNABLE TO MAKE THE HEIGHTENED SHOWING REQUIRED UNDER THE *SHELTON* TEST**

The District Court Judge in *Ward v. Consequence Holdings, LLC*, 3:18-cv-01734-NJR-MAB (S.D. Ill. 2018), addressed similar subpoenas Booth issued to LLF. In *Ward*, an order granting sanctions was entered. Booth then served subpoenas, similar to the case at hand upon LLF and its banking institution, which Liebowitz moved to quash. (*See Ward*, ECF No. 50, Exs. 2 & 3). The subpoena issued to LLF in *Ward* is attached hereto as Exhibit A.

---

[1] While the Fourth Circuit has not formally adopted the *Shelton* test, "district courts within the circuit have 'rather uniformly' applied it when determining whether to allow the deposition of an opposing party's counsel." *Allen*, 2020 U.S. Dist. LEXIS 170513, at *5-6 (quoting *Ford Motor Co. v. Nat'l Indem. Co.,* 3:12CV839, 2013 WL 3831438 (E.D. Va. July 23, 2013) (collecting cases)) (citing *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-cv-00193, 2014 U.S. Dist. LEXIS 200135, at *14 (W.D. Va. Oct. 29, 2014)).

On 19 June 2020, Chief Judge Nancy J. Rosenstengel granted Liebowitz's motion to quash in *Ward*, stating as follows:

> As the Court has plainly stated previously, it does not wish to encourage the personal disputes between individual attorneys in this case that extend across multiple representations. Both parties' attorneys, apparently completely lacking in self-awareness, have continued their personal disputes in this venue and **this Court will not give in to the parties' desires for legal gamesmanship that cheapen the legal profession** . . . **Furthermore, a subpoena issued pursuant to Federal Rule of Civil Procedure 45 is subject to the general relevancy standard for discovery described at Fed. R. Civ. P. 26(b)(1). The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Rule 26(b)(1).** Since the intent of [d]efendant's subpoenas directed at plaintiff were to find additional evidence to support [defendant's] Motion for Order to Show Cause, Plaintiff's Motion to Quash [defendant's] subpoenas is GRANTED . . . Both parties are WARNED that continued jockeying in this closed case will result in the Court sanctioning both parties with mandatory continuing education courses in ethics and mentorship programs with Court-approved experienced lawyers at each attorney's own expense for as long as the Court deems necessary.

(*Ward* Dkt. Order, ECF No. 51, attached hereto as Exhibit B (emphasis added)).

While Judge Rosenstengel only found Booth did not meet the standard described at Fed. R. Civ. P. 26(b)(1) under the circumstances in *Ward*, in this matter, Booth is also unable to make the heightened showing required by the *Shelton* test. Under the *Shelton* three-pronged test, as applicable to document subpoenas, the party seeking to obtain documents from an opposing counsel must show all of the following: "(1) no other means exist to obtain the information than to [obtain documents from the] opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citations omitted). This heightened standard was adopted because the "[t]he harassing practice of [seeking

discovery directly from an] opposing counsel . . . appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Id.* at 1330; *see also Navient Sols., LLC v. Law Offices of Jeffrey Lohman, P.C.*, No. 1:19-cv-461, 2020 U.S. Dist. LEXIS 205509, at *14 (E.D. Va. Sept. 4, 2020) (noting federal courts generally disfavor discovery sought directly from an opposing attorney through deposition). "[W]hen seeking to [obtain documents from an] opposing counsel, the cards are stacked against the requesting party from the outset and they must prove the [subpoenaed documents'] necessity.*" Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 9 (D.D.C. 2009); *see also N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987); *Allen*, 2020 U.S. Dist. LEXIS 170513, at *8 (noting "the party responsible for issuing the subpoena bears the burden of showing that compliance should be required").

Specifically in this matter, Booth is unable to show that the information sought is relevant and non-privileged or that the information is crucial to the preparation of Defendant's case. Notably, this Court previously entered summary judgment on Bradley's claims and disqualified Liebowitz from representing Bradley in this action. (ECF Nos. 63 & 68). There is no pending claim or motion for which the Booth Subpoenas seek relevant information.

The Moving Parties suspect the Booth Subpoenas are ostensibly intended to discover LLF's financial condition in the event Defendant succeeds on a motion for sanctions on grounds that this Court granted summary judgment in Defendant's favor. Importantly, however, such a motion has not been filed, let alone adjudicated. *See, e.g.*, *Taylor v. McGill Envtl. Sys. of N.C.*, No. 7:13-CV00270-D, 2015 U.S. Dist. LEXIS 31198, at *20, 2015 WL 1125108 (E.D.N.C. Mar. 12, 2015) (holding a party could not discover financial information prior to developed motions

and briefing supporting summary judgment on punitive damages in favor of the seeking party). Federal courts have entered orders quashing document subpoenas as premature where they seek financial information concerning an issue that has yet to be decided by the court. *See, e.g., Shulick v. Credit Bureau Collection Servs., Inc.*, No. CIV.A.02-1127, 2003 WL 22100873, at *1, 2003 U.S. Dist. LEXIS 15500, at *3 (E.D. Pa. July 31, 2003) (noting a subpoena was premature); *Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) (quashing subpoena as premature). Accordingly, the Moving Parties respectfully contend the Booth Subpoenas seek irrelevant material.

Moreover, even if a sanctions motion had been made, Booth has not shown the documents requested by the Booth Subpoenas, including credit card statements and client invoices, are crucial to support any such motion. The Moving Parties will address the merits of any motion for sanctions when, and if, such a motion is ever filed. The Moving Parties do, however, dispute that sanctions against the Moving Parties are appropriate. An adverse adjudication of the merits on summary judgment should not subject the losing attorney to sanctions or allow the winning attorney to then issue subpoenas for the opposing law firm's financial records.

Booth is also unable to show the Booth Subpoenas do not seek privileged information. For example, the Subpoena issued to LLF requests the following:

> All documents pertaining to all open or closed checking, savings, escrow, IOLA, IOLTA, NOW, Time, or other deposit or checking accounts, including: account ledgers, account registers, bank statements, canceled checks, credit memos, debit memos, deposit tickets, items deposited, wires in, and wires out.

7

Any attorney who has an IOLTA account, including Booth, should know this, at least likely, requests privileged and confidential information regarding a law firm's other clients—which are not a party to this case. *See, e.g.*, N.C. R. Prof'l Conduct 1.15-3 (noting required record keeping).

Regardless of whether Booth could ever make the required showing, while the Moving Parties respectfully contend that Booth could not, given the current posture, the court's holding in *Allen* is instructive. In *Allen*, the court addressed a motion to compel related to a documents subpoenas issued to an opposing party's counsel. *Allen*, 2020 U.S. Dist. LEXIS 170513, at *6-9. The court in *Allen* noted the party who issued the subpoena had "not yet attempted to satisfy [its] initial burden" to make the required heightened showing under the *Shelton* test. *Id.* at *8-9. The court in *Allen* thus held that the subpoenaed parties "will not be required to provide any further response to the subpoena." *Id.* Like *Allen*, Booth has not attempted to make the required showing under the *Shelton* test. The Moving Parties, therefore, respectfully request this Court to quash the Booth Subpoenas and enter a protective order that no response to the Booth Subpoenas is required.

**POINT II:** **THE BOOTH SUBPOENAS ARE PROCEDURALLY DEFECTIVE**

Pursuant to Fed. R. Civ. P. 45(a)(3), a subpoena must be issued by the clerk of court or an attorney authorized to practice in the issuing court. Here, among other defects, the Subpoena issued to Liebowitz was not signed by the Clerk of Court or any attorney. The Subpoenas, which Booth sent to LLF and Liebowitz by e-mail, were also not properly served. *See* Fed. R. Civ. P. 45(b). As such, the Moving Parties respectfully request this Court to quash the Subpoenas as procedurally defective and enter appropriate relief since the Moving Parties were required to respond to the procedurally defective Booth Subpoenas. *See* Fed. R. Civ. P. 45(d)(1).

**POINT III:** **THE BOOTH SUBPOENAS ARE OVERLY BROAD AND UNDULY BURDENSOME AND SEEK IRRELEVANT INFORMATION**

8
Case 5:19-cv-00249-FL   Document 79   Filed 06/15/21   Page 8 of 11

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Under Rule 45, district courts are required to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612; *Singletary*, 289 F.R.D. at 241; *Insulate*, 227 F.R.D. at 432. Even absent the higher showing required by the *Shelton* test, the Booth Subpoenas should be quashed and a protective order entered because the Booth Subpoenas are overly broad and unduly burdensome, and subject the Moving Parties to annoyance, oppression, and undue expense. *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612.

Here, the Booth Subpoenas seek extensive financial records. For example, the Subpoenas to LLF and Liebowitz seek the following: "Request No. 3. All bank statements for accounts in the name of, or under the signatory authority of, any named person or entity, AND in the name of any entity in which any named person or entity has or has had an equitable interest." The Subpoena goes on to define "bank statements" to include the following:

> All documents pertaining to all open **or closed** bank loans or mortgage documents, reflecting loans made to or co-signed by any named person or entity, including: loan applications, ledger sheets, documents reflecting the means by which loan proceeds were disbursed, documents reflecting the means by which loan repayments were made, **loan correspondence**, collateral agreements, **credit reports**, financial statements, notes or other instruments regarding the obligation to pay, real estate or other mortgages, security instruments, and loan amortization statements.
> . . . .
> All documents pertaining to all bank checks, cashier's checks, manager's checks, traveler's checks, and money orders purchased, held, or negotiated by any named person or entity, including: applications for purchase, retained copies, documents reflecting the means by which the checks or money orders were purchased, and documents reflecting the means by which proceeds of the checks or money orders were disbursed.

9

> . . . .
> All documents pertaining to open **or closed credit cards** in the name of or under the signatory authority of any named person or entity, including: applications for credit, charge tickets, correspondence, credit reports, financial statements, monthly statements, and documents reflecting payments on the account.

The Booth Subpoenas are replete with similar demands for confidential and proprietary documents. The Moving Parties contend that the Booth Subpoenas, on their face, show that they are overly broad and impose an undue burden on the Moving Parties.

The Federal District Court Judge in *Ward* warned against "legal gamesmanship that cheapen the legal profession." (*Ward* Dkt. Order, ECF No. 51). Thereafter, Booth issued the Booth Subpoena seeking, among other things, credit reports and an opposing attorney's closed credit card statements—before Booth filed a motion for sanctions or made any type of showing that sanctions are warranted. The Moving Parties respectfully contend this shows the Booth Subpoenas should be quashed and a protective order is needed to protect the Moving Parties from annoyance, oppression, and undue burden and expense. *See* Fed. R. Civ. P. 26(c)(1).

## CONCLUSION

For the foregoing reasons, the Moving Parties respectfully request this Court to quash the Booth Subpoenas and enter a protective order that no response is required to the Booth Subpoenas.

Respectfully submitted, this the 15th day of June, 2021.

/s/ LUKE A. DALTON
Luke A. Dalton (N.C. Bar No: 41188)
luke.dalton@mgclaw.com
McAngus Goudelock & Courie, PLLC
Post Office Box 30516, Raleigh, North Carolina 27622
Telephone: (919) 719-8204
Facsimile: (919) 510-9825
*Counsel for Liebowitz Law Firm, PLLC and Richard Liebowitz*

# CERTIFICATE OF SERVICE

I hereby certify that on this June 15th, 2021, I electronically filed the foregoing Memorandum of Law in Support of Liebowitz Law Firm, PLLC and Richard Liebowitz's Motion to Quash and For Protective Order with the Clerk of Court using the CM/ECF system, which will serve the document on registered users, and that I have emailed the document to the following:

Susan Freya Olive
Olive & Olive, P.A.
emailboxednc@oliveandolive.com
Attorney for Plaintiff

Dan Booth
Dan Booth Law LLC
dan@danboothlaw.com
Attorney for Analytical Grammar, Inc.

/s/ LUKE A. DALTON
Luke A. Dalton (N.C. Bar No: 41188)
luke.dalton@mgclaw.com
McAngus Goudelock & Courie, PLLC
Post Office Box 30516, Raleigh, North Carolina 27622
Telephone: (919) 719-8204
*Counsel for Liebowitz Law Firm, PLLC and Richard Liebowitz*