# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:19-cv-249-FL

| | | |
|---|---|---|
| | ) | |
| MATTHEW BRADLEY, | ) | **ANALYTICAL GRAMMAR, INC.'S** |
| | ) | **RESPONSE TO MOTION TO QUASH** |
| Plaintiff, | ) | **AND FOR A PROTECTIVE ORDER** |
| v. | ) | |
| | ) | |
| ANALYTICAL GRAMMAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On three occasions, within weeks after service of process, defendant Analytical Grammar, Inc. ("Analytical") offered to make payment to plaintiff Matthew Bradley ("Bradley") and accept judgment to settle his claims. DE 30-19 ¶¶ 20-22, DE 30-22, DE 31-5, DE 31-6 p. 3. Bradley's then-counsel by special appearance Richard Liebowitz ("Liebowitz") of Liebowitz Law Firm, PLLC ("LLF") (together, the "Movants") never responded to those offers. DE 30-19 ¶ 23. Analytical defended and obtained summary judgment on both claims. DE 63. Liebowitz has been disqualified from representing Bradley, and suspended from practice in this Court and others. DE 68, DE 75 p. 2 n. 2. His successor counsel has disclosed that Liebowitz evidently failed to communicate the early settlement offers to Bradley "until months after their expiration." DE 73 pp. 2-3. The case should never have reached this point. Analytical intends to move for sanctions against Movants pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. *See id.* pp. 3-4.

Seeking financial information pertinent to that forthcoming motion, Analytical issued subpoenas directed to Liebowitz, LLF, and its bank JPMorgan Chase Bank, N.A. ("JPMorgan") on June 1, 2021, DE 78-1, 78-2, 78-3. Without conferring, on June 15, 2021, the Movants moved the Court to quash the subpoenas and enter a protective order. DE 78 (the "Motion"). The Motion fails to identify any valid basis for the relief requested and it should be denied in full.

1

## I.  The Motion should be summarily denied because the Movants failed to confer.

The Motion should be denied because the Movants did not try to confer before filing, violating the federal and local rules of civil procedure and the Case Management Order.

"[A] moving party must in good faith confer or attempt to confer with the adverse party regarding the discovery dispute. … The parties must attempt to resolve their discovery disputes before resorting to judicial intervention." *Hall v. Am. Gen. Life Ins. Co.*, No. 4:05-cv-112-F(3), 2006 U.S. Dist. LEXIS 111994, *5 (E.D.N.C. Mar. 22, 2006). A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). "Counsel must … certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c)(2). "[A] discovery motion is any motion or other request to the court that seeks to enforce … any of the procedures in any of Rules 26 through 37 of the federal Rules of Civil Procedure." Local Civil Rule 7.1(c)(1). The Motion is a discovery motion because it seeks a protective order under Rule 26. DE 78 ¶¶ 8, 12; *see* DE 79 pp. 3, 4, 10. The Case Management Order in this action further requires that any discovery motion, "including any disputed motion … for protective order," shall be filed only "after good faith effort between the parties to resolve issue(s)"; and "[b]efore filing, the court requires notice of such disputed discovery issue(s) for its consideration in setting a telephonic discovery conference." DE 20 ¶ B.4. "Discovery motions filed … without advance conference with the court, absent extenuating circumstances, summarily will be denied." *Id.*

The Movants disregarded all of those requirements. They did not give the Court advance notice of this discovery dispute, despite the Case Management Order. They did not serve objections on Analytical pursuant to Fed. R. Civ. P. 45(c)(2)(B). There is no certification of any pre-filing conference in the Motion because they did not attempt to confer to narrow the issues.

2

To the contrary, before the Motion was filed, Analytical's counsel tried to engage the Movants' counsel in discussion, but without success. Declaration of Dan Booth ("Booth Decl.") ¶¶ 2-5. Movants' counsel first discussed the Motion with Analytical eight days after filing it. *Id.* ¶¶ 6-7.

"In short, [the] decision to proceed with the filing of the motion deprived the parties of a meaningful opportunity to resolve their dispute without court intervention. The entire motion is therefore subject to dismissal on this basis alone." *Velasquez-Monterossa v. Mi Casita Rests.*, No. 5:14-cv-4458-BO, 2015 U.S. Dist. LEXIS 57385, *12 (E.D.N.C. May 1, 2015) (*citing Cassell v. Monroe*, No. 5:10-ct-3023-BO, 2010 WL 5125339, *2 (E.D.N.C. Dec. 7, 2010)). *Accord Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 U.S. Dist. LEXIS 65504, *1-2 (E.D.N.C. May 8, 2013) (denying discovery motion for failure to comply with Fed. R. Civ. P. 37(a) and Local Rule 7.1(c)); *McMillian v. N.C. Cent. Prison*, No. 5:10-CT-3037-FL, 2012 U.S. Dist. LEXIS 942, *10-11 (E.D.N.C. Jan. 4, 2012) (same). The Motion should be denied summarily.

## II.     Analytical has withdrawn the subpoena directed to Mr. Liebowitz.

The Movants contend that the subpoena directed to Liebowitz was "procedurally defective" because it was issued without counsel's signature. DE 79 p. 8; *see* DE 78-1. Analytical regrets the error, which was a clerical mistake. Such an oversight does not invalidate a subpoena, where the issuing party stands behind it. *Atlantic Inv. Mgmt., LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395 (N.D. Ill. 2002). Yet to accommodate the Movants' concerns, Analytical promptly informed their counsel that it withdrew the Liebowitz subpoena on June 23, 2021, the day that counsel first discussed the issue. Booth Decl. ¶ 7.

The other two subpoenas were duly signed and remain in effect. DE 78-2, DE 78-3. And as Analytical also informed the Movants' counsel, it withdrew the Liebowitz subpoena while reserving the right to serve a new, signed subpoena if its other subpoenas yield incomplete information. Booth Decl. ¶ 7.

**III.    The Movants do not have standing to challenge the subpoena directed to JPMorgan.**

Analytical subpoenaed JPMorgan, "LLF's banking institution." DE 79 p. 1; DE 78-3. The Movants lack standing to oppose it. "Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) (*citing United States v. Miller*, 425 U.S. 435, 442 (1976)); *see also United States v. Doerrer*, No. 7:14-CR-13-FL, 2016 U.S. Dist. LEXIS 35285, *2 (E.D.N.C. Mar. 18, 2016) (*quoting Gordon*), *aff'd*, 654 Fed. Appx. 639 (4th Cir. 2016).

**IV.    The Motion should be denied because it fails to identify any valid basis for relief.**

"The party resisting discovery bears the burden of establishing the legitimacy of its objections." *Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (*citing Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. July 26, 2012)). "A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden." *Id.* at 6 (*citing Smith v. United Salt Co.*, No. 1:08-cv-00053, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009)).

The Movants do not come close to carrying their burden as to any subpoena or request.

**A.    The subpoenas seek discoverable information highly relevant to the Movants' ability to pay sanctions.**

Liebowitz's misrepresentation of Bradley warrants sanctions against the Movants, as Analytical's forthcoming motion will show. The financial information sought will be directly relevant because resolving a sanctions motion must entail consideration of the ability to pay.

"The scope of discovery allowed for a subpoena issued pursuant to Rule 45 is the same as allowed under Rule 26, which provides for a broad scope of discovery[.]" *Benjamin v. Sparks*,

4

No. 4:14-CV-186-D, 2016 U.S. Dist. LEXIS 147376, *4 (E.D.N.C. Oct. 24, 2016) (denying motion to quash and/or for a protective order). Relevance "has been construed broadly to encompass any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.* (*citing Hickman*, 329 U.S. at 500-01). "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.*

Courts in this Circuit must consider the ability to pay before imposing money sanctions. "We have previously stated in the Rule 11 context that 'a monetary sanction imposed without any consideration of the ability to pay would constitute an abuse of discretion.'" *Salvin v. Am. Nat'l Ins. Co.*, 281 Fed. Appx. 222, 226 (4th Cir. 2008) (*quoting In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990)) "'[I]nability to pay … should be treated and reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status.'" *Id.* (*quoting Kunstler*, 914 F.2d at 524). The Fourth Circuit applies the same considerations when 28 U.S.C. § 1927 sanctions are at issue. *See id.* at 225.

The subpoenas are likely to yield evidence relevant to the Movants' ability to pay, which is an issue "that is or may be in the case." *Oppenheimer Fund*, 437 U.S. at 351. Thus, the information sought is properly discoverable. In the context of a motion for sanctions, courts regularly require attorneys to provide financial information and allow discovery into the attorneys' financial records. *See Janky v. Farag*, No. 3:05-cv-217, 2007 U.S. Dist. LEXIS 46348, *7-9 (N.D. Ind. June 5, 2007) (denying motion to quash subpoena seeking sanctioned attorney's records of assets, financial records, and income tax returns); *BM Invs., LLC v. Hamilton Family,*

*L.P.*, No. 06-cv-14991, 2008 U.S. Dist. LEXIS 36760 (E.D. Mich. May 6, 2008) (same); *Starks v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 133 Fed. Appx. 607, 608 n. 1 (11th Cir. 2005) (affirming orders requiring plaintiff's attorney "to file with the court evidence of his current financial condition" and allowing defendant to conduct discovery thereon). In *Lightspeed Media Corp. v. Smith*, the Seventh Circuit affirmed discovery sanctions against plaintiff's attorneys who claimed an inability to pay sanctions, were ordered "to produce financial statements prepared by certified public accountants," and "engaged in discovery shenanigans" related to motions to quash that were properly denied. *Id.*, 830 F.3d 500, 503-05 (7th Cir. 2016). Because the Movants' ability to pay will be at issue, the Motion should be denied.

### B.     The subpoenas are not unduly burdensome or overly broad.

Courts must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). As noted, "the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). The Movants have not made such a particularized showing. The only Analytical request they specifically call out as "unduly burdensome" is Request No. 3 in the subpoenas issued to Liebowitz (since withdrawn) and to LLF, which seeks bank statements. DE 79 pp. 8-10. After quoting the definition of "bank statements" in the subpoenas, the Movants state conclusorily that "on their face," the subpoenas impose an undue burden on them and are overly broad. *Id.* pp. 9-10.

This does not suffice. Bank statements are routinely subject to production. Request No. 3, like most of Analytical's requests, is limited to "documents and information from or concerning the period from March 3, 2021 through present." *See* DE 78-2 p. 4. Thus, only the last four months of bank statements are required, and most modern banks enable customers to download

PDFs of their recent statements in moments. To the extent that Request No. 3 also encompasses "credit reports and an opposing attorney's closed credit card statements," DE 79 p. 10, the Movants make no showing that such records are any harder to access or produce. Because the Movants do not assert that they have closed any credit cards in the last four months, they fail to show that they have any such records to produce at all.

Nor are the subpoenas too broad. They are modeled on similar subpoenas issued by the defendant in *Lightspeed* who, represented by Analytical's counsel, had issued subpoenas to that plaintiff's attorneys and their financial institutions. *Compare* DE 78-1, 78-2, & 78-3 *with* ECF No. 116-1, *Lightspeed*, No. 3:12-cv-00889-DRH-SCW (S.D. Ill. filed Jan. 30, 2014). The *Lightspeed* court found that those subpoenas were not "overly broad" and denied the plaintiff's counsel's motion to quash and for a protective order. *Id.*, 2014 U.S. Dist. LEXIS 20252, *3-4 (S.D. Ill. Feb. 19, 2014). Analytical's subpoenas have virtually the same reasonable scope.

### C.     The subpoenas do not seek privileged or confidential information.

The Movants contend that a request for documents pertaining to IOLTA accounts is seeking "privileged and confidential information regarding a law firm's other clients." DE 79 pp. 7-8. They contend that Analytical cannot "show that the information sought is … non-privileged[.]" *Id.* p. 6. But the Movants bear the burden of proof, *United States v. Under Seal (In re Grand Jury Proceedings)*, 33 F.3d 342, 353 (4th Cir. 1994) ("The burden is on the party asserting the privilege to demonstrate the applicability of the asserted privilege."), and they cannot meet it. "The attorney-client privilege normally does not extend to the payment of attorney's fees and expenses." *Id.* at 354. "For at least forty years … the federal courts have squarely rejected the recognition of any privilege attaching to an attorney's bank records, whether those records relate to the attorney's general account or client trust accounts." *Grewal & Assocs., P.C. v. Hartford Cas. Ins. Co.*, No. 1:10-cv-214, 2010 U.S. Dist. LEXIS 104789, *8

(W.D. Mich. Sept. 30, 2010); *see id.* at *8-12 (collecting cases). "This circuit has also made it clear that attorney fee record subpoenas do not violate the attorney-client privilege." *In re Grand Jury Proceedings No. 92-4*, 42 F.3d 876, 879 n. 1 (4th Cir. 1994) (internal citations omitted). "Checks are negotiated through a bank and, therefore, are not confidential communications. Nor are they likely to contain information protected by the work-product doctrine." *Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2009 U.S. Dist. LEXIS 60096, *6 (D. Nev. June 29, 2009) (internal citation omitted). The Movants' bald assertion of privilege and confidentiality has no basis in law and is otherwise unsubstantiated and without merit.

D.      **The *Ward v. Consequence Holdings* case provides a reason to require the production of the requested financial records and no reason to prevent it.**

The Movants raise *Ward v. Consequence Holdings, LLC*, No. 3:18-CV-1734-NJR (S.D. Ill.). *See* DE 79 pp. 4-5 & 10. They neglect to disclose what makes the case salient here: in *Ward*, Liebowitz demonstrated little compunction about misrepresenting his ability to pay sanctions. A brief review of the docket in that case supports denying the Motion and requiring production.

After dismissal, the *Ward* court sanctioned both Movants based on its inherent authority on May 7, 2020, ordering payments of $10,000 to the court and $10,000 to the defendant. *Ward*, 2020 U.S. Dist. LEXIS 80499, *10-11. On June 5, 2020 Liebowitz moved for an extra year to pay the sanctions, by monthly installments, declaring: "Due to the small nature of the Firm, coupled with concerns about the present public health crisis, we are unable to pay the $20,000 monetary sanction at one time." *Id.*, ECF Nos. 42 & 42-1 ¶ 4. That was apparently medacious.[1]

---

[1] As the *Ward* defendant (also represented by Analytical's counsel) noted: "From May 7[, 2020] when the Sanctions Order issued, through June 5 when Liebowitz claimed that Counsel could not timely pay, he filed at least 80 new lawsuits. … At $400 in filing fees apiece, [LLF] had thus spent more than $30,000 launching new cases after the Sanctions Order issued, rather than setting aside $20,000 to comply with it." *Id.*, ECF Nos. 43, 49 pp. 2-3, & 49-1. Over the same 29-day period, Liebowitz and LLF reported settling at least 45 other contingency suits, and obtained $136,376 in default judgments in other cases. *Id.*, ECF Nos. 49 p. 3, 49-2, 49-3.

So to verify his financial wherewithal, the defendant issued subpoenas to LLF and JPMorgan on June 8 and 9, 2020. *Id.*, ECF Nos. 50 ¶¶ 3-4, 50-2, 50-3. The Movants suddenly found they could pay the sanction after all, and withdrew their motion to set an installment plan on June 15, 2020. *Id.*, ECF Nos. 45, 46. After that payment and withdrawal, the *Ward* court deemed Liebowitz's misrepresentations no longer relevant and quashed the subpoenas. *Id.*, ECF No. 51.

In this case Liebowitz's ability to cover a sanctions award remains in question. In the year since Movants paid the sanctions in *Ward*, they have been ordered to pay additional sanctions: $103,517.49 in *Usherson*, *see* DE 42 p. 55; $1,000 in *Adlife Mktg. & Commc'ns Co. v. Buckingham Bros., LLC*, No. 5:19-cv-0796, 2021 U.S. Dist. LEXIS 148755, *27 (N.D.N.Y. Aug. 18, 2020); and $20,356.50 in *Jamieson v. Hoven Vision LLC*, No. 20-cv-1122-WJM-KLM, 2021 U.S. Dist. LEXIS 84054 (D. Colo. May 3, 2021). Meanwhile, multiple suspensions have disrupted the Movants' settlement revenue stream. DE 65-1, DE 75 p. 2 n. 2.[2] The Movants' current financial status is unknown, and their apparently fabricated inability to pay claim in *Ward* justifies documentary verification. So Request No. 10 in the LLF subpoena properly seeks "Documents sufficient to ascertain the date and amount of any judgment awarded to, or settlement agreement reached for, any client of the Firm (excluding any client-identifying information as to any non-public settlements)[.]" DE 78-2 p. 5. It covers only judgments and settlements since March 3, 2021. *Id.* p. 4. It is narrowly tailored to meet its valid purpose.

###### E. The *Shelton* test does not govern Analytical's subpoenas.

The Movants frame their argument around a test for parties seeking to depose opposing counsel set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986),

---

[2] *See also* Suspension Order, *In re Richard P. Liebowitz*, No. 20-mc-10-PDW (D.N.D. Jan. 25, 2021); Order, *In re Liebowitz*, No. 21-800 (10th Cir. Feb. 2, 2021); Order, *In re Liebowitz*, No. 1:21-mc-00003 (S.D. Ga. Mar. 5, 2021); Order, *In re Richard P. Liebowitz, Disciplinary Action*, No. 3:21-mc-00001 (S.D. Ill. Mar. 22, 2021); Reciprocal Attorney Discipline Notice and Order, *In re Richard Liebowitz*, No. 6:21-mc-00009 (E.D. Tex. June 15, 2021).

which shifts the burden to the deposing party to show that the deposition is necessary. *Shelton* does not apply here because Analytical seeks documents (not testimony) from former counsel (not trial counsel) regarding counsel's finances (not litigation strategy or attorney work-product).

> *Shelton*, however, is applicable only where the attorney being deposed is trial or litigation counsel and the subject matter of the deposition concerns litigation strategy. … Here, [Analytical] is not seeking to depose [Bradley's] trial counsel, nor does the subject matter of the deposition appear intended to elicit any information relating to the litigation strategy in the instant litigation. For these reasons, the *Shelton* test is inapplicable.

> *Buyer's Direct, Inc. v. Belk*, No. 5:10-CV-65-H, 2012 U.S. Dist. LEXIS 113226, *8-9

(E.D.N.C. Aug. 10, 2012) (citations omitted); *see also BB&T Corp. v. United States*, 233 F.R.D. 447, 450 (M.D.N.C. 2006) (questioning whether the "stringency" of the *Shelton* approach applies to "a former attorney"). *Shelton*'s concern that "deposing opposing counsel … appears to be an adversary trial tactic," 805 F.2d at 1330, is not present because Bradley is the adversary party, not Liebowitz, and Liebowitz is disqualified from representing him in this action.

The Movants argue that the *Shelton* test is "applicable to document subpoenas," not just depositions, citing unpublished cases from other jurisdictions, and retrofitting case precedent with inapposite bracketed language where it suits their argument. DE 79 pp. 5-6. But nothing in *Shelton* so holds. The Movants cite no case applying the *Shelton* test to a request for former counsel's financial records and they offer no argument why this Court to be the first.

*Shelton* does not shift the Movants' burden and they fail to meet it.

## V.    Conclusion.

For the reasons provided in this response, Analytical respectfully requests that the Court deny the Motion in full.

Respectfully submitted,

Analytical Grammar, Inc.

By its attorneys:

Signed: June 28, 2021

/s/ Dan Booth
Dan Booth
Dan Booth Law LLC
60 Thoreau Street, #121
Concord, MA 01742
dan@danboothlaw.com
Local Civil Rule 83.1(e) Special Appearance

Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Parker Poe Adams & Bernstein LLP
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564
Local Civil Rule 83.1(d) Counsel

**CERTIFICATE OF SERVICE**

I, Dan Booth, hereby certify that on June 28, 2021, true copies of Analytical Grammar,

Inc.'s foregoing Response to Motion to Quash and for Protective Order, and of my declaration in

support of the Response submitted herewith, were electronically filed using the Court's CM/ECF

system, which will send notification of such filing to the following counsel of record:

Susan Freya Olive
Olive & Olive, P.A.
500 Memorial Street
P.O. Box 2049
Durham, NC 27702-2049
solive@oliveandolive.com
(counsel for plaintiff Matthew Bradley)

Albert P. Allan
Allan Law Firm, PLLC
435 East Morehead Street
Charlotte, NC 28202
alallan@allaniplitigation.com
(counsel for plaintiff Matthew Bradley)

Luke A. Dalton
McAngus, Godelock & Courie, PLLC
P.O. Box 30516
Raleigh, NC 27622
luke.dalton@mgclaw.com
(counsel for Richard A. Liebowitz and Liebowitz Law Firm, PLLC)

June 28, 2021                          /s/ Dan Booth
                                       Daniel G. Booth