IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY,<br><br>    Plaintiff,<br>v.<br><br>ANALYTICAL GRAMMAR, INC.,<br><br>    Defendant. | **DECLARATION OF DAN BOOTH IN SUPPORT OF DEFENDANT ANALYTICAL GRAMMAR, INC.'S RESPONSE TO MOTION TO QUASH AND FOR PROTECTIVE ORDER** |

I, Dan Booth, declare as follows.

1. I am an attorney licensed to practice in the commonwealth of Massachusetts and I have entered a notice of special appearance in the above-captioned action. I am the founder and principal of the law firm Dan Booth Law LLC and counsel of record for defendant Analytical Grammar, Inc. ("Analytical"). I submit this affidavit in support of Analytical's response to the Motion to Quash and for Protective Order (Doc. 78) filed on behalf of Richard Liebowitz ("Liebowitz") and his law firm Liebowitz Law Firm, LLC ("LLF") (together "the Movants").

2. The Motion to Quash and for Protective Order relates to three subpoenas issued on June 1, 2021 on behalf of Analytical, directed to Liebowitz, LLF, and LLF's financial institution JPMorgan Chase Bank, N.A. ("JPMorgan"), respectively. On June 1, 2021, I provided copies of the three subpoenas by email to Liebowitz and LLF associate James Freeman, and then sent service copies of the subpoenas to the Movants by mail, and to JPMorgan by mail and email.

3. On June 2, 2021, I learned that the Movants had retained Luke Dalton as counsel and emailed him as follows, in pertinent part:

> I represent Analytical Grammar, Inc. Matthew Bradley's new counsel Ms. Olive tells me that you now represent Richard Liebowitz and Liebowitz Law Firm.

1

> My client is prepared to move for an award of all of the attorneys' fees and litigation expenses it incurred in this action as sanctions against your clients pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. Ms. Olive has represented that Mr. Liebowitz failed to convey critical information to Mr. Bradley, including the offers to accept judgment that Analytical sent to your clients before retaining counsel in August 2019. Your clients are liable for all of its fees and expenses, which exceed $160,000 to date, because it incurred those costs as a direct result of Mr. Liebowitz's dereliction of duty.
>
> Please give a call tomorrow so we can discuss any potential resolution of this matter without further litigation. Thank you.

4. Mr. Dalton responded by email that evening, on June 2, 2021, stating:

> Dan, call me Luke. I'm out of the office tomorrow, but we look forward to working with you.

5. The next day, June 3, 2021, I replied to Mr. Dalton, again offered to discuss the matter, and provided courtesy copies of the three subpoenas, stating:

> Thanks. Let me know when you're prepared to discuss.
>
> Before I learned that your clients had engaged counsel, I served them and JPMorgan Chase Bank with subpoenas. Copies are attached.

6. He did not respond. On June 15, 2021, plaintiff Matthew Bradley's substitute counsel Susan Freya Olive emailed Mr. Dalton and me to propose a joint conference call and request our availability. I responded that morning with my availability for a call. Mr. Dalton filed the Motion to Quash and for Protective Order later that day. He did not respond to Ms. Freya Olive's email until June 22, 2021.

7. Mr. Dalton first discussed the Motion to Quash and for Protective Order with Analytical on June 23, 2021, in a conference call with me, Analytical's local counsel Chris Thomas, and Ms. Freya Olive. Mr. Dalton asked if Analytical would withdraw the subpoenas during that call. By email to Mr. Dalton later that afternoon, I apologized for my clerical mistake of issuing a subpoena to Liebowitz without signing it, and informed him that Analytical was withdrawing that subpoena, while reserving the right to serve a new, signed subpoena on Liebowitz if the responses to the other two subpoenas do not produce information sufficient to establish his ability to pay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June, 2021 in Concord, Massachusetts.

                                                        */s/* Dan Booth
                                                        Dan Booth

3

Case 5:19-cv-00249-FL     Document 81-1     Filed 06/28/21     Page 3 of 3