IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-cv-249-FL

| | |
|---|---|
| MATTHEW BRADLEY,<br><br>    Plaintiff,<br>v.<br><br>ANALYTICAL GRAMMAR, INC.,<br><br>    Defendant. | DECLARATION OF ERIN KARL IN SUPPORT OF ANALYTICAL GRAMMAR, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY |

I, Erin Karl, declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

1. I was the president, owner, and sole proprietor of Analytical Grammar, Inc. ("Analytical"), the defendant in this action, and I submit this affidavit based on my own personal knowledge, and upon information and belief based on investigation into the facts stated herein. I submit this affidavit in support of Analytical's Motion for an Award of Attorneys' Fees, Costs and Expenses Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority and to place before the Court evidence relied upon by Analytical in its accompanying memorandum.

2. Analytical was a corporation organized and existing under the laws of North Carolina. It was administratively dissolved in November 2020 when the expense of defending this action rose too high.

3. I received a copy of the complaint and summons in this action by mail directed to Analytical on August 2, 2019.

4. On August 16, 2019, I sent an email to Richard Liebowitz and Seth Hudson, who were then Mr. Bradley's counsel in this action, in which I stated, "The photo was a viral meme

1

and we thought that sharing it on Facebook was permitted. We didn't remove or alter any copyright management information. Nothing identified Mr. Bradley as the photographer when we came across the photo." I also offered to make amends and to settle the dispute by making a payment of $500 and accepting judgment. A complete copy of my August 16, 2019 email, including the formal offer of judgment I attached to the email, was filed in this action as Document 30-22.

5. On August 19, 2019, I sent a follow-up email to Mr. Liebowitz and Mr. Hudson reiterating my settlement offer. A complete copy of my August 19, 2019 email was filed in this action as Document 31-5.

6. I did not receive a response to either email and sought counsel. On August 20, 2019, Analytical retained Dan Booth of Dan Booth Law LLC as lead counsel in this action. I decided to work with Mr. Booth because of his reputation and experience defending against copyright trolls like Mr. Liebowitz.

7. Mr. Booth informed me on August 20, 2019 that he had contacted Mr. Liebowitz by email to reiterate my offer to accept judgment and to discuss a potential settlement. On August 21, 2019, Mr. Booth informed me that he had conferred with Mr. Hudson and had again emailed Mr. Liebowitz and Mr. Hudson, proposing to engage in settlement discussions before Analytical would have to retain local counsel and file an answer to the complaint. He informed me that Mr. Hudson had agreed to an extension of time for Analytical to file an answer and had asked Mr. Liebowitz to discuss settlement with Mr. Booth.

8. Because Mr. Liebowitz did not respond to the offers of judgment and requests to engage in settlement negotiations, Analytical prepared to defend the action. On August 29, 2019, Analytical retained Parker Poe as local counsel on Mr. Booth's recommendation, and Parker Poe

2

filed a consent motion for an extension of time to answer the complaint. Analytical filed its answer and counterclaims on September 13, 2019.

9. Mr. Booth informed me on September 17, 2019 that Mr. Liebowitz proposed to settle the action for $5,500. Analytical had already incurred more than that in legal fees responding to the complaint, and I recognized that Analytical would have to pay its counsel many times more than that over the course of the lawsuit to defend the claim. But Analytical refused to pay Mr. Liebowitz on principle. I believed that the claims against Analytical were not valid and I could not stomach any resolution that would reward Mr. Liebowitz's litigation tactics.

10. Mr. Booth informed me on October 7, 2019 that Mr. Liebowitz had proposed to settle for $1,000, and informed me on October 8, 2019 that he had offered to settle for $500. Analytical rejected the offer. I could not accept that Mr. Liebowitz could ignore repeated offers to settle for that same amount, then force Analytical to spend months incurring thousands in legal fees over a Facebook post, and walk off scot-free. I became determined to prevail on the merits.

11. I attended the February 17, 2020 mediation conference in this action represented by Catherine Lawson. Mr. Bradley and Mr. Liebowitz attended via Skype. At the mediation, Ms. Lawson explained to them that they had no basis for recovery on either claim. She explained that Mr. Bradley could not recover actual damages on the infringement claim because he had not disclosed or produced any basis for recovery; that he could not recover any profits from Analytical because record evidence demonstrated that it had no profits attributable to the Facebook post; that and that the claim was not eligible for statutory damages because the copyright registration was not timely. Ms. Lawson showed them a copy of the Statement of Rights and Responsibilities that set forth Facebook's terms of service from January 2015 through April 2018, filed in this action as Document 30-1, and explained that it meant Analytical's repost

3

of Mr. Bradley's photograph had been licensed and disproved the copyright infringement claim. She also showed them a copy of the Facebook Messenger communication by which Analytical received Mr. Bradley's photograph on December 14, 2017, filed in this action as Document 30-21, and explained that it shows that the photograph did not include any copyright management information, which disproves the copyright management information claim. Mr. Bradley appeared surprised to learn of this evidence. Ms. Lawson and I implored Mr. Bradley and Mr. Liebowitz to dismiss the suit so Analytical could avoid incurring more expenses in expert discovery and at summary judgment, or at least dismiss the copyright management information claim and the claims for forms of damages that are barred by law. But we could not persuade them to narrow the scope of the case. By the time of the mediation, Analytical had incurred more than $50,000 in attorneys' fees defending claims that had no basis. Mr. Bradley and Mr. Liebowitz would not agree to any settlement by which either of them would pay Analytical even a fraction of those fees.

12. The costs of this lawsuit forced me to sell off Analytical's valuable intellectual property and let go of the business that had been a part of my family for decades. My mother Robin Finley, Analytical's founder, taught English language arts in public schools for 34 years and began developing Analytical's core language arts curriculum in 1981. She formally incorporated Analytical in 2004. I joined her in running the company in 2008. In 2009, as she was battling cancer, she made me the majority owner. She passed away in 2015. I ran Analytical out of my basement in Raleigh from then until July 2020.

13. Analytical launched a GoFundMe campaign in September 2019 to help fund the defense. The campaign page is available at https://gofund.me/99ef48cd. As I explained on the GoFundMe page, "Defending my small business against this lawsuit will cost thousands of

4

dollars. ... I simply can't absorb these costs, and I want desperately to keep publishing the amazing curriculum my mother authored all those years ago." The campaign raised more than $15,000 in its first six months and has raised more than $37,000 to date. Those contributions have paid for fees and costs incurred in this lawsuit that Analytical could not have covered.

14. The GoFundMe donations were not contingent so the donors do not expect to be repaid. However, out of gratitude, Analytical plans to offer reimbursement to the GoFundMe donors if its fees request is granted. Analytical does not seek to profit from any fees awarded in this lawsuit. It only wants to be made financially whole, and to have Mr. Liebowitz and his law firm held accountable for their actions.

15. I am an Air Force veteran and a Lieutenant Colonel in the Air Force Reserve. When this case began in mid-2019, my Reserve service involved active drilling for a total of 45 to 50 days per year. To cover the legal fees in this litigation I resumed full-time active duty in January 2020.

16. The money raised from full-time Reserve duties and the GoFundMe campaign was still not enough to cover the costs of suit. I made the difficult decision to sell off Analytical's intellectual property to keep paying the legal bills. In July 2020, I transferred all rights to Analytical's curriculum to another publisher, Math-U-See, Inc./Demme Learning, so that my mother's educational legacy would be perpetuated. In November 2020, I dissolved the company and began to wind it down.

Executed this 8th day of July, 2021 in Raleigh, North Carolina.

ERIN KARL

5

Case 5:19-cv-00249-FL   Document 83-2   Filed 07/08/21   Page 5 of 5