| From: | **Dan Booth** dan@danboothlaw.com |
|---|---|
| Subject: | Re: Activity in Case 5:19-cv-00249-FL Bradley v. Analytical Grammar, Inc. Notice to Counsel - Selection of Mediator |
| Date: | November 11, 2019 at 8:31 PM |
| To: | Richard Liebowitz RL@liebowitzlawfirm.com |
| Cc: | Lawson, Catherine R. L. catherinelawson@parkerpoe.com, SHudson@worldpatents.com, Thomas, Christopher M. christhomas@parkerpoe.com, alallan@allaniplitigation.com |



Richard,

Mediation without discovery would be premature. Mr. Bradley's deposition is set for 31 days from today. A mediator would have little to discuss before then.

Our client has already incurred more than $20,000 in fees and intends to prevail both on the merits and in obtaining an award of all attorney's fees. That amount will only rise as the case progresses. So if you and your client want to limit the legal fees you face, you should dismiss with prejudice as soon as possible.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
danboothlaw.com

On Nov 11, 2019, at 8:06 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

> The rush is so that both sides don't need to incur a lot of legal fees which I am sure is a goal of your client as well. There is not a whole lot of discovery on both ends. What is your reasoning to wait to have the mediation?
>
> On Mon, Nov 11, 2019 at 8:01 PM Dan Booth <dan@danboothlaw.com> wrote:
>> Richard,
>>
>> If that were a relevant criterion, then suggesting Mr. Little is puzzling. I gather that you have not confirmed his availability, though his website indicates that he typically books mediations months in advance, so the next 30 days are not likely to work for him. http://www.ncmediationservices.com/wp-content/uploads/2018/04/fee-schedule.pdf
>>
>> As Mr. Little notes on the same page, "essential discovery must be conducted for settlement discussions to be meaningful." For the same reason, it makes little sense to plan a mediation before discovery begins in earnest. What's your rush?
>>
>> Regards,
>>
>> Dan Booth
>> Dan Booth Law LLC
>> 60 Thoreau Street #121
>> Concord, MA 01742
>> danboothlaw.com
>>
>> On Nov 11, 2019, at 7:46 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:
>>
>>> Does Ms. Leto have availability within the next 30 days?
>>>
>>> On Mon, Nov 11, 2019 at 7:43 PM Dan Booth <dan@danboothlaw.com> wrote:
>>>> Richard,
>>>>
>>>> We don't have enough information to say. His website does not indicate any experience in copyright law or other IP matters. (See http://www.ncmediationservices.com/mediation-services/.) Does he have such experience? Ms. Ledo does. We also confirmed that she is available and has no conflicts. Is Mr. Little available, and does he have prior experience with any of the parties or counsel?
>>>>
>>>> Regards,
>>>>
>>>> Dan Booth
>>>> Dan Booth Law LLC
>>>> 60 Thoreau Street #121
>>>> Concord, MA 01742
>>>> danboothlaw.com
>>>>
>>>> On Nov 11, 2019, at 5:43 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:
>>>>
>>>>> How about Andy Little:
>>>>> http://www.ncmediationservices.com/j-anderson-andy-little/

http://www.ncmediationservices.com/j-anderson-andy-little/

On Mon, Nov 11, 2019 at 3:43 PM Dan <dan@danboothlaw.com> wrote:
> Richard,
>
> All we are expected to propose today is a mediator, not a date. If you have no concerns about Ms. Ledo we will prepare a joint statement.
>
> The mediation is to be conducted by the close of discovery on May 4, 2020. We expect it to be more fruitful after discovery is produced and the record is more fully developed. Realistically we'll be looking at sometime next year.
>
> Regards,
>
> Dan Booth
> Dan Booth Law LLC
> 60 Thoreau Street #121
> Concord, MA 01742
> 646-573-6596
> dan@danboothlaw.com
>
>> On Nov 11, 2019, at 3:19 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:
>>
>> Hi Dan,
>>
>> I would suggest me have the mediation within the next 30 days. I will get back to you on the mediator. What day works with you and your client in November or early Dec? Thank you.
>>
>> On Mon, Nov 11, 2019 at 10:53 AM Dan <dan@danboothlaw.com> wrote:
>>> Richard,
>>>
>>> Pursuant to the scheduling order and the Court's notice, we are due to identify an agreed-upon mediator for the court by November 13. We propose Michele Ledo, who is on the Court's list of certified mediators. Her ADR site is http://synergy-resolutions.com. She was co-counsel with Chris on SMD v. eMove, which they took to trial before Judge Flanagan in 2014, and he recommends her highly. She would charge $300 per hour, and she is currently available most of 2020 before the close of discovery. A copy of my correspondence with her is attached. Please let me know today if you agree so we can prepare a joint statement. Thanks.
>>>
>>> Regards,
>>>
>>> Dan Booth
>>> Dan Booth Law LLC
>>> 60 Thoreau Street #121
>>> Concord, MA 01742
>>> 646-573-6596
>>> dan@danboothlaw.com
>>>
>>>
>>>> Begin forwarded message:
>>>>
>>>> **From:** Notice_NCED@nced.uscourts.gov
>>>> **Subject: Activity in Case 5:19-cv-00249-FL Bradley v. Analytical Grammar, Inc. Notice to Counsel - Selection of Mediator**
>>>> **Date:** October 23, 2019 at 5:26:57 PM EDT
>>>> **To:** Notice_NCED@nced.uscourts.gov
>>>>
>>>>
>>>> **This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
>>>> **\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
>>>>
>>>> U.S. District Court
>>>>
>>>> **EASTERN DISTRICT OF NORTH CAROLINA**

**Notice of Electronic Filing**

The following transaction was entered on 10/23/2019 at 5:26 PM EDT and filed on 10/23/2019
**Case Name:** Bradley v. Analytical Grammar, Inc.
**Case Number:** 5:19-cv-00249-FL
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**NOTICE TO COUNSEL - Pursuant to Local ADR Rule 101.1c(a), counsel is reminded that the parties must file a written statement identifying an agreed upon mediator within twenty one (21) days of the entry of the Scheduling Order. If a statement is not timely filed, the Clerk of Court will appoint a mediator from the list of court certified mediators. Selection of Mediator must be electronically filed on or before 11/13/2019. (Edwards, S.)**

**5:19-cv-00249-FL Notice has been electronically mailed to:**

Albert P. Allan    alallan@allaniplitigation.com

Christopher M. Thomas    christhomas@parkerpoe.com, kathythompson@parkerpoe.com, rosedarden@parkerpoe.com, tinarouth@parkerpoe.com

Seth L. Hudson    shudson@worldpatents.com, tbushdugar@worldpatents.com

Catherine R.L. Lawson    catherinelawson@parkerpoe.com, janatasims@parkerpoe.com, janetschmid@parkerpoe.com

Richard P. Liebowitz    RL@LiebowitzLawFirm.com

Dan G. Booth    dan@danboothlaw.com

**5:19-cv-00249-FL Notice has been delivered by other means to:**

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

******************************************************************

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and

> delete this message. Thank you.
>
> ******************************************************************
> --
> Best,
>
> Richard Liebowitz, Esq.
> Liebowitz Law Firm, PLLC
> t.516-233-1660
> RL@LiebowitzLawFirm.com
> www.LiebowitzLawFirm.com
>
>
> ******************************************************************
>
> This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
>
> ******************************************************************

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

******************************************************************